# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | EDCV 06-55-GW |
| Date | November 8, 2010 |
| Title | *United States of America et al v. J-M Manufacturing Company, Inc.* |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

IN PERSON:
Susan K. Stewart/Jonathan Handler
Elizabeth J. Sher/Mary A. Inman
Eric R. Havian/Brent Rushforth

BY TELEPHONE:
Adriana Sanchez/Joan C. Arneson
Clay Welch/David Schaifelbein

Attorneys Present for Defendants:

Charles L. Kreindler
Brian D. Daly
Kristina S. Azlin
Richard T. Williams
John L. Brownlee

**PROCEEDINGS:**   CALIFORNIA INTERVENORS' MOTION FOR COURT ORDER AUTHORIZING THE FILING OF THEIR COMPLAINTS-INTERVENTION UNDER F.R.C.P. 15(a) (filed 07/30/10)

COMMONWEALTH OF VIRGINIA'S MOTION FOR COURT ORDER AUTHORIZING THE FILING OF ITS COMPLAINT IN INTERVENTION UNDER F.R.C.P. 15(a) (filed 08/30/10)

STATE OF NEVADA'S MOTION FOR COURT ORDER AUTHORIZING THE FILING OF ITS COMPLAINT IN INTERVENTION UNDER F.R.C.P. 15(A) (filed 08/30/10)

CALIFORNIA INTERVENORS' MOTION FOR COURT ORDER AUTHORIZING THE FILING OF THEIR COMPLAINT IN INTERVENTION UNDER F.R.C.P. 15(a) (filed 08/31/10)

CITIES OF BRENTWOOD AND OCEANSIDE'S MOTION FOR AN ORDER PERMITTING THE CITIES OF BRENTWOOD AND OCEANSIDE TO INTERVENE (filed 09/20/10)

CITIES OF CHULA VISTA AND SANGER'S MOTION TO INTERVENE (filed 10/18/10)

SCHEDULING CONFERENCE

: 30

Initials of Preparer   JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   EDCV 06-55-GW                                                Date   November 8, 2010

Title   *United States of America et al v. J-M Manufacturing Company, Inc.*


The Court's tentative ruling is circulated and attached hereto. The Court hears oral argument on the above-entitled motions.

For reasons stated on the record, the above-entitled motions are **taken under submission.** A nonappearance status conference is set for November 18, 2010. Court to issue ruling.

The Court sets the following:

| | |
|---|---|
| Mediation cutoff | June 29, 2011 |
| Post-Mediation Status Conference | **June 30, 2011 at 8:30 a.m.** |
| Discovery cutoff | September 2, 2011 |
| Expert discovery cutoff | September 26, 2011 |
| Motion hearing cutoff | October 27, 2011 |
| Pretrial Conference | **November 28, 2011 at 8:30 a.m.** |
| Jury Trial | **December 6, 2011 at 9:00 a.m.** |

:   30

Initials of Preparer   JG

<u>*United States ex rel. Hendrix v. J-M Mfg. Co., Inc., et al.*</u>, Case No. ED-CV-06-0055
Ruling on Motions to File Complaints-in-Intervention

The parties return to Court after having filed further submissions (Docket Numbers 289, 296, 297, 304, 313 and 314) – none of which, other than appended charts, contain the materials that the Court asked for or explicitly permitted – concerning whether or not the Court should decline to exercise supplemental jurisdiction over the state law claims advanced in the numerous complaints-in-intervention filed in this action. Nevertheless, the defendants have persuasively demonstrated that the addition of the numerous state common law claims to this action would exponentially further complicate an already extremely onerous, burdensome and borderline-unwieldy litigation, with tremendous opportunity for confusion. Therefore, this Court will decline to exercise supplemental jurisdiction over any state law claims raised in this action or in the proposed complaints-in-intervention except for those state false act causes of action already alleged in plaintiff Hendrix's Second Amended Complaint.

While declining to exercise such supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) will lead to those claims being filed, as they normally would be, in state courts, if the intervenors are correct that there will be tremendous overlap between this case and their proposed complaints-in-intervention, they would have to explain why collateral estoppel or some other theory of preclusion would not greatly reduce the need to "re-litigate" matters in state court. The parties' agreement (or purported agreement) to "phase" this litigation through the use of "representative" or "bellwether" plaintiffs – as referenced in the intervenors' most recent submission on this issue (Docket No. 304 at 10:9-12) – only supports this conclusion. In addition, if the parties are concerned about needlessly duplicating discovery and litigation, it would make eminent sense for 1) the parties – or at least intervenors – to apply to the respective state courts for stays of their cases to allow this action to proceed and 2) the parties to agree that testimony taken in this action could be used for purposes of the state law claims, while not precluding additional discovery as needed to the extent relevant subjects are not covered by discovery taken in this matter. Furthermore, if the intervenors are incorrect about their assertion of tremendous overlap, then the cases truly are different and – while they still

might satisfy the "same transaction or occurrence" test(s) necessary to allow for supplemental jurisdiction in the first place – therefore, they belong as separate actions.

What started as a complicated *qui tam* matter based upon the federal False Claims Act and certain state law-equivalents threatens, given the complaints-in-intervention, to morph into a massive overwhelmingly state-law-based litigation. The tail would not simply be wagging the dog; it would be swinging it in circles, to dizzying effect.