RICHARD T. WILLIAMS (State Bar No. 52896)
richard.williams@hklaw.com
VINCE FARHAT (State Bar No. 183794)
Vince.farhat@hklaw.com
KRISTINA S. AZLIN (State Bar No. 235238)
Kristina.azlin@hklaw.com
FRANCO J. TENERELLI (State Bar No. 248437)
Franco.tenerelli@hklaw.com
HOLLAND & KNIGHT LLP
400 S. Hope St., 8th Floor
Los Angeles, California 90071-2040
Tel. (213) 896-2400
Fax: (213) 896-2450

Attorneys for Defendant Formosa Plastics Corporation, U.S.A.

(**APPEARANCES CONTINUED ON NEXT PAGE**)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA ex rel. JOHN HENDRIX,<br><br>                    Plaintiffs,<br><br>          v.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,<br><br>                    Defendants. | Case No. ED CV-06-00055-GW(PJWx)<br><br>Hon. George H. Wu<br><br>**PARTIES' JOINT SUBMISSION ON DEFENDANT FORMOSA PLASTICS CORPORATION, U.S.A.'S MOTION TO RE-SET THE HEARING DATE FOR ITS STATUTORY CONSTRUCTION MJOP/MSJ (DKT. NO. 646)**<br><br>Hearing Date: January 31, 2013<br>Time: 9:30 a.m.<br>Ctrm: 10 |

CATHERINE CORTEZ MASTO
Attorney General
SUSAN K. STEWART (State Bar No. 174985)
Deputy Attorney General
SStewart@ag.nv.gov
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-4173
Fax: (775) 684-1108

**Attorneys for State of Nevada**


CHARLES E. JAMES, JR.
Chief Deputy Attorney General of Virginia
KIVA BLAND PIERCE
Assistant Attorney General
KPierce@oag.state.va.us
OFFICE OF THE ATTORNEY GENERAL
COMMONWEALTH OF VIRGINIA
900 East Main Street
Richmond, Virginia 23219
Tel: (804) 225-3197
Fax: (804) 371-8718

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
131 Steuart Street, Suite 501
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar No. 45873)
brushforth@daypitney.com
DAY PITNEY LLP
1100 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 218-3900
Fax: (202) 218-3910

**Attorneys for Commonwealth of Virginia**

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

GARY K. KING
New Mexico Attorney General
SETH T. COHEN (State Bar No. 223716)
Assistant Attorney General
scohen@nmag.gov
P. O. Drawer 1508
Santa Fe, New Mexico 87504-1508
Tel: (505) 827-6087
Fax: (505) 827-4440

**Attorneys for the State of New Mexico**

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
131 Steuart Street, Suite 501
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar No. 45873)
brushforth@daypitney.com
DAY PITNEY LLP
1100 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 218-3900
Fax: (202) 218-3910

**Attorneys for Alameda County Water
District, City of Calexico, City of
Calistoga, Calleguas Municipal Water
District, Castaic Lake Water Agency,
City of Chino, Dublin San Ramon
Services District, City of Livermore, Los
Angeles Department of Water and Power,
Moulton Niguel Water District, North
Marin Water District, City of Oxnard,
Palmdale Water District, Paradise
Irrigation District, City of Pomona, City
of Ripon, City of Sacramento, City of San
Bernardino, City of San Buenaventura,
San Diego County, City of San Ramon,
City of Santa Cruz, City of Santa Maria,
Soquel Creek Water District, South
Tahoe Public Utility District, Spring
Valley Sanitation District, City of Vallejo,
and Town of Yountville**

3

JAMES B. GILPIN (State Bar No. 151466)
james.gilpin@bbklaw.com.
MELISSA W. WOO (State Bar No. 192056)
melissa.woo@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, CA 92101-3542
Tel: (619) 525-1300
Fax: (619) 233-6118

**Attorneys for City of Colton, City of
Corona, Elsinore Valley Municipal
Water District, Florin Resource
Conservation District, Helix Water
District, Padre Dam Municipal Water
District, Ramona Municipal Water
District, Rancho California Water
District, Sweetwater Authority, Valley
Center Municipal Water District, and
Western Municipal Water District**

JOAN C. ARNESON (State Bar No. 75721)
jarneson@bawg.com
BOWIE, ARNESON, WILES & GIANNONE
4920 Campus Drive
Newport Beach, CA 92660
Tel: (949) 851-1300
Fax: (969) 851-2014

**Attorneys for Irvine Ranch Water District**

JAN I. GOLDSMITH (State Bar No. 70988)
City Attorney
DONALD R. WORLEY (State Bar No. 48892)
Assistant City Attorney
R. CLAYTON WELCH (State Bar No. 147484)
Deputy City Attorney
cwelch@sandiego.gov
OFFICE OF THE CITY ATTORNEY
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Tel: (619) 533-5800
Fax: (619) 533-5856

**Attorneys for City of San Diego**

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

RICHARD DOYLE (State Bar No. 88625)
City Attorney
NORA FRIMANN (State Bar No. 93249)
Assistant City Attorney
MARGO LASKOWSKA (State Bar No. 187252)
Deputy City Attorney
cao.main@sanjoseca.gov
OFFICE OF THE CITY ATTORNEY
200 East Santa Clara Street
San Jose, California 95113-1905
Tel: (408) 535-1900
Fax: (408) 998-3131

**Attorneys for City of San Jose**


ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
131 Steuart Street, Suite 501
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar No. 45873)
brushforth@daypitney.com
DAY PITNEY LLP
1100 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 218-3900
Fax: (202) 218-3910

**Attorneys for City of Santa Rosa**


ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
131 Steuart Street, Suite 501
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

BRENT N. RUSHFORTH (State Bar No. 45873)
brushforth@daypitney.com
DAY PITNEY LLP
1100 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 218-3900
Fax: (202) 218-3910

**Attorneys for Qui Tam Plaintiff John Hendrix**

## JOINT SUBMISSION ON FPC-USA'S MJOP/MSJ

As directed by the Court on January 7, 2013, and pursuant to their January 8, 2013 Stipulation (Docket No. 745), the parties hereby jointly submit their positions regarding Formosa Plastics Corporation U.S.A.'s ("FPC-USA") motion to re-set for hearing its Motion for Judgment on the Pleadings or, Alternatively, for Summary Judgment or Adjudication on Counts III, X, XII, and XVI of the Fifth Amended Complaint (Docket No. 646) ("FPC-USA's MJOP/MSJ"):

1

## <u>TABLE OF CONTENTS</u>

2

**Page**

3   I.   FPC-USA'S ARGUMENT .................................................................. 1

4   A.   The Basis For Plaintiffs' Request That The Court Defer
          Ruling On The MJOP/MSJ Is Now Demonstrably False .................... 1

5

6   B.   FPC-USA Has Been Unfairly Prejudiced .......................................... 2

    C.   The Court Should Decide the MJOP/MSJ Now .................................. 3

7

8   II.  PLAINTIFFS' ARGUMENT ........................................................... 5

9   A.   FPC Already Lost the Substantive Claim It Seeks to
          Reargue .................................................................................. 5

10  B.   FPC's Claim Does Not Warrant Reconsideration .............................. 6

11       1.   FPC Misrepresents Plaintiffs' Earlier Arguments .................... 7

12       2.   FPC Misrepresents the Conduct of Discovery .......................... 8

13  C.   FPC's Claims of Efficiency Are Irrelevant and Erroneous ................ 9

14  III. FPC-USA'S REPLY ..................................................................... 10

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  I.  **FPC-USA'S ARGUMENT**

2  A.  **The Basis For Plaintiffs' Request That The Court Defer Ruling On**

3  **The MJOP/MSJ Is Now Demonstrably False**

4  The only remaining claims in this action against FPC-USA are based on the

5  "Inadvertent Submission"/"Subsequent Discovery" ("I/S") provisions of the

6  California, Tennessee, Nevada, and Massachusetts FCAs. But, as set forth in FPC-

7  USA's MJOP/MSJ, these provisions impose liability only against claim **submitters**

8  who discover the falsity of a claim previously submitted and who fail to report,

9  within a reasonable time after discovery, the "falsity" of their claim. The purpose of

10  these provisions is to address negligent (*i.e.*, "inadvertent") submitters who might

11  otherwise escape liability because they did not have the necessary scienter at the time

12  of their submission. But a third party like FPC-USA that did not directly participate

13  in the submission of the false claim, cannot be held liable under the I/S provisions.

14  It is undisputed that FPC-USA never **submitted** *any* claims -- negligently or

15  otherwise -- to *any* of the Real Parties or Intervenors related to the pipe at issue.[1]

16  Whether FPC-USA is a proper I/S defendant can and should be decided now as a

17  matter of law.

18  Rather than oppose FPC-USA's MJOP/MSJ on its merits, Plaintiffs convinced

19  the Court to defer ruling until after the Phase One trial (Docket No. 672). But this

20  scheduling order has been overtaken by events. When this scheduling order was

21  entered, Plaintiffs proposed a March 4, 2012 Phase One trial date and argued that the

22  MJOP/MSJ either would be mooted (because Plaintiffs failed to prevail in the Phase

23  One trial, ending this case) or would be ripe for decision (because the case was

24  proceeding to Phase Two). Plaintiffs successfully argued that the cost of responding

25  to the MJOP/MSJ in Phase One outweighed any benefit of deciding the motion in

26  Phase One because Phase One did not concern the I/S claims against FPC-USA.

27
_____

[1] Indeed, this Court has already held that, despite having had four complaints and five
28  years to do so, Plaintiffs could not sufficiently allege FPC-USA's participation in the
submission of the claims at issue in this action.

But discovery has become more extensive and expensive for FPC-USA, involving production and review of millions of documents, the taking of over 20 fact depositions, and the anticipated taking of 30-50 more days of depositions -- not counting expert discovery that is yet to commence. FPC-USA has actively participated in Phase One discovery and must continue to actively participate in Phase One discovery and trial because the Phase One issues of "falsity" and "materiality" are predicates for I/S liability and directly affect FPC-USA's interests. Contrary to Plaintiffs' argument, FPC-USA is not a disinterested bystander in Phase One, and the facts bear this out. Therefore, the basis for Plaintiffs' argument is now demonstrably false.

### B.    FPC-USA Has Been Unfairly Prejudiced

The current schedule unfairly prejudices FPC-USA by forcing it to participate at far greater expense than was contemplated when the scheduling order was entered, without a decision as to whether it is even a proper defendant, and requiring it to do so without knowing the standards applicable to the claims or the extent of its potential liability. Addressing this purely legal motion now does not adversely prejudice any party. It is a motion that was filed months ago, is based on a proper statutory construction of the I/S provisions, and raises purely legal issues that can be decided as a matter of law. Accordingly, the Court can and should decide the MJOP/MSJ now. Moreover, even if it is not granted, the Court's adjudication of the MJOP/MSJ will provide FPC-USA -- and the Parties -- with information necessary to move this unchartered legal theory toward a resolution.[2]

Absent a ruling from this Court on the MJOP/MSJ, FPC-USA cannot assess its

---

[2] Clarity regarding FPC-USA's presence in the case and the specific standards applicable to the I/S claims will significantly improve all parties' ability to assess the settlement value of this matter and increase the likelihood of a resolution in the upcoming mediation; conversely, without guidance from this Court on Plaintiffs' unprecedented theory of I/S liability, none of the Parties--especially FPC-USA--can realistically assess the real value or size of this case or to otherwise plan for an orderly trial. This continued uncertainty will only further prolong efforts to move this case towards a resolution -- hurting FPC-USA and taxing the Court's resources.

position, cannot engage in thoughtful settlement negotiations in the court-ordered mediation, cannot properly prepare for trial, and must expend tremendous resources defending itself in a case in which we argue, it should not even be a party. This situation also complicates Phase One hearings, motions, briefing and trial, is not an efficient use of scarce judicial resources, reduces the likelihood of settlement in the upcoming mediation, and makes the Phase One trial more difficult, further complicating the work of this Court. It is time for a fresh look at the scheduling of a ruling on this dispositive motion, which will streamline future proceedings.

In response to the MJOP/MSJ, Plaintiffs argued that the cost of opposing the motion would exceed the benefit to FPC-USA of a ruling on the motion before the Phase One trial because Phase One did not involve FPC-USA. But predicate issues for liability under the I/S claims will be decided in Phase One, and these issues directly impact FPC-USA, which has prepared for and participated in every deposition and will continue to do so in order to protect its interests. Timing of decision on the MJOP/MSJ is a scheduling matter that can be revisited.[3] The MJOP/MSJ presents a pure question of law that fully disposes of all claims against FPC-USA. It can and should be adjudicated now. The interests of fundamental fairness and judicial economy all weigh heavily in favor of re-setting the hearing now -- rather than after an exhaustive and expensive Phase One trial.

## C.    The Court Should Decide the MJOP/MSJ Now

As Congress and the U.S. Supreme Court have mandated, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see

---

[3] In bifurcating, the Court was clear that Defendants were not to be prevented from bringing "strategic and tactical" motions challenging Plaintiffs' case. Transcript of 09/01/11 Hearing Re: Issues to be Resolved in the Liability Phase, at 8:24-9:14 ("THE COURT: "Wait, stop. I don't think that [Plaintiffs' bifurcation] proposal in this regard precludes the defense from engaging in, I guess, strategic and tactical summary adjudication, summary judgment motions. I don't think you're precluded in that regard."); *see also* Transcript of 04/05/12 Hearing Re: Materiality, at 12:17-21 ("THE COURT: Well, but I agree with the defense in the sense that they also want to be able to -- I presume they plan to make pretrial motions, dispositive pretrial motions. I presume you're going to do that. MR. CHAN: We do, Your Honor.")

1   whether there is a genuine need for trial."[4] Where, as here, the issue to be adjudicated

2   is one of statutory construction, "in which legislative policy and history are the most

3   important concerns," prompt summary judgment is the "*favored*" procedure. *Watts*

4   *Health Found., Inc. v. Belshe*, 1997 WL 33632329 (C.D. Cal. Aug. 15, 1997). This is

5   especially true in the context of a phased or bifurcated trial, where the motion raises

6   only legal questions,[5] addresses an important issue, and will assist in clarifying and

7   streamlining the relevant issues moving forward.[6]

8        Resolution of the issue presented by the MJOP/MSJ will significantly impact

9   Phase One. If granted, FPC-USA's MJOP/MSJ will remove FPC-USA as a party

10   from this action *completely*; its involvement in Phase One (and any subsequent

11   phases) will be as a witness only.[7] By forcing FPC-USA to defend, but effectively

12   forbidding a challenge to Plaintiff's I/S theory, the current schedule unfairly

13   prejudices FPC-USA by requiring it to incur the time, burden, and necessary costs of

14   this defense, but waiting until *after* Phase One to challenge the only legal theory

15   being brought against it. The interests of fundamental fairness, sound judicial policy,

16   and conservation of this Court's resources all weigh heavily in favor of adjudicating

17   the MSJ/MJOP now -- not after an exhaustive and expensive Phase One trial.

18

19

20   _____

   [4] Advisory Committee Note to 1963 Amendment of FRCP 56(e), 28 U.S.C. App., p.
21   626; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

   [5] The fact that FPC's MJOP/MSJ addresses only questions of law is not in dispute.
22   *See* Plaintiffs' Submission re: Timing, Docket No. 667, Pg. 12: (conceding that FPC's
   MSJ/MSOP "depends entirely on issues of statutory construction.")

23   [6] *See e.g.*, *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1008 (9th Cir.
   2008) ("It would defeat the purpose of a bellwether trial and only deter settlement
24   longer to refrain from deciding this purely legal issue at the earliest possible stage.")

   [7] Moreover, even if not wholly granted, the MSJ/MJOP would resolve important
25   legal issues, narrow the Parties' presentation of evidence at Phase One and decide
   other issues that would otherwise have to be adjudicated in this case. For example,
26   the Court's decision on the MSJ/MJOP would define or moot additional motions by
   Defendants moving forward: for example, the constitutionality of the I/S provisions
27   (if applied to non-submitters). And, decisions on the MSJ/MJOP will impact motions
   *in limine* brought before the Phase One trial: for instance, what Plaintiffs are allowed
28   to say to the Phase One jury about the facts and/or claims that pertain to FPC-USA.

## II.   PLAINTIFFS' ARGUMENT

FPC's argument fails for three reasons.  First, it is predicated on the fiction that FPC has been denied consideration of its defense to Plaintiffs' inadvertent beneficiary ("IB") claims when, in fact, FPC has briefed this issue at least three times and the Court has clearly rejected it.  Second, although FPC ignores it, this is a motion for reconsideration, and FPC cannot possibly meet that exacting standard. Third, FPC's claim that resolution of this issue would have salutary effects on Phase One is both legally irrelevant and flatly untrue.  FPC has made these same arguments multiple times; it lost, and nothing has changed since the Court previously refused to reconsider them.  The Court should deny this attempt as well.

### A.   FPC Already Lost the Substantive Claim It Seeks to Reargue

FPC's argument is based on the false premise that it is being denied substantive consideration of its defense to Plaintiffs' IB claims.  In fact, FPC has presented the same substantive argument to the Court at least *three* times, and the Court has already rejected it.  FPC's current motion argues that "a third party like FPC-USA that did not directly participate in the submission of the false claim, cannot be held liable under the I/S provisions." (Joint Sub. at 1.)  In FPC's briefs, filed in 2010 in support of its motion to dismiss the Second Amended Complaint, FPC made precisely the same argument.  Under the heading "Liability Applies Only To Direct Beneficiaries Who Submit Or Cause To Be Submitted A False Claim," FPC claimed:  "Because the SAC does not allege that FPC-USA submitted false claims or received payment directly from any Real Party, it fails to establish that FPC-USA was a 'beneficiary.'" (*See* FPC's Mot. to Dism. Second Am. Compl. [Dkt. 183] at 23-26; *see also* FPC's Reply [Dkt. 222] at 13-14.)  In ruling on FPC's motion, the Court stated that it would "summarily reject FPC's argument that it cannot be seen as a 'beneficiary.'" (9/2/10 Tentative Ruling [Dkt. 258-1] at 25 n.22.)  In July 2011, FPC made the same argument in support of its motion to

dismiss the Fourth Amended Complaint.  ([Dkt. 423-1] at 21-24.)  Again, it was unsuccessful.

Then, in November 2011, FPC itself proposed that the elements of its IB liability "will be reserved for a subsequent phase trial, except for the elements of Falsity and Materiality . . . which are to be tried in the first phase." ([Dkt. 507], Ex. A at 3:1-3.)  The Court adopted the language in its Order.  ([Dkt. 551] at 2:18-19.)

Nonetheless, in May 2012, FPC recast the identical arguments rejected at the Rule 12(b)(6) stage as a motion for Summary Judgment, Summary Adjudication, and/or Judgment on the Pleadings ("MSJ/JOP").  At the hearing on this issue, in response to FPC's urging that the Court re-address the MSJ/JOP arguments, the Court stated clearly:  "No.  I'm not going to do construction of state statutes unless it results in some sort of jurisdictional bar.  So the answer would be No."  (7/9/12 Hrg. Tr. 34:25-35:2.)  The Court explicitly noted in its subsequent Civil Minutes that the MSJ/JOP was "vacated and **taken-off calendar** and will be reset, if necessary after phase one of trial."  ([Dkt. 672] at 1-2; emphasis in original.)

Contrary to what FPC says, the Court has given its substantive argument multiple fair hearings.  There is no justification for relitigating this settled issue.

### B.    FPC's Claim Does Not Warrant Reconsideration

Despite its protestations otherwise, FPC is not asking the Court to "re-set" a live motion for hearing, but rather asks that this Court reconsider both its July 9, 2012 decision and a key provision of the Bifurcation Order.  Local Rule 7-18 provides that a motion for reconsideration may be made *only* on grounds of material difference in fact or law from that presented to the Court, emergence of new material facts or change in law, or a manifest showing of failure to consider material facts previously presented to the Court.  *See* C.D. Cal. Local R. 7-18; *Quevedo v. Macy's, Inc.*, 2011 U.S. Dist. LEXIS 151464, at *3 (C.D. Cal. Oct. 31, 2011) ("Motions for reconsideration are governed by both the Local Rules of the Central District and by the Federal Rules of Civil Procedure."); *see also Karoun Dairies, Inc. v. Karlacti,*

*Inc.*, 2013 U.S. Dist. LEXIS 1605, at *13-14 (S.D. Cal. Jan. 4, 2013) ("A motion [for reconsideration] is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within 28 days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.").  FPC notably fails even to address the threshold issue of how its motion comports with the requirements of the Federal and Local Rules, but appears to implicitly suggest that the cost of discovery constitutes a new material fact.  However, in articulating even this flimsy argument, FPC is forced to misrepresent both the basis for the Court's July 9 decision and the conduct of discovery since.

### 1.   FPC Misrepresents Plaintiffs' Earlier Arguments

FPC claims that "Plaintiffs successfully argued that the cost of responding to the MJOP/MSJ in Phase One outweighed any benefit of deciding the motion in Phase One." (Joint Sub. at 1.)  This is untrue.  Plaintiffs made two arguments in resisting consideration of FPC's IB defense in Phase One, and FPC's current motion acknowledges neither. (*See* Pls.' Sub. Re: Timing ("Timing Brief"), Declaration of Jonathan I. Handler ("Handler Decl."), Ex. A at 12-15.)

Plaintiffs first noted that, as a result of ***FPC's own advocacy,*** the Court's Bifurcation Order reserved adjudication of FPC's IB liability "for a subsequent phase."  (Bifurcation Order [Dkt. 551] at 2:18-19; *see also* FPC's Prop. Order Re: Bifurcation [Dkt. 507], Ex. A at 3:1-3.)  Plaintiffs argued that, therefore, "resolution of FPC's motion will not have any effect on the structure or substantive issues to be resolved at trial." (Timing Brief, Ex. A at 12:17-18.)  Plaintiffs then argued that FPC had already presented the same arguments to the Court in its motions to dismiss and received an adverse ruling.  (*Id.* at 13:5-15:9.)  The Court's ruling thus constituted law of the case, and FPC's desire to make substantively identical arguments in a re-organized fashion did not justify departure from this doctrine. FPC does not address law of the case in its newest motion, yet the doctrine remains fatal:  absent circumstances not present here, "a court will not reexamine an issue

1   previously decided by the same or higher court in the same case." *Lucas Auto*

2   *Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001).

3           *2.*      **FPC Misrepresents the Conduct of Discovery**

4         FPC complains that the sheer cost of the Phase One trial justifies

5   reconsideration of the Court's refusal to reconsider its IB argument in Phase One.

6   (Joint Sub. at 2.)  FPC made the same argument in its Timing Brief (*see* [Dkt. 666] at

7   10:8-16) (dismissal would relieve FPC "of the cost and burden of FPC-USA's

8   continued participation in this action (including its participation in burdensome

9   discovery…)"), and it certainly cannot make the "manifest showing" of the Court's

10  failure to consider the argument that would entitle it to reconsideration.  *See* C.D.

11  Cal. Local R. 7-18.

12        Unable to obtain reconsideration by simply repeating earlier arguments, FPC

13  incorrectly suggests that discovery has drastically and unexpectedly expanded since

14  July 9, 2012, thereby prejudicing it.  (Joint Sub. at 2.)  In fact, the Court set a May 7,

15  2013 trial date at the same hearing at which it refused to consider FPC's motion,

16  ([Dkt. 672] at 2), and, while the discovery deadlines have been (and will be) slightly

17  adjusted and the trial date has moved modestly, this is hardly a drastic change or one

18  that was unforeseeable in July 2012 when the Court deferred FPC's motion to Phase

19  Two.  Nothing has transpired during the six short months since the Court's July

20  ruling that could not have been anticipated at the time.  FPC chooses to participate in

21  Phase One because such participation is, and has always been, in FPC's plain interest.

22  FPC recognizes that, as Plaintiffs argued in their Timing Brief, "[i]f Plaintiffs are

23  unsuccessful in the Phase One trial, the Court will never need to address FPC's

24  motion."  (Handler Decl., Ex. A, at 12:23-24.) [8]  Having made these strategic choices,

25  FPC cannot plausibly characterize their natural consequences as prejudicial or

---

26  [8] Similarly, the Court chose quite sensibly, **at FPC's urging**, to structure Phase One

27  to address issues of general applicability with the potential to conclusively resolve
the entire litigation before considering novel issues of legal interpretation that apply

28  to only one party.

1   unexpected.

2       **C.    FPC's Claims of Efficiency Are Irrelevant and Erroneous**

3       FPC repeatedly makes vague, unsupported assertions that its ability to "assess

4   its position . . . engage in thoughtful settlement negotiations . . .[and] prepare for

5   trial" is compromised by the Court's current orders.  (Joint Sub. at 2-3.)  This

6   argument would fail as a basis for reconsideration even if it were factually accurate,

7   which it is not.  FPC complains that it cannot engage in "thoughtful" settlement

8   negotiations unless its IB liability is determined; this is nonsense.  The fact that FPC

9   claims that it has a valid defense no more precludes good faith settlement

10   negotiations than does the fact that J-M claims it has a valid defense.  Moreover,

11   because this Court has already rejected FPC's IB argument, FPC can hardly claim an

12   inability to assess its likelihood of success with this defense.

13       FPC also argues that the Phase One process would be streamlined if its motion

14   were immediately resolved.  (Joint Sub. at 3.)  This claim is fanciful; resolution of

15   FPC's motion will not have any effect on the structure or substantive issues to be

16   resolved at the Phase One trial, nor would the nature of the proof and elements of

17   Plaintiffs' claims against J-M change regardless of how or when FPC's motion is

18   resolved.  FPC does not attempt to show otherwise.

19       FPC has already argued and lost this motion, and the parties and Court are

20   invested in carrying out a timely Phase One trial.  It is in no one's interest to halt the

21   process of this case now to reargue motions that have already been resolved.

22

23

24

25

26

27

28

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

### III.   FPC-USA'S REPLY

The three arguments advanced in Plaintiffs' opposition are patently false:

- First, this Court has not substantively addressed the issues set forth in the MJOP/MSJ. The motions cited by Plaintiffs were based on Plaintiffs' failure to *plead* sufficient facts that FPC-USA was a "beneficiary" of false claims (Dkts. 317, 478) -- *and not* whether the I/S statutes, *as a matter of law*, apply to those who did not submit a claim.[9]

- Second, this is not a motion for reconsideration -- this Court is not being asked to reconsider its adjudication of a prior issue on the merits. Moreover, the law of the case doctrine does not apply to this Court's *own orders*.[10] Discovery and motion schedules necessarily change[11] -- and have several times in this case.

- Third, adjudication of this fundamental issue now will drastically impact Phase One trial by removing FPC-USA as a party in this action and clarifying the issues going forward. The decision to defer ruling on the MJOP/MSJ was based on a weighing of the costs and benefits of decision *at that time*, and have since changed.

When the Court deferred ruling, it was based on an expectation that the MJOP/MSJ would be heard this spring, limiting the time FPC-USA: would be held in limbo; would need to participate in discovery and trial; and would be prohibited from challenging Plaintiffs' unsupported theory. These changed circumstances, combined with issues of fundamental fairness and judicial economy, all favor ruling on the MJOP/MSJ now. Plaintiffs' resistance in confronting this fundamental issue is telling.

---

[9] As acknowledged by Plaintiffs, this Court clearly recognized that distinction by deferring adjudication of the MJOP/MSJ until after Phase One. (Joint Sub. at 6: 13-15: noting that the MJOP/MSJ was "vacated and **taken-off calendar** and will be reset, if necessary after phase one of trial.").

[10] *See e.g., U.S. v. Smith*, 389 F.3d 944 (9th Cir. 2004) ("The law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction."); *Washington v. Garcia*, 977 F. Supp. 1067, 1069 (S.D. Cal. 1997) ("denial of a motion…is an interlocutory order, [and] the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.")

[11] *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002)(a "decision to modify a scheduling order is within the broad discretion of the district court").

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

| 1 | DATED:  January 25, 2013 | By: _Richard T. William_____ |

2   RICHARD T. WILLIAMS
    Richard.williams@hklaw.com
3   VINCE FARHAT (State Bar No. 183794)
    Vince.farhat@hklaw.com
4   KRISTINA S. AZLIN (State Bar No. 235238)
    Kristina.azlin@hklaw.com
5
    HOLLAND & KNIGHT LLP
6   400 S. Hope St., 8th Floor
    Los Angeles, CA 90071-2040
7   Tel: (213) 896-2400
    Fax: (213) 896-2450
8

9

10  **Attorneys for Defendant Formosa Plastics
    Corporation, U.S.A.**
11

12

13  DATED:  January 25, 2013   By: _____

14  ELIZABETH J. SHER (Admitted Pro Hac
    Vice)
15  esher@daypitney.com
    DAY PITNEY LLP
16  1 Jefferson Road
    Parsippany, New Jersey 07054
17  Tel: (973) 966-6300
    Fax: (973) 966-1015
18

19

20  ERIC R. HAVIAN (State Bar No. 102295)
    erh@pcsf.com
21  MARY A. INMAN (State Bar No. 176059)
    mai@pcsf.com
22  HARRY P. LITMAN (State Bar No. 127202)
    hlitman@litman-law.com
23  JESSICA T. MOORE (State Bar No. 183431)
    jtm@pcsf.com
24  PHILLIPS & COHEN LLP
    100 The Embarcadero, Suite 300
25  San Francisco, California 94105
    Tel: (415) 836-9000
26  Fax: (415) 836-9001
27

28

1   MJOP/MSJ now. Plaintiffs' resistance in confronting this fundamental issue is telling.

2   DATED:  January 25, 2013              By: _____

3                                         RICHARD T. WILLIAMS
4                                         Richard.williams@hklaw.com
                                          VINCE FARHAT (State Bar No. 183794)
5                                         Vince.farhat@hklaw.com
                                          KRISTINA S. AZLIN (State Bar No. 235238)
6                                         Kristina.azlin@hklaw.com
7                                         HOLLAND & KNIGHT LLP
                                          400 S. Hope St., 8th Floor
8                                         Los Angeles, CA 90071-2040
9                                         Tel: (213) 896-2400
                                          Fax: (213) 896-2450
10

11                                        **Attorneys for Defendant Formosa Plastics**
12                                        **Corporation, U.S.A.**

13

14   DATED:  January 25, 2013              By: _Elizabeth J. Sher (by JTM)_

15                                         ELIZABETH J. SHER (Admitted Pro Hac
16                                         Vice)
                                           esher@daypitney.com
17                                         DAY PITNEY LLP
18                                         1 Jefferson Road
                                           Parsippany, New Jersey 07054
19                                         Tel: (973) 966-6300
20                                         Fax: (973) 966-1015

21                                         ERIC R. HAVIAN (State Bar No. 102295)
22                                         erh@pcsf.com
                                           MARY A. INMAN (State Bar No. 176059)
23                                         mai@pcsf.com
24                                         HARRY P. LITMAN (State Bar No. 127202)
                                           hlitman@litman-law.com
25                                         JESSICA T. MOORE (State Bar No. 183431)
26                                         jtm@pcsf.com
                                           PHILLIPS & COHEN LLP
27                                         100 The Embarcadero, Suite 300
28                                         San Francisco, California 94105

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

1

Tel: (415) 836-9000
Fax: (415) 836-9001

2

3

**Attorneys for Alameda County Water
District, City of Calexico, City of Calistoga,
Calleguas Municipal Water District,
Castaic Lake Water Agency, City of Chino,
Dublin San Ramon Services District, City
of Livermore, Moulton Niguel Water
District, North Marin Water District, City
of Oxnard, Palmdale Water District,
Paradise Irrigation District, City of
Pomona, City of Ripon, City of
Sacramento, City of San Bernardino, City
of San Buenaventura, San Diego County,
City of San Ramon, City of Santa Cruz,
City of Santa Maria, Soquel Creek Water
District, South Tahoe Public Utility
District, Spring Valley Sanitation District,
City of Vallejo, and Town of Yountville**

4

5

6

7

8

9

10

11

12

13

14

15

DATED:  January 25, 2013

By:

16

17

JAMES B. GILPIN (State Bar No. 151466)
james.gilpin@bbklaw.com.
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, California 92101-3542
Tel: (619) 525-1300
Fax: (619) 233-6118

18

19

20

21

22

**Attorneys for City of Colton, City of
Corona, Elsinore Valley Municipal Water
District, Florin Resource Conservation
District, Helix Water District, Padre Dam
Municipal Water District, Ramona
Municipal Water District, Rancho
California Water District, Sweetwater
Authority, Valley Center Municipal Water
District, and Western Municipal Water
District**

23

24

25

26

27

28

12

1

2

3   DATED:  January 25, 2013          By: _____

4                                      JOAN C. ARNESON (State Bar No. 75721)

5                                      jarneson@bawg.com
                                       BOWIE, ARNESON, WILES & GIANNONE
6                                      4920 Campus Drive

7                                      Newport Beach, California 92660
                                       Tel: (949) 851-1300
8                                      Fax: (969) 851-2014

9                                      **Attorneys for Irvine Ranch Water District**

10

11  DATED:  January 25, 2013          By: _____

12

13                                     JAN I. GOLDSMITH (State Bar No. 70988)
                                       City Attorney
14                                     DONALD R. WORLEY (State Bar No.

15                                     48892)
                                       Assistant City Attorney
16                                     R. CLAYTON WELCH (State Bar No.

17                                     147484)
                                       Deputy City Attorney
18                                     cwelch@sandiego.gov

19                                     OFFICE OF THE CITY ATTORNEY
                                       1200 Third Avenue, Suite 1100
20                                     San Diego, California 92101-4100

21                                     Tel: (619) 533-5800
                                       Fax: (619) 533-5856
22

23                                     **Attorneys for City of San Diego**

24

25  DATED:  January 25, 2013          By: _____

26                                     RICHARD DOYLE (State Bar No. 88625)

27                                     City Attorney
                                       NORA FRIMANN (State Bar No. 93249)
28                                     Assistant City Attorney

---

13

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

| | |
|---|---|
| 1 | MARGO LASKOWSKA (State Bar No. 187252) |
| 2 | Deputy City Attorney |
| 3 | cao.main@sanjoseca.gov |
| | OFFICE OF THE CITY ATTORNEY |
| 4 | 200 East Santa Clara Street |
| 5 | San Jose, California 95113-1905 |
| | Tel: (408) 535-1900 |
| 6 | Fax: (408) 998-3131 |
| 7 | |
| | **Attorneys for City of San Jose** |
| 8 | |

9

DATED:  January 25, 2013          By: _Elizabeth J. Sher (by JTH)_

10

11  ELIZABETH J. SHER (Admitted Pro Hac Vice)
12  esher@daypitney.com
    DAY PITNEY LLP
13  1 Jefferson Road
14  Parsippany, New Jersey 07054
    Tel: (973) 966-6300
15  Fax: (973) 966-1015
16

17  ERIC R. HAVIAN (State Bar No. 102295)
    erh@pcsf.com
18  MARY A. INMAN (State Bar No. 176059)
    mai@pcsf.com
19  JESSICA T. MOORE (State Bar No. 183431)
20  jtm@pcsf.com
    PHILLIPS & COHEN LLP
21  100 The Embarcadero, Suite 300
22  San Francisco, California 94105
    Tel: (415) 836-9000
23  Fax: (415) 836-9001
24

25  **Attorneys for City of Santa Rosa**

26

27  DATED:  January 25, 2013          By: _Elizabeth J. Sher (by JTH)_

28

JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ

ELIZABETH J. SHER (Admitted Pro Hac
Vice)
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 966-1015

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar. No.
45837)
brushforth@mckoolsmith.com
McKOOL SMITH HENNIGAN P.C.
1999 K. Street, N.W., Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344

**Attorneys for Qui Tam Plaintiff John
Hendrix**

#12182884_v1 JOINT SUBMISSION ON FPC-USA'S STATUTORY CONSTRUCTION MJOP/MSJ