HOLLAND & KNIGHT LLP
　Richard T. Williams (State Bar No. 52896)
　Vince Farhat (State Bar No. 183794)
　Kristina S. Azlin (State Bar No. 235238)
400 South Hope Street, 8th Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450
Email: richard.williams@hklaw.com,
Email: vince.farhat@hklaw.com,
Email: kristina.azlin@hklaw.com,

Attorneys for Defendant
Formosa Plastics Corporation, U.S.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA *ex rel.* JOHN HENDRIX,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,<br><br>　　　　　Defendants. | CASE NO. ED CV06-00055-GW(PJWx)<br>Assigned to Hon. George H. Wu<br><br>**DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE**<br><br>Trial:<br>Requested Date:<br>Time:　　　　8:30 a.m.<br>Location:　　Courtroom 10 |

1

**DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE**

I, Hon. Edward A. Infante (Ret.), hereby declare as follows:

1. I served as the mediator regarding the claims in this action concerning Formosa Plastics Corporation, U.S.A. ("FPC-USA"). I submit this declaration at the joint request of the Plaintiffs and defendant FPC-USA, who seek entry of a final approval order of their qui tam False Claims Acts settlement. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and I am competent to testify thereto in a court of law.

2. All of the Parties who were represented during the mediation process or who participated in the negotiations executed a Confidentiality Agreement indicating that the mediation process was to be considered a settlement negotiation for the purpose of all state and federal rules protecting disclosures made during such process from later discovery and/or used in evidence. The Parties further agreed that the Confidentiality Agreement extends to all present and future civil, judicial, quasti-judicial, arbitral, administrative or other proceedings. Nothing in my declaration divulges any privileged information. Further, the filing of this declaration does not constitute the waiver of any such confidentiality.

3. From 1972 to 1986, I served as Magistrate Judge of the United States District Court for the Southern District of California; from 1990 to 2001, I served as Chief Magistrate Judge of the United States District Court for the Northern District of California.

4. Since retiring from the bench, I have been a full-time mediator. For the past twelve years, I have presided over the mediation of countless disputes, including some of the most complex multi-party disputes in the United States. For example, I have mediated *In re McKesson HBOC, Inc. Securities Litigation,* settled for $960 million, one of the largest securities fraud class settlements ever reported, among dozens of class action settlements including patent infringement disputes, patent licensing, copyright licensing, antitrust price fixing, securities class actions involving more than 100 stock-exchange listed companies. With respect to the False Claims

2

DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE

Acts, I have mediated several False Claims Act cases including, *United States of America, ex rel. Mary Hendow v. University of Phoenix,* settled for $78.1 million and *State of California ex rel. Hunter Laboratories v. Quest Diagnostics, et al.,* settled for $300 million. . Many of these cases involve complex fact patterns and legal issues and hundreds of millions (or more) of dollars in claimed damages. They often include numerous plaintiffs and their counsel, as well as numerous defendants and defense counsel.

5. I set forth my background as a mediator to provide context for the comments that follow and to demonstrate that my perspective on the settlement of these matters is rooted in significant experience in the resolution of complex litigation. As described below, this action presented complicated legal, factual and practical issues.

6. In early April 2013, my office was initially contacted by counsel for Plaintiffs, who were organizing a mediation in this action

7. In the weeks which followed, I worked with the negotiating parties to establish a procedure for the mediation and for the submission and exchange of lengthy mediation briefs and exhibits on May 22, 2013. These submissions included thorough analyses of the claims, defenses, and the current status of the proceedings. In confidential submissions for the Mediator's Eyes Only, and in separate caucuses and telephone calls, the parties provided additional candid assessments of their cases and their settlement positions. The parties' positions reflected highly disparate views about the claims and liability asserted against FPC-USA and its defenses thereto.

8. The initial mediation session in this case occurred on May 29, 2013, at our JAMS Los Angeles Resolution Center. Representatives and counsel for FPC-USA, the Plaintiffs, and for J-M, attended the mediation, which lasted the entire day. I held private caucuses with each of the parties that day.

9. Between May 29 and July 16, 2013, I had numerous lengthy telephone and other communications separately with counsel for Plaintiffs and FPC-USA,

DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT MOTION
FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE

communicating their respective settlement positions and commenting upon them. I discussed with each side in some detail the complexity of the issues, the serious litigation risks in the absence of settlement, and helped the parties to narrow their differences.

10. There were several occasions during the negotiation process where the parties appeared to have reached an impasse,

11. The negotiations culminated in a Mediator's Proposal of $22,500,000 for a settlement payment agreed upon July 16, and, after further negotiations - and impasse- I made a Mediator's Proposal of $5,500,000 for Plaintiffs' Attorneys Fees and Costs; this was accepted by counsel for Plaintiffs and FPC-USA on August 5. Both Mediator's Proposals were in a range that I believed reasonably reflected the parties' factual, legal and financial positions, and also took into consideration the risks and costs of protracted litigation.

12. The parties thereafter negotiated directly with one another to document in a written Settlement Agreement the details and procedures for settlement.

13. In light of the sophisticated factual, legal and financial issues involved and the significant time to litigate and negotiate this resolution, I view the settlement in large part as a testament to the abilities and efforts of sophisticated and professional teams of counsel who were fully prepared and well-informed on the law and facts of this case. I can state that each monetary settlement term represents a heavily negotiated and arm's length compromise of disputed claims among experienced and able counsel.

14. Based on my experience as a mediator, and my specific experience overseeing the complicated negotiation process in this case, I believe that the total recovery proposed for the Plaintiffs through the settlement is fair, reasonable, and adequate. This Court, of course, will make its own determination as to the "fairness" of the settlement under applicable legal standards. From a mediator's perspective, however, I can say that it represents meaningful consideration flowing to the

4

DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE

Plaintiffs, with due recognition of the complexity of the facts and legal contentions at issue, the risks presented to both sides, and the threat and expense of continued protracted litigation and possible appeals. As such, I unreservedly and respectfully recommend that this settlement be approved by the Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.

Executed this 16 day of Oct, 2013 at San Francisco, California.

_____
Edward A. Infante

#26084414_v1

DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 S. Hope St., 8th Floor, Los Angeles, California 90071.

On October 28, 2013, I served the document described as **DECLARATION OF HON. EDWARD A. INFANTE (RET.) IN SUPPORT OF JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE** on the interested parties in this action as follows:

**[X]** (**BY Electronic Transfer to the CM/ECF System**) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California' Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 28, 2013, Los Angeles, California.

By: _____//S//_____
Kristina S. Azlin