# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 06-55-GW(PJWx) | Date | December 19, 2013 |
| Title | *United States of America et al v. J-M Manufacturing Company, Inc.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Sheri Kleeger | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Eric R. Havian | Vince Farhart |
| Kirk D. Dillman | Richard T. Williams |
| Elizabeth J. Sher | Ekwon E. Rhow |
| Brent Wilner | |
| James Gilpin - by telephone | |
| Joan C. Arneson - by telephone | |
| R. Clayton Welch - by telephone | |
| Susan K. Stewart - by telephone | |

PROCEEDINGS:     **PLAINTIFFS' AND DEFENDANT FORMOSA PLASTICS CORPORATION, USA'S JOINT MOTION FOR APPROVAL OF SETTLEMENT AS FAIR, ADEQUATE AND REASONABLE [1742]**

The Court's Tentative is circulated and attached hereto. Court hears oral argument. For reasons stated on the record, the above-entitled motion is continued to **January 16, 2014 at 8:30 a.m.** Plaintiffs' supplemental brief will be filed by December 27, 2013. Defendants' supplemental brief will be filed by January 7, 2014. Additionally, Plaintiff will resubmit the Proposed Order to Disqualify forthwith.

|  |  : | 16 |
|---|---|---|
| | Initials of Preparer | JG |

***United States ex rel. Hendrix v. J-M Mfg. Co., Inc., et al.***, Case No. CV-06-0055-GW
Tentative Ruling on Joint Motion for Approval of Settlement as Fair, Adequate and
Reasonable

The plaintiffs, along with defendant Formosa Plastics Corporation, USA ("Formosa"), have jointly moved to have the Court approve the settlement they have reached in connection with this action brought pursuant to the federal False Claims Act, along with similar provision under various states' laws. The settlement includes a $22.5 million cash payment (that is already in escrow) to the plaintiffs and a separately-negotiated $5.5 million payment meant to compensate plaintiffs' attorneys for their fees and costs. Though the Court has reviewed the joint motion, the "clarification" of that motion the movants filed on December 5, 2013, the opposition defendant J-M Manufacturing Company, Inc. ("J-M") filed, and the movants' reply brief, *see* Docket Nos. 1742, 1811, 1815, and 1817, one threshold question prevents the Court from moving towards a resolution of the motion at this time – why the Court is involved in settlement approval at all.

Although the movants may have contracted for the Court to play a role in the settlement process, the statutory authority for it to do so is not particularly clear. In state court – where there is another action pending, along with a similar settlement, the approval process for which the movants have made contingent upon this Court's approval of the instant settlement of this case – parties resort to California Code of Civil Procedure § 877.6. That statute allows "[a]ny party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt" to bring up for a hearing "the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more of the alleged tortfeasors or co-obligors." Cal. Code Civ. Proc. § 877.6(a)(1). In addition, one of the settling parties may give notice of any settlement (that does not involve a confidentiality agreement) and apply for a determination of good faith as to the settlement, commencing a period of time for any motion to be filed contesting the good faith of the settlement. *See id.* § 877.6(a)(2).

The usual procedure for a federal court's involvement in approving a settlement comes by way of Federal Rule of Civil Procedure 23(e). But that rule only applies to

class actions (and requires a certified class). This is not a class action. It is a *qui tam* lawsuit.

Here, the parties rely on 31 U.S.C. § 3730(c)(2)(B) (along with the state law analogs of four different states, which the movants contend contain "[v]irtually identical language," Docket No. 1742, at 6:9-13) for the Court's involvement. Here is what that federal statutory provision says, in pertinent part: "*The Government* may settle the action with the defendant notwithstanding the *objections* of *the person initiating the action* if the court determines, after a hearing, that the proposed settlement is fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B) (emphases added). Even putting aside the fact that it is not "the Government" that is settling this action with Formosa, "the person initiating the action" has not objected to the settlement. Indeed, he has *signed* it. *See* Docket No. 1744-1, at 32.[1] These observations take on perhaps added significance given movants' reminder, in their Reply brief, that the Court dismissed with prejudice all of the federal False Claims Act claims against Formosa. *See* Docket No. 1817, at 3:28-4:2; *id.* at 5:20-24.

Until the parties can direct the Court to a case that indicates a court has an obligatory role in supervision of a settlement such as the partial settlement of this *qui tam* action, the Court sees no basis for its involvement other than the parties' contractual attempt to make it an obligor. The answer may simply be that the Court should apply section 877.6 principles – principles that the parties do not appear to have briefed – because of the presence in this case of claims under California law.[2] *See, e.g., Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). But, at least at the present time, the Court does not see a basis for applying Rule 23-based principles by way of section 3730(c)(2)(B).

---

[1] "The person initiating the action," *i.e.* the Relator, is obviously not merely "the Government's" agent for purposes of the settlement objection/approval process under the False Claims Act. *See, e.g., Vermont Agency of Natural Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 772 (2000); *U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1215 (9th Cir. 1996).

[2] Whether that review would extend beyond the claims under California law is yet another – thus far unaddressed – issue. the substantive California statutory law indicates that Court approval of the settlement will, *inter alia*, reduce the claims against the non-settling defendants in the amount provided by the settlement release and discharge the settling defendants' liability for any contribution to the non-settling defendants. *See* Section 877(a), (b). However, those provisions apply only to "tortfeasors [who are] claimed to be liable for the same tort]."

If, notwithstanding this seemingly threshold unresolved question, the Court proceeds to consider approval of the settlement at this time, along with all of the other considerations normally favoring settlement of large, complex, actions, the movants heavily emphasize the fact that retired Chief Magistrate Judge Infante recommends the settlement and attests to the lengthy and hard-fought process which resulted in it. The Court would also note that the plan of allocation under the settlement has not yet been reached, will not involve any input from Formosa, and will be presented – when ready – to the Court for its approval.

J-M's opposition centers on the fact that, at this stage, Formosa's role in the underlying activity is uncertain, meaning that any attempt to compare the $22.5 million settlement recovery to the potential – according to plaintiffs' counsel – billions of dollars in damages is simply an effort in guesswork. J-M wants the Court to either reject the settlement or defer ruling on it until the end of the Phase 2 trial.

Of course, the latter request/suggestion is essentially a non-option. The extent of Formosa's participation in Phase 2 would be significantly affected by the Court's determination with respect to the settlement. If Formosa participates and litigates fully because the Court has deferred reaching a decision on approval of the settlement, Formosa would lose much of the benefit of the settlement. Alternatively, if it sits back assuming the Court will ultimately approve the settlement, there is the risk of having to conduct a *second* Phase 2 trial if the Court ultimately determines Formosa's participation in the underlying conduct renders the settlement inappropriate.

For the reasons addressed above, the Court would inquire further into the procedural justification for its involvement in approval of the pending settlement.

3