UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 06-55-GW(PJWx) | Date | June 30, 2014 |
| Title | United States of America et al v. J-M Manufacturing Company, Inc. | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Katie Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Eric Havian
Harry P. Litman
Brent Rushforth
Elizabeth J. Sher
BY TELEPHONE:
Joan C. Arneson
R. Clayton Welch

Attorneys Present for Defendants:

Mark E. Masters
Paul S. Chan
Ekwon E. Rhow
Camilla M. Eng
David M. Bernick

PROCEEDINGS: DEFENDANT J-M MANUFACTURING COMPANY, INC.'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR ALTERNATIVELY, FOR NEW TRIAL [1833];

DEFENDANT J-M MANUFACTURING COMPANY, INC.'S MOTION TO MAINTAIN CERTAIN TRIAL EXHIBITS UNDER SEAL [1942];

DEFENDANT J-M MANUFACTURING COMPANY, INC.'S MOTION FOR RULE 16 CONFERENCE [1957]

Further argument is held. The Court, as indicated on the record, DENIES Defendant J-M Manufacturing, Inc.'s Motion for Judgment as a Matter of Law.

Parties are ordered to meet and confer as to Defendant J-M Manufacturing, Inc.'s Motion for Rule 16 Conference, and attempt to resolve the issues raised including the integration of Phase I and II. Parties will file a stipulation re scheduling thereafter.

The Court's Tentative Ruling as to Defendant J-M Manufacturing, Inc.'s Motion to Maintain Certain Trial Exhibits Under Seal, is circulated and attached hereto. The Court adopts the Tentative as its Final Ruling.

|  |  | 2 | : | 30 |
|---|---|---|---|---|
|  | Initials of Preparer | JG | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 06-55-GW(PJWx) | Date | June 30, 2014 |
| Title | United States of America et al v. J-M Manufacturing Company, Inc. | | |

Defendants' motion is DENIED.

A proposed date for further argument on Defendant J-M Manufacturing, Inc.'s Motion for New Trial will be included in the stipulation agreed to by the parties.

 

 

2 : 30

Initials of Preparer    JG

*United States et al. v. J-M Manufacturing Company, Inc. et al.*, Case No. 06-CV-0055
Tentative Ruling on Defendant J-M Manufacturing Company, Inc.'s Motion to Maintain Certain Trial Exhibits Under Seal

## I. Background

In this motion to seal, J-M seeks to seal certain exhibits that were offered as evidence during the Phase I trial of this matter. Plaintiff argues that none of the identified documents should be sealed by the Court.

## II. Legal Standard

Generally, information disclosed as part of pretrial proceedings, including documents produced in discovery and used in support of nondispositive motions, may be sealed pursuant to the parties' agreement to do so and a showing of good cause. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz v. State Farm Mut. Auto Inc. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Once those documents are introduced into evidence at trial or otherwise used in open court, they become part of the public record. "It is well-established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" *Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (quoting *Nat'l Polymer Prods. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981)). Therefore, in general, information that was once subject to a protective order but is later used at trial is subject to a waiver of confidentiality.

There is a strong presumption in favor of public access to court records. *Foltz*, 331 F.3d at 1135; *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). However, the right of access "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135; *Hagestad*, 672 F.2d at 1434 (requiring district courts to have a "compelling reason" and to "articulate the factual basis" in order to seal court records). Even if information was publicly revealed at trial, the information may later be sealed by the Court if "the interests in preserving the confidentiality of the material" outweigh the strong "interest in disseminating it and the legitimate interest others may have in receiving it." *Nat'l Polymer Prods.*, 641 F.2d at 424. Courts may consider factors such as "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* "The judge need not

1

document compelling reasons to unseal; rather the proponent of sealing bears the burden with respect to sealing." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006).

### III. Analysis

The Court starts by looking to the language of the Protective Order to determine whether that document constituted an "effort ... to limit ... disclosure" of the documents at trial. *See Littlejohn*, 851 F.2d at 680, n.17. Here, the Protective Order clearly states that "[a]ny use of the Protected Material at trial shall be governed by a separate agreement or order." (Docket No. 497, at 4.) J-M does not dispute that it never sought a separate protective order or other confidentiality agreement concerning the documents introduced as evidence at trial. Further, the Protective Order also states that "[e]ven after final disposition of the litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs." (Docket No. 497, at 5.) In *Littlejohn*, the protective order contained a similar requirement that documents be kept confidential "absent further court order." *Id.* The court there found that "[t]he admission of the plaintiff's trial exhibits into the trial record absent a seal constituted such an order" and therefore that "BIC could no longer have reasonably relied on the confidentiality accorded under the PO." *Id.* The same reasoning is applicable here, especially where the Protective Order also contains a statement that "the protections conferred by this Order do not cover any information that ... (b) becomes part of the public domain at any time, unless as a result of (i) action or failure to act where there is a duty to act on the part of the Receiving Party; or (ii) any breach of duty by any third party." (Docket No. 497, at 4.) The Court previously stated that any documents that "were originally designated as confidential but were allowed to come in at the trial without any further preservation of confidentiality ... [are] a matter of public record." (3/24/14 Hrg. Tr. 8:12-15.) Therefore, the Protective Order does not protect the documents at issue here.

Second, the Court must determine whether the documents at issue were made part of the public record at trial. Only those documents actually entered into evidence or otherwise made publicly available by virtue of the trial must satisfy the "compelling reason" standard; documents that were produced in discovery but were not made part of the public record may still be protected by the Protective Order. *See Nat'l Polymer Prods.*, 641 F.2d at 424 ("Matter subject to the protective order ... not publicly disclosed at trial may not be divulged."). Here, the

documents were clearly part of the public record, as they were all admitted into evidence and many of them were discussed in open court during the trial. (*See* Opp. to Mtn., Docket No. 1952, App'x. A.) The Court has stated that the exhibits "weren't admitted on some sort of limited basis." (3/24/14 Hrg. Tr. 19:11-12.) Therefore, the documents were made part of the public record such that J-M must establish that there is a "compelling reason" for sealing these documents, despite their introduction at trial.[1]

      J-M has the burden of establishing that the compelling reasons for maintaining these documents under seal outweigh the strong presumption in favor of making such records public. J-M advances two arguments as to why the documents should remain under seal: (1) they constitute protectable trade secrets and (2) J-M will suffer "serious harm" if the documents are made public.

      As to the potential for "serious harm," aside from the recognized harm that comes from revelation of trade secrets or other sensitive business information of that type, J-M has not made a convincing showing that the inclusion of these eight documents in the public record from the Phase I trial will result in serious harm to it. J-M argues that many of these documents are misleading or cannot be understood when taken out of context. However, by including these documents in the complete trial record, the documents will be placed squarely *in* the context of all other similar, relevant evidence introduced at trial. Further, J-M expresses concern that Plaintiff will improperly use this information to taint the jury pool for Phase II, try this case in the press, and otherwise harm the good name and reputation of J-M. However, "[t]he mere fact that the production of records may lead to [J-M's] embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Therefore, any reputational harms or loss of competitive standing resulting from the documents' dissemination, aside from trade secret type harms, are not sufficient grounds to seal the records. Further, the Court and the parties are well-equipped to ensure that the jury selected for Phase II has not been "tainted" by any improper or misleading statements made about this case in the press. Therefore, J-M has not met its burden of showing that "serious

---

[1] Plaintiff argues that J-M has waived any right to claim that the documents at issue here should be sealed by refusing to object to their introduction at trial or request that their introduction be under seal. However, even in such circumstances a party has not waived their argument that a "compelling reason" justifies sealing the documents. *See, e.g., Nat'l Polymer Prods.*, 641 F.2d at 424; *Northwest Airlines, Inc. v. American Airlines, Inc.*, 870 F.Supp. 1504, 1511 (D. Minn. 1994).

3

harm," other than potential trade secret harm, will occur in the absence of an order sealing these exhibits.

Finally, the Court reaches the issue of whether any of the documents that J-M seeks to seal constitute trade secrets such that they are entitled to protection despite their introduction into the record during a public trial. Preliminarily, the Court notes that Plaintiff's prevalent argument that because much of this evidence is old, it should no longer be considered worthy of trade secret protection is misplaced. While the age of a document may be relevant to such a determination, it is not entitled to nearly as much weight in the analysis as Plaintiff argues it ought to be. Further, Plaintiff's argument that the identified exhibits should not be entitled to protection because J-M does not seek to seal many similar documents is unpersuasive; the Court ordered J-M to file a limited list of exhibits for it to consider on this motion, and J-M is free to determine that they are comfortable waiving trade secret protection for certain documents while seeking protection for others.

Under California law, a trade secret is "information, including a formula, pattern, compilation, program, device, method, technique, or process that (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1; *see also Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). In order to satisfy its burden, J-M "must articulate compelling reasons supported by specific factual findings" that the documents at issue constitute protectable trade secrets. *Kamakana*, 447 F.3d at 1178; *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th Cir. 1999).

After examining each of the eight documents in detail, it remains unclear to the Court why Defendant feels that any of them would constitute a trade secret. None of them appears to contain an undisclosed formula, a revelation as to novel technology or process, confidential customer lists, or other proprietary information. A large portion of the documents refer to the results of testing on Defendant's products as required by the industry standards pursuant to which the items were marketed. In most instances, the testing procedures are only generally discussed, and it is not clear what competitive advantage someone could obtain by looking at the particular document (other than the advantage gained by a competitor from the bad light in which this document could paint the Defendant, which is NOT a reason to seal).

4

However, it might well be that this Court has failed to fully appreciate the nature of the information contained in one or more of the delineated documents. Therefore, the Court will allow Defendant's counsel to more fully explicate on the subject at the hearing.

## IV. Conclusion

Unless convinced otherwise at the hearing, the Court would DENY the motion to seal as to all documents.