David Bernick (admitted pro hac vice)
    david.bernick@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Ekwan E. Rhow - State Bar No. 174604
    eer@birdmarella.com
Paul S. Chan - State Bar No. 183406
    psc@birdmarella.com
Marc E. Masters - State Bar No. 208375
    mem@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT,
    NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant J-M
Manufacturing Company, Inc.
d/b/a JM Eagle

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA ex rel. JOHN HENDRIX,<br><br>Plaintiffs,<br><br>vs.<br><br>J-M MANUFACTURING COMPANY, INC. d/b/a JM EAGLE, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,<br><br>Defendants. | CASE NO. ED CV 06-00055-GW(PJWx)<br><br>Hon. George H. Wu<br><br>**JOINT REPORT IN ADVANCE OF THE AUGUST 25, 2014 TELEPHONIC STATUS CONFERENCE**<br><br>**[Chan Declaration Filed Concurrently]**<br><br>Date:   August 25, 2014<br>Time:  8:30 a.m.<br>Crtrm.: 10 [telephonic] |

3111488.1

JOINT REPORT / AUGUST 25, 2014 TELEPHONIC STATUS CONFERENCE

## I. BRIEF OVERVIEW OF THE MEET AND CONFER PROCESS

The parties have had two detailed meet and confer calls, with written proposals both before and afterwards. Both sides have modified their proposals in the process. As reflected in the Joint Request for a telephonic conference with the Court, the general focus has been on how to implement the instructions given by the Court during the hearing held on June 30, 2014. While other items have been covered, the specific matters taken up substantively are as follows:

1. Addressing Plaintiffs' theory of the case for any future Phase II trial, including the questions raised by the Court in recent hearings concerning False Certification.

2. Briefing on the relationship between Phase I and Phase II, including issues raised in J-M's Request for a Rule 16 Conference. Other than timing, no issue regarding this briefing is presented to the Court for discussion during the August 25 teleconference.

3. Timing, including whether the foregoing should be deferred until after the Court rules on the pending motion for new trial.

## II. STATEMENT OF THE ISSUES

Based on the foregoing discussions, the parties agree that the two issues that should be addressed at the August 25 status conference are as follows:

### A. Timing

The issue is whether, as Plaintiffs urge, the work discussed at the June 30 hearing should be deferred until after the Court has ruled on the pending new trial motion, or, as J-M requests, the Court should decide the timing of its own ruling as the briefing ordered by the Court on June 30 proceeds.

### B. Plaintiffs' Theory Of The Case For Any Future Phase II Trial

The issue is whether the Court has decided to permit J-M to respond to Plaintiffs' theory of the case as a False Certification claim in any Phase II trial, and

whether, in the process, J-M can address the questions raised by the Court concerning False Certification. Plaintiffs have agreed that, if the Court is permitting such a response, both the response and Plaintiffs' position can be presented as another part of the briefing that the Court has ordered on the relationship between Phase I and Phase II.

### III. THE PARTIES' POSITIONS ON THE TWO ISSUES

#### A. J-M's Position

The principle guiding J-M's approach to the meet and confer process and, accordingly, to the foregoing issues is simple – to effectuate the Court's instructions on June 30 and address the questions that have been raised by the Court so that the record is complete and the parties have been fully heard. The Court's instructions were explicit and, in a very important instance, were given repeatedly:

    i.    Plaintiffs must **state the basis of False Certification specifically**. Chan Decl., Ex. 1 (June 30, 2014 Tr. at 49:21-23) ("One thing I am going to ask plaintiffs to do is to state the basis of this false certification specifically."); *see also* Chan Decl., Ex. 1 (June 30, 2014 Tr. at 46:1-3) ("So I will just take the wind out of his sails and ask you this question, what is specifically the falsity"); Chan Decl., Ex. 1 (June 30, 2014 Tr. at 64:7-11) ("J-M asks for four items that J-M thinks need to be done. Insofar as number one is concerned, I am going to require the plaintiffs to state again the false certification theory that they are going to be taking to trial."); Chan Decl., Ex. 1 (June 30, 2014 Tr. at 78:17-19) ("Mr. Havian is going to make a list of the falsity or the, insofar as the false certification aspects, what are the precise elements of falsity.").

    ii.    This theory of the case should be **for the exemplar plaintiffs**. Chan Decl., Ex. 1 (June 30, 2014 Tr. at 79:15-19) ("You wanted some sort of viable theory of the case. They are going to tell you what insofar as the what supposedly has been tried, what the falsity is as to the exemplar plaintiffs….").

3111488.1

      iii.    **The basis must be shown by reference to specific** contract provisions. Chan Decl., Ex. 1 (June 30, 2014 Tr. at 48:20-23) ("[T]he cases that have found false certification have found as to specific requirements of contract not a general, amorphous type of thing, something that is fairly specific.").

      iv.    Plaintiffs are also to state **any other theories that will be pursued**. Chan Decl., Ex. 1 (June 30, 2014 Tr. at 79:19-22) ("[T]hey are also going to tell you as to any and all other theories that will go toward any and all other plaintiffs as to what they are going to be claiming.").

      v.    **J-M is to respond** to Plaintiffs' list of the elements of falsity, including specifically "those portions of the jury's findings that you are going to be specifically challenging." Chan Decl., Ex. 1 (June 30, 2014 Tr. at 78:21-22).

      **1.**    **The Timing Of The Court's Decision On The New Trial Motion**

Plaintiffs made no suggestion at any point during the June 30 hearing that everything in this case be put on hold until the Court rules on the new trial motion. Nor does any hint of this appear in the written proposals exchanged before the first meet and confer. Their new idea comes too late and will abrogate J-M's rights.

It comes too late because the Court already has issued its instructions to the parties. Plaintiffs have not even asked for reconsideration and, if they did so, the request would be without merit because no circumstances have changed since June 30. *See* FRCP 60(b); *Rischer v. Banlavoura I, Inc.*, 376 Fed. Appx. 778, 778 (9th Cir. 2010) (finding that the district court properly denied a motion for reconsideration where "[t]here were no new material facts or changes of law since the time of the district court's original order").

The obvious tactical reason for deferral poses further threats to the proper adjudication of both Phase I and Phase II issues and, consequently, J-M's rights. It is obvious that Plaintiffs are expecting denial of the motion and, in that event, will

3111488.1

urge that the Court leapfrog all of the matters that need to be addressed regarding any future trial and proceed directly to the unusable Phase II damages trial that they originally requested. This would (a) leave the Court's questions on False Certification unanswered on the record and deny J-M's right to address those questions; (b) allow Plaintiffs to escape any determination of whether they have a viable False Certification theory for the case; (c) effectively deny without briefing crucial portions of J-M's Rule 16 request, *i.e.*, (i) the request that the Court determine whether there is a viable theory for the case (Dkt 1957 at 5-11); and (ii) the argument that a new trial is necessary because the Phase I verdict is not constitutionally useable before a different Phase II jury (Dkt 1957 at 11-14), an argument which the Court expressly preserved on June 30 at J-M's request (Chan Decl., Ex. 1 (June 30, 2014 Tr. at 70:1-24)); and (d) handicap briefing on the relationship between Phase I and II, by allowing Plaintiffs to avoid articulating their theory of the case for Phase II.

J-M asks that the Court, not Plaintiffs, decide when to rule on the motion for new trial. The Court can make its ruling when the record is complete. J-M proposes that the initial briefs on both Plaintiffs' False Certification theory of the case and the relationship between Phases I and II be filed on **October 1, 2014**, and responsive briefs on **October 22, 2014**.

### 2. Plaintiffs' Theory Of The Case For False Certification

J-M's preferred path for implementing the Court's instructions regarding the theory of the case has been for "plaintiffs to file a pleading alleging, with specificity, their theory of the case for purposes of any future trial (including all elements of liability and damages)," to be followed by motion practice directed at the pleading. Chan Decl., Ex. 2 (J-M's July 9, 2014 letter at 1).[1] This proposal has not been agreed to.

---

[1] While the Court's instructions focused on the falsity element of False Certification,

3111488.1

4

1    Plaintiffs did, however, write a letter (the "August 4 letter") that purported to
2 state their theory of the case. Chan Decl., Ex. 3. That letter by no means complied
3 with the Court's instructions. Far from addressing False Certification, Plaintiffs'
4 August 4 letter does not even address **any** legal theory for their case. All that the
5 letter presents is the restatement of their contentions regarding the "lottery ticket."
6 While Plaintiffs are certainly entitled to use any label they find appealing in
7 advocating their case, argumentative labels are not legal theories, just as "bad
8 product" is not a legal theory that substitutes for negligence or strict liability in a
9 products liability case. Any theory of the case requires a statement of facts and a
10 nexus to the applicable law such that the facts alleged plausibly give rise to legal
11 entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)
12 ("The need at the pleading stage for allegations plausibly suggesting (not merely
13 consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that
14 the 'plain statement' possess enough heft to 'sho[w] that the pleader **is entitled to**
15 **relief**.'") (emphasis added). Plaintiffs know this well, because they have not
16 hesitated to refer explicitly to their theories of the case when it suits their strategic
17 purposes. A signal example of this is their explicit disavowal of the Fraudulent
18 Inducement and False Certification theories on May 16, 2012. Chan Decl., Ex. 4
19 (Plaintiffs' May 16, 2012 letter at 5). And, dispositively, there is no real choice in
20 the matter because both the Ninth Circuit and the California courts have made these
21 theories part of the applicable law. There is no reason why Plaintiffs cannot address

---

J-M's request was broader for four reasons. First, Plaintiffs have in the past and still today (selectively) refuse to commit to the liability theories that have become embedded in the relevant case law, including False Certification. All of the elements of the False Certification theory finally should be addressed. Second, all of the elements of Plaintiffs' theory of the case are directly relevant to the relationship between Phases I and II. Third, J-M hopes to avoid side-issues about what ultimate facts were encompassed by "falsity." Finally, the Court's instructions (no. iii above) extended beyond False Certification to "any and all other theories."

3111488.1

1 those theories as they did when they decided it suited their purposes in their May 16,
2 2012 letter waiving False Certification.[2]

3 Notwithstanding the deficiencies of the August 4 letter, J-M has made a further suggestion, which it asks that the Court adopt – that the August 4 letter simply be taken at face value as Plaintiffs' theory of the case and J-M use the briefing to challenge its viability as a theory of False Certification for any future "Phase II" trial. Plaintiffs then can respond. In this way, the theory of the case can be addressed on a parallel track with other Phase II briefing. The briefs can include full answers to the various questions that the Court has raised about the viability of a False Certification claim in this case. Only in this fashion will the Court have a full record on False Certification (prior to any further discovery, if discovery proceeds) and the parties have a full opportunity to address the issue on the merits.

Plaintiffs recently agreed that, **if** the Court intends to permit J-M to respond to Plaintiffs' August 4 letter (as J-M believes the Court already has instructed), it should be done in the simultaneous briefing. But Plaintiffs have **not** agreed that such briefing should occur, notwithstanding the fact that they themselves **asked for briefing** on the Court's questions on June 30. Chan Decl., Ex. 1 (June 30, 2014 Tr. at 20:1-3). It is only such briefing, focused on False Certification and Phase II, that can predicate the threshold ruling requested in J-M's Rule 16 brief – "Determining whether there is a viable theory of the case and, if so, what it is." Dkt. 1957 at 10. It is up to Plaintiffs, not the Court, to articulate their proposed False Certification theory for Phase II.

J-M recognizes that the parties submitted very limited *Bornstein* briefs earlier this year, rather than the more extensive 30-page briefs originally contemplated.

---

[2] This should be done without the wording gamesmanship that Plaintiffs have more recently tried to use in order to wiggle out of their choice. Chan Decl., Ex. 5 (March 17, 2014 Tr. at 18:18-22); *see also* Chan Decl., Ex. 5 (March 17, 2014 Tr. at 37:8-15) ("THE COURT: "You didn't make [it] crystal clear.").

3111488.1

Chan Decl., Ex. 5 (March 17, 2014 Tr. at 44:11-22). Much has happened since then: (a) the Court has had the opportunity to review evidence books (submitted at the Court's direction); (b) the Court has posed specific questions regarding False Certification; and (c) the theory of the case for Phase II will have direct relevance for determining the relationship between Phases I and II. **And, as discussed above, on June 30, the Court specifically directed Plaintiffs to articulate their theory of falsity for a False Certification claim and J-M to respond.**

### B.  Plaintiffs' Position

#### 1.  Theory Of The Case

Plaintiffs have consistently maintained a single theory of the case, often referred to by the parties and the Court as the "lottery theory," which was the theory presented to and accepted by the Phase 1 jury. Consistent with the Court's directions at the June 30 hearing, Plaintiffs reiterated their theory in a 5-page letter to J-M's counsel dated August 4, 2014. Chan Decl., Ex. 3. Plaintiffs object to allowing J-M to challenge Plaintiffs' theory of the case yet again. As the Court knows, J-M has repeatedly challenged Plaintiffs' lottery theory on numerous grounds, most recently in the fully briefed Renewed Motion for Judgment as a Matter of Law or, alternatively, Motion for New Trial. (*See, e.g.*, J-M Mot. [Dkt. 1833] at 17-20 ("Plaintiffs' 'uniform compliance' theory is legally untenable, practically unworkable, and unsupported by substantial evidence"); J-M Reply Br. [Dkt. 1853] at 5-8 ("Plaintiffs' new heightened-risk argument fails on the merits, as a matter of law and fact.").) The specific issue of whether Plaintiffs proved a "false certification" case was addressed expressly in supplemental briefs requested by the Court several months ago. (*See* J-M Supp. Br. [Dkt. 1927] at 1 ("[T]he Court requested briefing on whether the Phase I verdict could be justified . . . under the false-certification theory recognized in *United States v. Bornstein,* 423 U.S. 303 (1976). As discussed below, *Bornstein* cannot save the Phase I verdict."); *id.* at 2

3111488.1

7

1  ("Thus, under *Bornstein,* Plaintiffs did not prove falsity, and failed to establish a
2  false-certification case.").)  Given the targeted and exhaustive briefing already
3  submitted on this issue, the Court should not permit J-M to file yet another brief on
4  whether Plaintiffs' evidence establishes "false certification."

### 2. New Trial Motion

6  J-M's pending motion for a new trial has been fully briefed – including
7  supplemental briefs requested by the Court – since May, and Plaintiffs respectfully
8  request that it be decided and denied at the August 25 hearing so that the parties can
9  plan for Phase 2 with the understanding that the jury's liability verdict reached in
10 November 2013 has not been overturned by the Court.  Plaintiffs do not believe it is
11 logical or even possible to brief the scope of Phase 2, including the extent to which
12 the Phase 1 results will be usable in Phase 2, before the Court settles the question of
13 whether the Phase 1 verdict will be overturned.  After the Court decides the new
14 trial motion, the parties can then advise the Court in the anticipated simultaneous
15 briefing of their respective positions on the import and use of that jury verdict in
16 Phase 2.

### 3. Briefing Proposal

18 Plaintiffs submit that briefing should take place only after the Court either
19 issues a decision denying J-M's new trial motion or informs the parties that no such
20 decision will be forthcoming.  Subject to that caveat, the parties agree that a two-
21 stage simultaneous briefing process is the best way to address the issues raised
22 above.  The parties further agree that the first set of simultaneous briefs should be
23 filed and served on October 1, and responding briefs should be filed and served
24 simultaneously on October 22.  The parties propose that a hearing be scheduled
25 before the Court on the first available date that is at least 14 days after all the briefs
26 are filed.  Given the number of issues to be addressed, Plaintiffs propose that each
27 brief should not exceed 40 pages.

28 3111488.1

| | | |
|---|---|---|
| DATED: August 19, 2014 | | David Bernick<br>DECHERT LLP<br><br>Ekwan E. Rhow<br>Paul S. Chan<br>Marc E. Masters<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.<br><br>By:    /s/ Paul S. Chan<br>        Paul S. Chan<br>Attorneys for Defendant J-M Manufacturing Company, Inc. d/b/a JM Eagle |
| DATED: August 19, 2014 | | By: /s/ Susan K. Stewart<br><br>CATHERINE CORTEZ MASTO<br>Attorney General<br>SUSAN K. STEWART (State Bar No. 174985)<br>Deputy Attorney General<br>SStewart@ag.nv.gov<br>Attorney General's Office<br>100 North Carson Street<br>Carson City, Nevada 89701-4717<br>Tel: (775) 684-4173<br>Fax: (775) 684-1108<br><br>**Attorneys for State of Nevada** |
| DATED: August 19, 2014 | | By: /s/ Elizabeth J. Sher<br><br>ELIZABETH J. SHER (Admitted Pro Hac Vice)<br>esher@daypitney.com |

3111488.1

DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 966-1015

PATRICIA L. WEST
Chief Deputy Attorney General of Virginia
KIVA BLAND PIERCE
Assistant Attorney General
KPierce@oag.state.va.us
OFFICE OF THE ATTORNEY GENERAL
COMMONWEALTH OF VIRGINIA
900 East Main Street
Richmond, Virginia 23219
Tel: (804) 786-7370
Fax: (804) 371-8718

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar. No. 45837)
brushforth@mckoolsmith.com
McKOOL SMITH HENNIGAN P.C.
1999 K. Street, N.W. Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344

**Attorneys for Commonwealth of Virginia**

3111488.1

```
DATED: August 19, 2014          By: /s/ Seth T. Cohen

                                GARY K. KING
                                New Mexico Attorney General
                                SETH T. COHEN (State Bar No. 223716)
                                Assistant Attorney General
                                scohen@nmag.gov
                                P. O. Drawer 1508
                                Santa Fe, New Mexico 87504-1508
                                Tel: (505) 827-6087
                                Fax: (505) 827-4440

                                **Attorneys for the State of New Mexico**


DATED: August 19, 2014          By: /s/ Elizabeth J. Sher

                                ELIZABETH J. SHER (Admitted Pro Hac Vice)
                                esher@daypitney.com
                                DAY PITNEY LLP
                                1 Jefferson Road
                                Parsippany, New Jersey  07054
                                Tel: (973) 966-6300
                                Fax: (973) 966-1015



                                ERIC R. HAVIAN (State Bar No. 102295)
                                erh@pcsf.com
                                MARY A. INMAN (State Bar No. 176059)
                                mai@pcsf.com
                                HARRY P. LITMAN (State Bar No. 127202)
                                hlitman@litman-law.com
                                JESSICA T. MOORE (State Bar No. 183431)
                                jtm@pcsf.com
                                PHILLIPS & COHEN LLP
                                100 The Embarcadero, Suite 300
                                San Francisco, California  94105
                                Tel: (415) 836-9000
```

3111488.1

Fax: (415) 836-9001

**Attorneys for Alameda County Water District, City of Calexico, City of Calistoga, Calleguas Municipal Water District, Castaic Lake Water Agency, City of Chino, Dublin San Ramon Services District, City of Livermore, Moulton Niguel Water District, North Marin Water District, City of Oxnard, Palmdale Water District, Paradise Irrigation District, City of Pomona, City of Ripon, City of Sacramento, City of San Bernardino, City of San Buenaventura, San Diego County, City of San Ramon, City of Santa Cruz, City of Santa Maria, Soquel Creek Water District, South Tahoe Public Utility District, Spring Valley Sanitation District, City of Vallejo, and Town of Yountville**

DATED: August 19, 2014        By: /s/ James B. Gilpin

JAMES B. GILPIN (State Bar No. 151466)
james.gilpin@bbklaw.com
BEST BEST & KRIEGER LLP
655 West Broadway, 15th Floor
San Diego, California 92101-3542
Tel: (619) 525-1300
Fax: (619) 233-6118

**Attorneys for City of Colton, City of Corona, Elsinore Valley Municipal Water District, Florin Resource Conservation District, Helix Water District, Padre Dam Municipal Water District, Ramona Municipal Water District, Rancho California Water District, Sweetwater Authority, Valley Center Municipal Water District, and Western Municipal Water District**

DATED: August 19, 2014        By: /s/ Joan C. Arneson

3111488.1

12

|  |  |
|---|---|
| | JOAN C. ARNESON (State Bar No. 75721) |
| | jarneson@bawg.com |
| | BOWIE, ARNESON, WILES & GIANNONE |
| | 4920 Campus Drive |
| | Newport Beach, California 92660 |
| | Tel: (949) 851-1300 |
| | Fax: (969) 851-2014 |
| | |
| | **Attorneys for Irvine Ranch Water District** |
| DATED: August 19, 2014 | By: /s/ R. Clayton Welch |
| | |
| | JAN I. GOLDSMITH (State Bar No. 70988) |
| | City Attorney |
| | DONALD R. WORLEY (State Bar No. 48892) |
| | Assistant City Attorney |
| | R. CLAYTON WELCH (State Bar No. 147484) |
| | Deputy City Attorney |
| | cwelch@sandiego.gov |
| | OFFICE OF THE CITY ATTORNEY |
| | 1200 Third Avenue, Suite 1100 |
| | San Diego, California 92101-4100 |
| | Tel: (619) 533-5800 |
| | Fax: (619) 533-5856 |
| | |
| | **Attorneys for City of San Diego** |
| DATED: August 19, 2014 | By: /s/ Margo Laskowska |
| | |
| | RICHARD DOYLE (State Bar No. 88625) |
| | City Attorney |
| | NORA FRIMANN (State Bar No. 93249) |
| | Assistant City Attorney |
| | MARGO LASKOWSKA (State Bar No. 187252) |
| | Deputy City Attorney |
| | cao.main@sanjoseca.gov |
| | OFFICE OF THE CITY ATTORNEY |
| | 200 East Santa Clara Street |
| | San Jose, California 95113-1905 |

3111488.1

```
 1                              Tel: (408) 535-1900
                                Fax: (408) 998-3131
 2
 3                              **Attorneys for City of San Jose**

 4  DATED: August 19, 2014      By: /s/  Elizabeth J. Sher
 5
                                ELIZABETH J. SHER (Admitted Pro Hac Vice)
 6                              esher@daypitney.com
                                DAY PITNEY LLP
 7                              1 Jefferson Road
 8                              Parsippany, New Jersey  07054
                                Tel: (973) 966-6300
 9                              Fax: (973) 966-1015
10
                                ERIC R. HAVIAN (State Bar No. 102295)
11                              erh@pcsf.com
                                MARY A. INMAN (State Bar No. 176059)
12                              mai@pcsf.com
13                              JESSICA T. MOORE (State Bar No. 183431)
                                jtm@pcsf.com
14                              PHILLIPS & COHEN LLP
15                              100 The Embarcadero, Suite 300
                                San Francisco, California  94105
16                              Tel: (415) 836-9000
17                              Fax: (415) 836-9001
18
                                **Attorneys for City of Santa Rosa**
19
20  DATED: August 19, 2014      By: /s/  Elizabeth J. Sher
21
                                ELIZABETH J. SHER (Admitted Pro Hac Vice)
22                              esher@daypitney.com
                                DAY PITNEY LLP
23                              1 Jefferson Road
24                              Parsippany, New Jersey  07054
                                Tel: (973) 966-6300
25                              Fax: (973) 966-1015
26
27                              ERIC R. HAVIAN (State Bar No. 102295)
                                erh@pcsf.com
28
    3111488.1
                                       14
          JOINT REPORT / AUGUST 25, 2014 TELEPHONIC STATUS CONFERENCE
```

MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar. No. 45837)
brushforth@mckoolsmith.com
McKOOL SMITH HENNIGAN P.C.
1999 K. Street, N.W. Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344


**Attorneys for <u>Qui</u> <u>Tam</u> Plaintiff John Hendrix**

3111488.1