1  ELIZABETH J. SHER (Admitted Pro Hac Vice)
2  esher@daypitney.com
   DAY PITNEY LLP
3  One Jefferson Road
   Parsippany, New Jersey 07054
4  Tel: (973) 966-6300
5  Fax: (973) 966-1015

6  Attorneys for Commonwealth of Virginia

7
   **Attorneys for State of Nevada**
8  **(AND OTHER PLAINTIFFS/ATTORNEYS AS LISTED ON THE DOCKET)**

9
                  UNITED STATES DISTRICT COURT
10                 CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| 12  UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA <u>ex rel</u>. JOHN HENDRIX,  Plaintiffs,   v.   J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,  Defendants. | Case No. ED CV-06-00055-GW(PJWx)   Hon. George H. Wu   **DECLARATION OF ELIZABETH J. SHER IN SUPPORT OF COMMONWEALTH OF VIRGINIA'S MOTION FOR PROTECTIVE ORDER** |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---
DECLARATION OF ELIZABETH J. SHER

## DECLARATION OF ELIZABETH J. SHER

I, Elizabeth J. Sher, declare the following:

1.     I am an attorney admitted *pro hac vice* to this Court.  I am also a partner of the law firm of Day Pitney LLP, which along with Constantine Cannon and McKool Smith Hennigan P.C., represents *qui tam* plaintiff/relator John W. Hendrix and the following 26 government entities that have intervened in this action ("Intervenors"): the Commonwealth of Virginia, the Cities of Calexico, Chino, Livermore, Oxnard, Pomona, Ripon, Sacramento, San Buenaventura, Santa Cruz, Santa Maria, Santa Rosa, Vallejo, and the Town of Yountville, California, Alameda County Water District, Calleguas Municipal Water District, Castaic Lake Water Agency, Dublin San Ramon Services District, Moulton Niguel Water District, North Marin Water District, Palmdale Water District, Paradise Irrigation District, South Tahoe Public Utility District, Soquel Creek Water District, Spring Valley Sanitation District, and the County of San Diego.

2.     I make this declaration in support of the Plaintiff Commonwealth of Virginia's Motion for Protective Order in Phase 2. I have personal knowledge of the facts contained herein, and, if called upon, could and would testify competently thereto.

3.     Attached hereto as **Exhibit A** is a true and correct copy of Defendant J-M Manufacturing Company, Inc.'s, d/b/a JM Eagle ("J-M") Notice of Second Deposition of Plaintiff Commonwealth of Virginia Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated September 27, 2016.

4.     Attached hereto as **Exhibit B** is a true and correct copy of J-M's Notice of Third Deposition of Plaintiff Commonwealth of Virginia Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated September 27, 2016.

5.      Attached hereto as **Exhibit C** is a true and correct copy of J-M's Notice of Fourth Deposition of Plaintiff Commonwealth of Virginia Pursuant to Federal Rule of Civil Procedure 30(b)(6), dated September 27, 2016.

6.      Attached hereto as **Exhibit D** is a true and correct copy of J-M's First Set of Interrogatories to Commonwealth of Virginia, dated September 16, 2010.

7.      Attached hereto as **Exhibit E** is a true and correct copy of the Commonwealth of Virginia's Responses and Objections to Defendant J-M Manufacturing Company, Inc.'s First Set of Interrogatories, dated Nov. 18, 2010.

8.      Attached hereto as **Exhibit F** is a true and correct copy of excerpts of the August 9, 2016 Deposition of 30(b)(6) Witness for the Commonwealth of Virginia David Speer.

9.      Attached hereto as **Exhibit G** is a true and correct copy of the Amended Objections and Responses of the Commonwealth of Virginia, on Behalf of the City of Norfolk, to J-M's Fourth Set of Interrogatories.

10.     During a meet and confer on October 14, 2016, despite being informed that counsel for the Commonwealth would claim privilege over all communications with its political subdivisions (including Norfolk) related to the litigation, J-M insisted that it wanted a witness to be present to invoke the privilege and further commented that if the Commonwealth refused to answer questions based on that objection, J-M would argue to the jury as appropriate about the Commonwealth's refusal to answer.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Parsippany, New Jersey on November 4, 2016.

/s/ Elizabeth J. Sher

Elizabeth J. Sher, Esq.

2

# EXHIBIT A

1  David Bernick (*admitted pro hac vice*)
       dbernick@paulweiss.com
2  PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
3  1285 Avenue of the Americas
   New York, New York  10019-6064
4  Telephone:  (212) 698-3551
   Facsimile:  (212) 698-3599
5
   Ekwan E. Rhow – State Bar No. 174604
6     erhow@birdmarella.com
   Paul S. Chan – State Bar No. 183406
7     pchan@birdmarella.com
   Marc E. Masters – State Bar No. 208375
8     mmasters@birdmarella.com
   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
9  DROOKS, LINCENBERG & RHOW, P.C.
   1875 Century Park East, 23rd Floor
10 Los Angeles, California  90067-2561
   Telephone:  (310) 201-2100
11 Facsimile:  (310) 201-2110
12 Attorneys for Defendant
   J-M Manufacturing Company, Inc.
13 dba JM Eagle
14
15            **UNITED STATES DISTRICT COURT**
16   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
17
18 UNITED STATES, *et al.*,              CASE NO. 5:06-cv-00055-GW-PJW
19          Plaintiffs,                  **NOTICE OF SECOND
                                         DEPOSITION OF PLAINTIFF**
20          vs.                          **COMMONWEALTH OF VIRGINIA
                                         PURSUANT TO FEDERAL RULE**
21 J-M MANUFACTURING COMPANY,            **OF CIVIL PROCEDURE 30(b)(6)**
   INC. dba JM EAGLE, *et al.*,
22          Defendants.                  Date:   October 31, 2016
                                         Time:   10:30 A.M.
23                                       Place:  Paul Weiss
                                                 2001 K Street, NW
24                                               Washington, DC 20006
25                                       Assigned to Hon. George H. Wu,
                                         Courtroom 10
26
27
28

3295406.3

1    **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules

2    of Procedure ("FRCP") and the agreement of the parties, Defendant J-M Manufacturing

3    Company, Inc. dba JM Eagle ("J-M") will take the deposition, upon oral examination,

4    of Plaintiff Commonwealth of Virginia on behalf of the City of Norfolk ("Virginia") on

5    October 31, 2016, at 10:30 A.M. at the offices of Paul, Weiss, Rifkind, Wharton

6    & Garrison LLP, 2001 K Street, NW, Washington, DC 20006-1047. The deposition

7    will continue from day to day, except for weekends and holidays, until completed. The

8    deposition will be taken before an officer authorized to administer oaths and will be

9    recorded by stenographic and audiovisual means. J-M reserves the right to use these

10    recordings of the deposition at trial for any purpose.

11    Pursuant to FRCP 30(b)(6), Virginia shall designate and produce one or more of

12    its officers, directors, and/or managing agents, and/or shall designate other persons who

13    consent to testify on its behalf, to testify regarding the deposition topics listed in

14    Attachment A. The person(s) designated by Virginia should have knowledge of the

15    facts and circumstances relating to the topics set forth in Attachment A. Pursuant to

16    FRCP 30(b)(2), Virginia also shall produce the documents listed in Attachment A at the

17    time and place of deposition.

18    DATED:  September 27, 2016      PAUL, WEISS, RIFKIND, WHARTON
19                        & GARRISON LLP

20                        By:     */s/ David Bernick*
21                                David Bernick
                            Attorneys for Defendant J-M

22

23    DATED:  September 27, 2016      BIRD, MARELLA, BOXER, WOLPERT,
24                        NESSIM, DROOKS, LINCENBERG
                        & RHOW, P.C.
25

26                        By:     */s/ Paul S. Chan*
                                Paul S. Chan
27                            Attorneys for Defendant J-M

28

## **ATTACHMENT A**

**I.    DEFINITIONS**

1.    "ACTION" shall mean and refer to the lawsuit styled *U.S. et al. ex rel. Hendrix v. J-M Manufacturing Company, Inc. d/b/a JM Eagle et al.*, USDC C.D. Cal. Case No. ED CV-06-0055-GW.

2.    "COMMUNICATION(S)" shall mean and include, without limitation, oral communications, including, without limitation, face-to-face conversations, conferences and telephone conversations; written and computerized communications and correspondence; emails; and the delivery or furnishing of documents.

3.    "DOCUMENT(S)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical,

electronic or electrical recording device, data compilations from which information can be obtained or can be translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, whether in lithograph, or in any other tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation including letters, records, pictures, film, videotape, sounds, symbols or communications thereof.

"DOCUMENT(S)" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended.

4.      "PERSON(S)" shall mean and refer to a natural person, firm, association, organization, partnership, business, trust, corporation or governmental entity.

5.      "YOU" and "YOUR" shall mean and refer to Plaintiff Commonwealth of Virginia on behalf of the City of Norfolk, and any of its employees, agents, representatives, attorneys, associates, affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf or for its benefit.

6.      "NORFOLK" shall mean and refer to the City of Norfolk and any of its employees, agents, representatives, attorneys, associates, affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf or for its benefit.

7.      "PROJECT" shall mean each project for which YOU and/or NORFOLK is/are seeking to recover damages in this ACTION.

8.      "RELATING TO" and/or "RELATE(S) TO" shall mean discussing, describing, constituting, evidencing, memorializing, concerning, mentioning, summarizing, listing, reflecting, analyzing, supporting, negating or concerning the subject matter of the topic.

9. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this subpoena any information or DOCUMENT(S) which might otherwise be considered beyond its scope.

10. The terms "all," "each," and "any" shall be construed as all, each, and any whenever appropriate in order to bring within the scope of this subpoena any information or DOCUMENT(S) which might otherwise be considered beyond its scope.

11. The use of the singular form of any word includes the plural and vice versa.

12. Each deposition topic concerns **the time period of 1996 to the present**, unless stated otherwise.

## II. DEPOSITION TOPICS

1. Gross revenue and net profit NORFOLK generated from each of the PROJECTS.

2. When and how NORFOLK became aware of alleged problems RELATING TO the safety or integrity of J-M PVC-PIPE used in the PROJECTS.

3. The process by which NORFOLK reached the decision to join the ACTION.

4. Any internal discussions or decisions NORFOLK had or made RELATING TO the safety or integrity of J-M PVC-PIPE used in the PROJECTS.

5. Any internal discussions or decisions NORFOLK had or made RELATING TO the repair or replacement of J-M PVC-PIPE used in the PROJECTS.

6. Any actions NORFOLK has taken as a result of the discussions or decisions RELATING TO J-M PVC-PIPE used in the PROJECTS.

7. NORFOLK'S insurance coverage for any costs, expenses, or damage allegedly caused by the J-M PVC PIPE used in the PROJECTS.

1    8.    Any analysis or discussion NORFOLK had about the cost of repairing

2  or replacing the J-M PVC PIPE installed in the PROJECTS.

3    9.    Any actions NORFOLK has taken to remedy, mitigate, limit, or reduce

4  the effects of the allegedly defective J-M PVC PIPE used in the PROJECTS.

5  **III.  DOCUMENTS REQUESTED**

6    1.    DOCUMENTS and COMMUNICATIONS sufficient to identify gross

7  revenue NORFOLK generated from each PROJECT.

8    2.    DOCUMENTS and COMMUNICATIONS sufficient to identify any

9  and all costs NORFOLK incurred for each PROJECT.

10    3.    DOCUMENTS and COMMUNICATIONS sufficient to identify profit

11  NORFOLK generated from each PROJECT.

12    4.    All DOCUMENTS and COMMUNICATIONS RELATING TO

13  NORFOLK's decision to join the ACTION.

14    5.    All DOCUMENTS and COMMUNICATIONS RELATING TO when

15  and how NORFOLK became aware of alleged problems RELATING TO the safety

16  or integrity of J-M PVC-PIPE used in the PROJECTS.

17    6.    NORFOLK's internal reports RELATING TO the safety or integrity of

18  J-M PVC-PIPE used in the PROJECTS.

19    7.    All DOCUMENTS and COMMUNICATIONS RELATING TO

20  internal discussions or decisions NORFOLK had or made concerning the safety or

21  integrity of J-M PVC-PIPE used in the PROJECTS.

22    8.    All DOCUMENTS and COMMUNICATIONS RELATING TO any

23  actions taken as a result of NORFOLK'S discussions or decisions concerning the

24  safety or integrity of J-M PVC-PIPE used in the PROJECTS.

25    9.    All DOCUMENTS and COMMUNICATIONS RELATING TO any

26  internal discussions or decisions NORFOLK had or made concerning the repair or

27  replacement of J-M PVC-PIPE used in the PROJECTS.

28    10.    All DOCUMENTS and COMMUNICATIONS RELATING TO

NORFOLK'S insurance coverage for any costs, expenses, or damage allegedly caused by the J-M PVC PIPE used in the PROJECTS.

11.    All DOCUMENTS and COMMUNICATIONS RELATING TO any analysis or discussion of the cost of repairing or replacing the J-M PVC PIPE used in the PROJECTS.

12.    All DOCUMENTS and COMMUNICATIONS RELATING TO any actions NORFOLK has taken to remedy, mitigate, limit, or reduce the effects of the allegedly defective J-M PVC PIPE used in the PROJECTS.

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561.

On September 27, 2016, I served the following document(s) described as **NOTICE OF SECOND DEPOSITION OF PLAINTIFF COMMONWEALTH OF VIRGINIA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  By placing a true copy thereof in sealed envelopes addressed to the parties listed on the attached Service List and causing them to be deposited in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.  I am readily familiar with our firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address kminutelli@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and of my own personal knowledge and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 27, 2016, at Los Angeles, California.

_____
Karen M. Minutelli

**SERVICE LIST**
*U.S. v. J-M Manufacturing Company, Inc., et al.*
**Case No. 5:06-cv-00055-GW-PJW**

| | |
|---|---|
| Eric R. Havian<br>Constantine Cannon LLP<br>4 Embarcadero Center, 14th Floor<br>San Francisco, CA  94111<br>Email: ehavian@constantinecannon.com<br>**Counsel for Plaintiffs** | Elizabeth J. Sher<br>Day Pitney LLP<br>One Jefferson Road<br>Parsippany, NJ  07054-2891<br>Email: esher@daypitney.com<br>**Counsel for Plaintiffs** |
| Thomas B. Watson<br>Kirk D. Dillman<br>McKool Smith Hennigan PC<br>One California Plaza<br>300 S. Grand Avenue<br>Suite 2900<br>Los Angeles, CA  90071<br>Email:<br>twatson@mckoolsmithhennigan.com<br>Email:<br>kdillman@mckoolsmithhennigan.com<br>**Counsel for Plaintiffs** | Paul F. Prather<br>Deputy City Attorney<br>City Attorney's Office<br>Office of the San Diego City Attorney<br>1200 Third Avenue, Suite 1100<br>San Diego, CA 92101<br>Email: PPrather@sandiego.gov<br>**Counsel for Plaintiff/Intervenor City of San Diego** |

# EXHIBIT B

David Bernick (*admitted pro hac vice*)
    dbernick@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 698-3551
Facsimile:  (212) 698-3599

Ekwan E. Rhow – State Bar No. 174604
    erhow@birdmarella.com
Paul S. Chan – State Bar No. 183406
    pchan@birdmarella.com
Marc E. Masters – State Bar No. 208375
    mmasters@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendant
J-M Manufacturing Company, Inc.
dba JM Eagle

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>           Plaintiffs,<br><br>      vs.<br><br>J-M MANUFACTURING COMPANY,<br>INC. dba JM EAGLE, *et al.*,<br><br>           Defendants. | CASE NO. 5:06-cv-00055-GW-PJW<br><br>**NOTICE OF THIRD DEPOSITION OF PLAINTIFF COMMONWEALTH OF VIRGINIA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**<br><br>Date:   October 31, 2016<br>Time:   3:30 P.M.<br>Place:  Paul Weiss<br>        2001 K Street, NW<br>        Washington, DC 20006<br><br>Assigned to Hon. George H. Wu,<br>Courtroom 10 |

3337027.3

   1    **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules

   2  of Procedure ("FRCP") and the agreement of the parties, Defendant J-M Manufacturing

   3  Company, Inc. dba JM Eagle ("J-M") will take the deposition, upon oral examination,

   4  of Plaintiff Commonwealth of Virginia on behalf of the City of Norfolk ("Virginia") on

   5  October 31, 2016, at 3:30 P.M. at the offices of Paul, Weiss, Rifkind, Wharton

   6  & Garrison LLP, 2001 K Street, NW, Washington, DC 20006-1047. The deposition

   7  will continue from day to day, except for weekends and holidays, until completed. The

   8  deposition will be taken before an officer authorized to administer oaths and will be

   9  recorded by stenographic and audiovisual means. J-M reserves the right to use these

  10  recordings of the deposition at trial for any purpose.

  11       Pursuant to FRCP 30(b)(6), Virginia shall designate and produce one or more of

  12  its officers, directors, and/or managing agents, and/or shall designate other persons who

  13  consent to testify on its behalf, to testify regarding the deposition topics listed in

  14  Attachment A. The person(s) designated by Virginia should have knowledge of the

  15  facts and circumstances relating to the topics set forth in Attachment A. Pursuant to

  16  FRCP 30(b)(2), Virginia also shall produce the documents listed in Attachment A at the

  17  time and place of deposition.

  18  DATED:  September 27, 2016        PAUL, WEISS, RIFKIND, WHARTON
                                       & GARRISON LLP
  19

  20                                   By: _____/s/ David Bernick_____
                                                David Bernick
  21                                        Attorneys for Defendant J-M

  22

  23  DATED:  September 27, 2016        BIRD, MARELLA, BOXER, WOLPERT,
                                       NESSIM, DROOKS, LINCENBERG
  24                                   & RHOW, P.C.

  25

  26                                   By: _____/s/ Paul S. Chan_____
                                                Paul S. Chan
  27                                        Attorneys for Defendant J-M

  28

## <u>ATTACHMENT A</u>

**I.    DEFINITIONS**

1.    "ACTION" shall mean and refer to the lawsuit styled *U.S. et al. ex rel. Hendrix v. J-M Manufacturing Company, Inc. d/b/a JM Eagle et al.*, USDC C.D. Cal. Case No. ED CV-06-0055-GW.

2.    "COMMUNICATION(S)" shall mean and include, without limitation, oral communications, including, without limitation, face-to-face conversations, conferences and telephone conversations; written and computerized communications and correspondence; emails; and the delivery or furnishing of documents.

3.    "COUNCIL" shall mean and refer to the eight member Norfolk City Council that governs the City of Norfolk, and any of its employees, agents, representatives, attorneys, associates, affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf or for its benefit.

4.    "DOCUMENT(S)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for

quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical, electronic or electrical recording device, data compilations from which information can be obtained or can be translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, whether in lithograph, or in any other tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation including letters, records, pictures, film, videotape, sounds, symbols or communications thereof.

"DOCUMENT(S)" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended.

5.    "PERSON(S)" shall mean and refer to a natural person, firm, association, organization, partnership, business, trust, corporation or governmental entity.

6.    "NORFOLK" shall mean and refer to the City of Norfolk and any of its employees, agents, representatives, attorneys, associates, affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf or for its benefit.

7.    "PROJECT(S)" shall mean each and every project for which YOU and/or NORFOLK is/are seeking to recover damages in this ACTION.

8.    "RELATING TO" and/or "RELATE(S) TO" shall mean discussing, describing, constituting, evidencing, memorializing, concerning, mentioning, summarizing, listing, reflecting, analyzing, supporting, negating or concerning the subject matter of the topic.

9.     "SYSTEM" shall mean and refer to the transfer mechanisms utilized for, or which are a part of, the transmission and distribution of water, sanitary water/sewage, industrial wastewater, and/or storm water from the water's source to its ultimate point of delivery.

10.     "YOU" and "YOUR" shall mean and refer to Plaintiff Commonwealth of Virginia on behalf of the City of Norfolk, and any of its employees, agents, representatives, attorneys, associates, affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf or for its benefit.

11.     The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this subpoena any information or DOCUMENT(S) which might otherwise be considered beyond its scope.

12.     The terms "all," "each," and "any" shall be construed as all, each, and any whenever appropriate in order to bring within the scope of this subpoena any information or DOCUMENT(S) which might otherwise be considered beyond its scope.

13.     The use of the singular form of any word includes the plural and vice versa.

14.     Each deposition topic concerns **the time period of 1996 to the present**, unless stated otherwise.

## II.     DEPOSITION TOPICS

1.     The COUNCIL's decision to join the ACTION including, without limitation: (1) the process by which the COUNCIL reached its decision; (2) the COUNCIL'S discussions about whether to join the ACTION; (3) the PERSON(S) who made the decision; and (4) the reasons underlying the COUNCIL'S decision.

2.      ALL COUNCIL discussions, debates, decisions, and votes RELATING TO the ACTION, J-M PVC-PIPE and/or the J-M PVC-PIPE installed in NORFOLK'S SYSTEM, including, but not limited to, ALL COMMUNICATIONS with the COUNCIL regarding these subjects.

**III.   DOCUMENTS REQUESTED**

1.      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the COUNCIL'S decision to join the ACTION including, without limitation, any and all materials submitted to the COUNCIL, COUNCIL resolutions, minutes of COUNCIL meetings, or written consents.

2.      ALL DOCUMENTS and COMMUNICATIONS RELATING TO COUNCIL discussions, debates, decisions, and/or votes RELATING TO the ACTION, J-M PVC-PIPE and/or the J-M PVC-PIPE installed in NORFOLK'S SYSTEM, including, but not limited to, ALL COMMUNICATIONS with the COUNCIL, ALL materials submitted to the COUNCIL, ALL COUNCIL resolutions, ALL minutes of COUNCIL meetings, and ALL written consents RELATING TO these subjects.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561.

On September 27, 2016, I served the following document(s) described as **NOTICE OF THIRD DEPOSITION OF PLAINTIFF COMMONWEALTH OF VIRGINIA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:**  By placing a true copy thereof in sealed envelopes addressed to the parties listed on the attached Service List and causing them to be deposited in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.  I am readily familiar with our firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address kminutelli@birdmarella.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and of my own personal knowledge and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 27, 2016, at Los Angeles, California.


_____

Karen M. Minutelli

3337027.3

**SERVICE LIST**
*U.S. v. J-M Manufacturing Company, Inc., et al.*
**Case No. 5:06-cv-00055-GW-PJW**

Eric R. Havian
Constantine Cannon LLP
4 Embarcadero Center, 14th Floor
San Francisco, CA  94111
Email: ehavian@constantinecannon.com
**Counsel for Plaintiffs**

Elizabeth J. Sher
Day Pitney LLP
One Jefferson Road
Parsippany, NJ  07054-2891
Email: esher@daypitney.com
**Counsel for Plaintiffs**

Thomas B. Watson
Kirk D. Dillman
McKool Smith Hennigan PC
One California Plaza
300 S. Grand Avenue
Suite 2900
Los Angeles, CA  90071
Email:
twatson@mckoolsmithhennigan.com
Email:
kdillman@mckoolsmithhennigan.com
**Counsel for Plaintiffs**

Paul F. Prather
Deputy City Attorney
City Attorney's Office
Office of the San Diego City Attorney
1200 Third Avenue, Suite 1100
San Diego, CA 92101
Email: PPrather@sandiego.gov
**Counsel for Plaintiff/Intervenor City of San Diego**

3337027.3

2

PROOF OF SERVICE

# EXHIBIT C

David Bernick (*admitted pro hac vice*)
    dbernick@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 698-3551
Facsimile:  (212) 698-3599

Ekwan E. Rhow – State Bar No. 174604
    erhow@birdmarella.com
Paul S. Chan – State Bar No. 183406
    pchan@birdmarella.com
Marc E. Masters – State Bar No. 208375
    mmasters@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California  90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Defendant
J-M Manufacturing Company, Inc.
dba JM Eagle

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>J-M MANUFACTURING COMPANY, INC. dba JM EAGLE, *et al.*,<br><br>                    Defendants. | CASE NO. 5:06-cv-00055-GW-PJW<br><br>**NOTICE OF FOURTH DEPOSITION OF PLAINTIFF COMMONWEALTH OF VIRGINIA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**<br><br>Date:    October 31, 2016<br>Time:    1:30 P.M.<br>Place:   Paul Weiss<br>         2001 K Street, NW<br>         Washington, DC 20006<br><br>Assigned to Hon. George H. Wu, Courtroom 10 |

3337471.3

1    **PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules

2   of Procedure ("FRCP") and the agreement of the parties, Defendant J-M Manufacturing

3   Company, Inc. dba JM Eagle ("J-M") will take the deposition, upon oral examination,

4   of Plaintiff Commonwealth of Virginia on behalf of the City of Norfolk ("Virginia") on

5   October 31, 2016, at 1:30 P.M. at the offices of Paul, Weiss, Rifkind, Wharton

6   & Garrison LLP, 2001 K Street, NW, Washington, DC 20006-1047. The deposition

7   will continue from day to day, except for weekends and holidays, until completed. The

8   deposition will be taken before an officer authorized to administer oaths and will be

9   recorded by stenographic and audiovisual means. J-M reserves the right to use these

10   recordings of the deposition at trial for any purpose.

11    Pursuant to FRCP 30(b)(6), Virginia shall designate and produce one or more of

12   its officers, directors, and/or managing agents, and/or shall designate other persons who

13   consent to testify on its behalf, to testify regarding the deposition topics listed in

14   Attachment A. The person(s) designated by Virginia should have knowledge of the

15   facts and circumstances relating to the topics set forth in Attachment A. Pursuant to

16   FRCP 30(b)(2), Virginia also shall produce the documents listed in Attachment A at the

17   time and place of deposition.

18   DATED:  September 27, 2016       PAUL, WEISS, RIFKIND, WHARTON
                                       & GARRISON LLP
19
20                                     By:  ___/s/ David Bernick___
                                              David Bernick
21                                         Attorneys for Defendant J-M
22
23   DATED:  September 27, 2016       BIRD, MARELLA, BOXER, WOLPERT,
                                       NESSIM, DROOKS, LINCENBERG
24                                     & RHOW, P.C.
25
26                                     By:  ___/s/ Paul S. Chan___
                                              Paul S. Chan
27                                         Attorneys for Defendant J-M
28

<u>**ATTACHMENT A**</u>

**I.     DEFINITIONS**

1.     "ACTION" shall mean and refer to the lawsuit styled *U.S. et al. ex rel. Hendrix v. J-M Manufacturing Company, Inc. d/b/a JM Eagle et al.*, USDC C.D. Cal. Case No. ED CV-06-0055-GW.

2.     "COMMUNICATION(S)" shall mean and include, without limitation, oral communications, including, without limitation, face-to-face conversations, conferences and telephone conversations; written and computerized communications and correspondence; emails; and the delivery or furnishing of documents.

3.     "DOCUMENT(S)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical,

1   electronic or electrical recording device, data compilations from which information

2   can be obtained or can be translated through detection devices into a reasonably

3   usable form, computer inputs or outputs, or any other written, graphic or recorded

4   representations or communications whatsoever, whether in lithograph, or in any

5   other tangible form or intangible form which can be reduced to tangible form, and

6   any other form of communication or representation including letters, records,

7   pictures, film, videotape, sounds, symbols or communications thereof.

8      "DOCUMENT(S)" shall also mean and include, without limitation, any and

9   all originals, duplicate originals, facsimiles and extra copies or reproductions of all

10  such written, printed, typed, reported, recorded or graphic matter included above,

11  upon which notations and writing, print or otherwise, have been made or to which

12  such notations have been appended.

13     4. "YOU" and "YOUR" shall mean and refer to Plaintiff Commonwealth

14  of Virginia, and any of its employees, agents, representatives, attorneys, associates,

15  affiliates, predecessors, successors and/or any other PERSON(S) acting on its behalf

16  or for its benefit.

17     5. "NORFOLK" shall mean and refer to the City of Norfolk and any of its

18  employees, agents, representatives, attorneys, associates, affiliates, predecessors,

19  successors and/or any other PERSON(S) acting on its behalf or for its benefit.

20     6. "RELATING TO" and/or "RELATE(S) TO" shall mean discussing,

21  describing, constituting, evidencing, memorializing, concerning, mentioning,

22  summarizing, listing, reflecting, analyzing, supporting, negating or concerning the

23  subject matter of the topic.

24     7. The terms "and" and "or" shall be construed either disjunctively or

25  conjunctively whenever appropriate in order to bring within the scope of this

26  subpoena any information or DOCUMENT(S) which might otherwise be considered

27  beyond its scope.

28     8. The terms "all," "each," and "any" shall be construed as all, each, and

1 any whenever appropriate in order to bring within the scope of this subpoena any

2 information or DOCUMENT(S) which might otherwise be considered beyond its

3 scope.

4      9.      The use of the singular form of any word includes the plural and vice

5 versa.

6      10.      Each deposition topic concerns **the time period of 1996 to the**

7 **present**, unless stated otherwise.

8 **II.      DEPOSITION TOPICS**

9      1.      The circumstances under which YOU first became aware of the

10 ACTION, including, but not limited to, how and when YOU first became aware of

11 the ACTION and YOUR actions upon learning of the ACTION.

12      2.      The circumstances under which YOU first informed NORFOLK about

13 the ACTION, including, but not limited to, how and when YOU informed

14 NORFOLK about the ACTION.

15      3.      YOUR COMMUNICATIONS with NORFOLK RELATING TO the

16 ACTION and/or J-M PVC PIPE.

17 **III.      DOCUMENTS REQUESTED**

18      1.      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

19 YOUR learning about the ACTION.

20      2.      ALL COMMUNICATIONS between YOU and NORFOLK

21 RELATING TO the ACTION and/or J-M PVC PIPE.

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

   I am employed in the County of Los Angeles, State of California.  I am over the age
of 18 and not a party to the within action; my business address is 1875 Century Park East,

4

23rd Floor, Los Angeles, California 90067-2561.

5

   On September 27, 2016, I served the following document(s) described as **NOTICE
OF FOURTH DEPOSITION OF PLAINTIFF COMMONWEALTH OF
VIRGINIA PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE**

6

**30(b)(6)** on the interested parties in this action as follows:

7

## SEE ATTACHED SERVICE LIST

8

**BY MAIL:**  By placing a true copy thereof in sealed envelopes addressed to the parties

9

listed on the attached Service List and causing them to be deposited in the mail at Los
Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.  I am

10

readily familiar with our firm's practice of collection and processing correspondence for
mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary

11

course of business.  I am aware that on motion of party served, service is presumed invalid
if postal cancellation date or postage meter date is more than one day after date of deposit

12

for mailing affidavit.

13

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an
agreement of the parties to accept service by e-mail or electronic transmission, I caused the

14

document(s) to be sent from e-mail address kminutelli@birdmarella.com to the persons at
the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time

15

after the transmission, any electronic message or other indication that the transmission was
unsuccessful.

16

17

   I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct and of my own personal knowledge and that I am
employed in the office of a member of the bar of this Court at whose direction the service

18

was made.

19

   Executed on September 27, 2016, at Los Angeles, California.

20

21

          _____

22

          Karen M. Minutelli

23

24

25

26

27

28

3337471.3

PROOF OF SERVICE

**SERVICE LIST**
*U.S. v. J-M Manufacturing Company, Inc., et al.*
**Case No. 5:06-cv-00055-GW-PJW**

Eric R. Havian
Constantine Cannon LLP
4 Embarcadero Center, 14th Floor
San Francisco, CA  94111
Email: ehavian@constantinecannon.com
**Counsel for Plaintiffs**

Elizabeth J. Sher
Day Pitney LLP
One Jefferson Road
Parsippany, NJ  07054-2891
Email: esher@daypitney.com
**Counsel for Plaintiffs**

Thomas B. Watson
Kirk D. Dillman
McKool Smith Hennigan PC
One California Plaza
300 S. Grand Avenue
Suite 2900
Los Angeles, CA  90071
Email: twatson@mckoolsmithhennigan.com
Email: kdillman@mckoolsmithhennigan.com
**Counsel for Plaintiffs**

Paul F. Prather
Deputy City Attorney
City Attorney's Office
Office of the San Diego City Attorney
1200 Third Avenue, Suite 1100
San Diego, CA 92101
Email: PPrather@sandiego.gov
**Counsel for Plaintiff/Intervenor City of San Diego**

2

# EXHIBIT D

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
BRYAN D. DALY, Cal. Bar No. 117901
bdaly@sheppardmullin.com
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
ANTHONY N. MOSHIRNIA, Cal. Bar No. 254253
amoshirnia@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:   213-620-1780
Facsimile:   213-620-1398

Attorneys for Defendant
J-M MANUFACTURING COMPANY, INC.,
d/b/a JM Eagle

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA <u>ex rel</u>. JOHN HENDRIX, <br><br> Plaintiffs, <br><br> v. <br><br> J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation, <br><br> Defendants. | Case No. ED CV-06-0055-GW <br><br> The Hon. George H. Wu <br><br> **DEFENDANT J-M MANUFACTURING COMPANY, INC.'S FIRST SET OF INTERROGATORIES TO COMMONWEALTH OF VIRGINIA** |

-1-

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant J-M Manufacturing Company, Inc., by its undersigned counsel, requests that plaintiff-in-intervention **Commonwealth of Virginia** answer the following First Set of Interrogatories separately and fully, in writing, and under oath.  These Interrogatories shall be deemed continuing, and the responses shall be amended or supplemented as provided in Rule 26(e) of the Federal Rules of Civil Procedure. Responses to these Interrogatories shall be served within 30 days of service thereof.

## **DEFINITIONS**

1.      "YOU" and "YOUR" shall mean and refer to plaintiff-in-intervention **Commonwealth of Virginia**, including, without limitation, any person(s) acting on its behalf and/or under its control.

2.      "JM EAGLE" shall mean and refer to defendant J-M Manufacturing Company, Inc., including, without limitation, any person(s) acting on its behalf and/or under its control.

3.      "JM EAGLE PIPE" shall mean and refer to polyvinyl chloride ("PVC") pipe manufactured by defendant J-M Manufacturing Company, Inc.

4.      "PUTATIVE COMPLAINT" shall mean and refer to the putative Complaint-in-Intervention attached as Exhibit 1 to YOUR Motion for Court Order Authorizing the Filing of YOUR Complaint in Intervention Under F.R.C.P. 15(a) in the above-captioned lawsuit.

5.      "STANDARD," when used in the context of a specification, means and refers to a specification published by an organization that sets and/or enforces product standards, including, without limitation, NSF International,

Underwriters Laboratories, Inc., American Water Works Association, ASTM International, and FM Global.

6.      "PROPRIETARY," when used in the context of a specification, means and refers to a specification YOU published, which may reference or incorporate one or more STANDARD specifications.

7.      "SAC" shall mean and refer to the Second Amended Complaint filed in the ACTION.

8.      "FAILED" and "FAILURE(S)," when used in the context of PVC pipe, shall mean and refer to leaks, cracks, breaks, or other occurrences where the subject PVC pipe did not perform in accordance with one or more STANDARD or PROPRIETARY specifications for PVC pipe.

9.      "WATER SYSTEM" shall mean and refer to the transfer mechanisms utilized for, or which are a part of, the transmission and distribution of water from the water's source to its ultimate point of delivery to customers.

10.      "DOCUMENT(S)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects,

-3-

quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical, electronic or electrical recording device, data compilations from which information can be obtained or can be translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, whether in lithograph, or in any other tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation including letters, records, pictures, film, videotape, sounds, symbols or communications thereof.

"Document(s)" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended.

11. "COMMUNICATION(S)" shall mean and include, without limitation, oral communications, including, without limitation, face-to-face conversations, conferences and telephone conversations; written and computerized communications and correspondence; emails; and the delivery or furnishing of documents.

-4-

1    12.    "RELATING TO" shall mean discussing, describing,
2    constituting, evidencing, memorializing, concerning, mentioning, summarizing,
3    listing, reflecting, analyzing, supporting, negating or concerning the subject matter
4    of the request.

5

6    13.    The terms "and" and "or" shall be construed either disjunctively
7    or conjunctively whenever appropriate in order to bring within the scope of this
8    discovery request any information or document which might otherwise be
9    considered beyond its scope.

10

11    14.    The terms "all," "each," and "any" shall be construed as all,
12    each, and any whenever appropriate in order to bring within the scope of this
13    discovery request any information or document which might otherwise be
14    considered beyond its scope.

15

16    15.    The use of the singular form of any word includes the plural and
17    vice versa.

18

19                              **INSTRUCTIONS**

20    1.    You are required to respond separately and fully to each
21    Interrogatory.

22

23    2.    In answering these Interrogatories, you are requested to furnish
24    all information known or available to you regardless of whether this information is
25    possessed directly by you, your agents, employees, representatives, or investigators;
26    by your present or former attorneys or their agents, employees, representatives, or
27    investigators; or by your affiliates, predecessors, corporations, partnerships or other

28

legal entities controlled by or in any manner affiliated with you, and where the information or documents or things are located.

3. If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge or belief you have concerning the unanswered portion.

4. In responding to these Interrogatories, if the person who verifies the answers does not have personal knowledge of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the person or persons from whom the information was obtained or, if the source of the information is documentary, provide a full description of the document and its location.

5. Any entity to which these Interrogatories refer, whether that entity is a party or not, shall be construed to include all predecessors or successors in interest of that entity.

6. These Interrogatories are continuing in nature. If, at any time after service of the initial responses hereto and prior to trial of this action, you obtain additional information responsive to these Interrogatories, you are required to promptly supplement or amend your answers hereto. Supplemental answers are specifically required to be served if (a) information is later obtained regarding the identity and location of persons having knowledge of discoverable matters, and (b) information is later obtained which (i) renders an answer incorrect when made, or (ii) renders an answer, though correct when made, no longer correct and the

-6-

1  circumstances are such that a failure to amend the answer is in substance a knowing

2  concealment.

3

4        7.      If any information requested is claimed to be immune from

5  discovery because of a privilege or other applicable protection, describe the basis of

6  the privilege claimed and describe the information alleged to be privileged in detail

7  sufficient to enable the Court to decide if the privilege has been properly invoked.

8  When any privilege is claimed, indicate, as to the information requested, whether (a)

9  any documents exist, or (b) any oral communications took place.  If an attorney-

10 client privilege, work-product doctrine, or any other privilege or protective rule is

11 asserted with respect to an oral communication, identify (a) the date of the

12 communication; (b) the subject matter of the communication; (c) the name and place

13 of employment of each person to whom the substance of the communication has

14 been disclosed.  If an attorney-client privilege, work-product doctrine, or any other

15 privilege or protective rule is asserted with respect to a document or electronically

16 stored information, identify (a) the form of each such document or electronically

17 stored information (e.g., letter, email, memorandum, fax, chart, etc.); (b) the title or

18 caption of each such document or electronically stored information; (c) the date of

19 each such document or electronically stored information; (d) the subject matter of

20 each such document or electronically stored information; (e) the author(s) of each

21 such document or electronically stored information, and any person involved in the

22 preparation or drafting of the document or electronically stored information; and (f)

23 the recipients of each such document or electronically stored information or any

24 copy thereof, including all persons to whom the document or electronically stored

25 information has been provided or who have it within their possession, custody or

26 control.

27

28

## <u>INTERROGATORIES – SET ONE</u>

**<u>INTERROGATORY NO. 1:</u>**

Identify (by size, trade name, date of purchase, and entity from whom YOU purchased) all JM EAGLE PIPE YOU purchased from 1990 through the present.

**<u>INTERROGATORY NO. 2:</u>**

Identify all written contracts for the purchase of JM EAGLE PIPE to which YOU were a party from 1990 through the present.

**<u>INTERROGATORY NO. 3:</u>**

Identify (by size, trade name, date of acquisition, and entity from whom YOU acquired) all JM EAGLE PIPE of which YOU "acquired ownership . . . by accepting title . . . from developers who acquired and used J-M Pipe and then deeded it to [YOU] in exchange for the provision of money and/or property to developments or private projects," as YOU allege in Paragraph 24 of YOUR PUTATIVE COMPLAINT, from 1990 through the present.

**<u>INTERROGATORY NO. 4:</u>**

Identify all DOCUMENTS RELATING TO YOUR acquisition of JM EAGLE PIPE "by accepting title . . . from developers who acquired and used J-M Pipe and then deeded it to [YOU] in exchange for the provision of money and/or property to developments or private projects," as YOU allege in Paragraph 24 of YOUR PUTATIVE COMPLAINT, from 1990 through the present.

**<u>INTERROGATORY NO. 5:</u>**

Describe in detail the meaning of "LTS failures," as that term is used in paragraph 21 of YOUR PUTATIVE COMPLAINT.

-8-

**INTERROGATORY NO. 6:**

Describe with particularity all facts that support the contention made in Paragraph 31 of YOUR PUTATIVE COMPLAINT that "during the Relevant Period, the Commonwealth has experienced several instances where J-M pipe failed," including the date YOU learned of each alleged failure, the serial number and location of the JM EAGLE PIPE that allegedly failed, a description of the alleged failure (e.g., ductile, brittle, leakage, etc.), and the identity and last known telephone number and address of the person most knowledgeable respecting the alleged failure.

**INTERROGATORY NO. 7:**

For each JM EAGLE PIPE FAILURE that YOU described in response to Interrogatory No. 6, explain in detail the damages that YOU contend that YOU have suffered, including dollar amounts, how such damages are calculated, and all facts upon which YOU base YOUR damages calculations, including the identity and last known telephone number and address of the person most knowledgeable respecting the claimed damages.

**INTERROGATORY NO. 8:**

Other than the JM EAGLE PIPE YOU identified in response to Interrogatory No. 6, identify (by serial number, order number, date of purchase or acquisition, and entity from whom YOU purchased or acquired) any JM EAGLE PIPE YOU purchased or acquired from 1990 through the present that does not meet one or more STANDARD or PROPRIETARY specifications.

**INTERROGATORY NO. 9:**

For each JM EAGLE PIPE YOU identified in response to Interrogatory No. 8, describe with particularity all facts RELATING TO YOUR contention that

-9-

such pipe does not meet a STANDARD or PROPRIETARY specification, including the applicable specification(s), how such specification(s) was/were not met, the name and last known telephone number and address of the person most knowledgeable respecting such facts.

**INTERROGATORY NO. 10:**

Identify each false claim for payment that YOU contend JM EAGLE presented or caused to be presented to YOU.

**INTERROGATORY NO. 11:**

Identify each false statement YOU contend that JM EAGLE made or caused to be made in order to induce YOU to pay a false or fraudulent claim.

**INTERROGATORY NO. 12:**

Describe with particularity the circumstances under which YOU learned about the ACTION, including when and from whom YOU learned about the ACTION, and the identity of all COMMUNICATIONS containing this information.

**INTERROGATORY NO. 13:**

If YOU have performed or caused to be performed any tests to determine whether JM EAGLE PIPE meets one or more STANDARD or PROPRIETARY specifications, for each such test state the test date, the serial number of the pipe tested, the person or entity who performed the test, the test result, and identify all DOCUMENTS RELATING TO the test.

**INTERROGATORY NO. 14:**

If YOU contend that JM EAGLE was aware of the STANDARD and/or PROPRIETARY specification(s) that applied to PVC pipe installed in YOUR

-10-

WATER SYSTEM from 1990 through the present, state all facts that support such contention.

**INTERROGATORY NO. 15:**

If YOU contend that JM EAGLE was aware of representations about JM EAGLE PIPE made to YOU by persons or entities other than JM EAGLE (e.g., distributors and contractors), state all facts that support such contention.

**INTERROGATORY NO. 16:**

State the name, last known address, and last known telephone number for each of YOUR current and former employees to whom JM EAGLE made representations RELATING TO JM EAGLE PIPE from 1990 through the present.

**INTERROGATORY NO. 17:**

State the name, last known address, and last known telephone number for each of YOUR current and former employees to whom persons or entities other than JM EAGLE (e.g., distributors and contractors) made representations RELATING TO JM EAGLE PIPE.

**INTERROGATORY NO. 18:**

State the name, last known address, and last known telephone number for each of YOUR current and former employees to whom "developers" made representations RELATING TO JM EAGLE PIPE.  (For the purposes of this Interrogatory, the term "developers" has the meaning and reference ascribed to it in Paragraph 24 of YOUR PUTATIVE COMPLAINT).

-11-

**INTERROGATORY NO. 19:**

To the extent they are not addressed in YOUR responses to the foregoing Interrogatories, describe with particularity the damages that YOU contend JM EAGLE caused to YOU.

Dated:  September 16, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____

ANTHONY N. MOSHIRNIA
Attorneys for
J-M MANUFACTURING COMPANY, INC.

-12-

# EXHIBIT E

1  CHARLES E. JAMES, JR., Chief Deputy Attorney General of Virginia
2  ERIC A. GREGORY, Assistant Attorney General
   EGregory@oag.state.va.us
3  KIVA BLAND PIERCE, Assistant Attorney General
4  KPierce@oag.state.va.us
   Office of the Attorney General
5  Commonwealth of Virginia
6  900 East Main Street
   Richmond, Virginia 23219
7  Tel: (804) 225-3179
8  Fax: (804) 371-8718

9  **Attorneys for the Commonwealth of Virginia**

10 (Appearances for Commonwealth of Virginia continued following caption)

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 | UNITED STATES, THE STATES OF | Case No. ED CV-06-00055-GW
   | CALIFORNIA, DELAWARE, |
16 | FLORIDA, ILLINOIS, INDIANA, | The Hon. George H. Wu
   | NEVADA, NEW MEXICO, NEW |
17 | YORK, and TENNESSEE, THE | **THE COMMONWEALTH OF**
   | COMMONWEALTHS OF | **VIRGINIA'S RESPONSES AND**
18 | MASSACHUSETTS AND VIRGINIA, | **OBJECTIONS TO DEFENDANT**
   | and THE DISTRICT OF COLUMBIA | **J-M MANUFACTURING**
19 | ex rel. JOHN HENDRIX, | **COMPANY, INC.'S FIRST SET OF**
   | | **INTERROGATORIES**
20 |              Plaintiffs, |

21 |

22 |       v. |

23 | J-M MANUFACTURING COMPANY, |
   | INC., d/b/a JM Eagle, a Delaware |
24 | corporation, and FORMOSA |
   | PLASTICS CORPORATION, U.S.A., |
25 | a Delaware corporation, |

26 |              Defendants. |

27

28

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
131 Steuart Street, Suite 501
San Francisco, California  94105
Tel: (415) 836-9000
Fax: (415) 836-9001

BRENT N. RUSHFORTH (State Bar No. 45873)
brushforth@daypitney.com
DAY PITNEY LLP
1100 New York Avenue, NW
Washington, D.C. 20005
Tel: (202) 218-3900
Fax: (202) 218-3910

**Attorneys for the Commonwealth of Virginia**

1

2           Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff-

3   Intervenor the Commonwealth of Virginia ("Virginia") hereby objects and responds

4   to Defendant J-M Manufacturing Company, Inc.'s ("JM Eagle" or "J-M") First Set

5   of Interrogatories ("Interrogatories") as follows.

6                          DEFINITIONS PROVIDED BY J-M

7           1.      "YOU" and "YOUR" shall mean and refer to plaintiff-in-

8   intervention Commonwealth of Virginia, including, without limitation, any

9   person(s) acting on its behalf and/or under its control.

10          2.      "JM EAGLE" shall mean and refer to defendant J-M

11  Manufacturing Company, Inc., including, without limitation, any person(s) acting on

12  its behalf and/or under its control.

13          3.      "JM EAGLE PIPE" shall mean and refer to polyvinyl chloride

14  ("PVC") pipe manufactured by defendant J-M Manufacturing Company, Inc.

15          4.      "PUTATIVE COMPLAINT" shall mean and refer to the putative

16  Complaint-in-Intervention attached as Exhibit 1 to YOUR Motion for Court Order

17  Authorizing the Filing of YOUR Complaint in Intervention Under F.R.C.P. 15(a) in

18  the above-captioned lawsuit.

19          5.      "STANDARD," when used in the context of a specification,

20  means and refers to a specification published by an organization that sets and/or

21  enforces product standards, including, without limitation, NSF International,

22  Underwriters Laboratories, Inc., American Water Works Association, ASTM

23  International, and FM Global.

24          6.      "PROPRIETARY," when used in the context of a specification,

25  means and refers to a specification YOU published, which may reference or

26  incorporate one or more STANDARD specifications.

27          7.      "SAC" shall mean and refer to the Second Amended Complaint

28

1  filed in the above-captioned lawsuit.

2          8.    "FAILED" and "FAILURE(S)," when used in the context of

3  PVC pipe, shall mean and refer to leaks, cracks, breaks, or other occurrences where

4  the subject PVC pipe did not perform in accordance with one or more STANDARD

5  or PROPRIETARY specifications for PVC pipe.

6          9.    "WATER SYSTEM" shall mean and refer to the transfer

7  mechanisms utilized for, or which are a part of, the transmission and distribution of

8  water from the water's source to its ultimate point of delivery to customers.

9         10.    "DOCUMENT(S)" is used in the broadest sense possible and

10  shall mean and include, without limitation, any and all "writings" within the scope

11  of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters,

12  telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins,

13  instructions, rulings, decisions, policies, binders, books, file folders, printed matter,

14  notebooks, minutes, agenda, memoranda, intra- or inter-office communications of

15  any type or nature, workbooks, worksheets, stenographers' notebooks, reports,

16  records, diaries, calendars, calendar entries, files, studies, forecasts, projects,

17  surveys, appraisals, analyses, financial statements of every type, budgets, projects,

18  quotations, calculations, logs, job logs, timesheets, bills, invoices, statements,

19  purchase orders, checks, check registers, journals, schedules, ledger books, log

20  books, books of account, accounts, work papers, summaries, contracts or any other

21  types of agreement, proposals, working papers, payrolls, charts, notes of meetings or

22  interviews or telephone conversations, requests for authorization, requests for

23  quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints,

24  plans, schematics, manuals, accountants' statements or summaries, graphs, charts,

25  photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings

26  or conversations or interviews either in writing or made upon any mechanical,

27  electronic or electrical recording device, data compilations from which information

28

-4-

can be obtained or can be translated through detection devices into a reasonably usable form, computer inputs or outputs, or any other written, graphic or recorded representations or communications whatsoever, whether in lithograph, or in any other tangible form or intangible form which can be reduced to tangible form, and any other form of communication or representation including letters, records, pictures, film, videotape, sounds, symbols or communications thereof.

"Document(s)" shall also mean and include, without limitation, any and all originals, duplicate originals, facsimiles and extra copies or reproductions of all such written, printed, typed, reported, recorded or graphic matter included above, upon which notations and writing, print or otherwise, have been made or to which such notations have been appended.

11.    "COMMUNICATION(S)" shall mean and include, without limitation, oral communications, including, without limitation, face-to-face conversations, conferences and telephone conversations; written and computerized communications and correspondence; emails; and the delivery or furnishing of documents.

12.    "RELATING TO" shall mean discussing, describing, constituting, evidencing, memorializing, concerning, mentioning, summarizing, listing, reflecting, analyzing, supporting, negating or concerning the subject matter of the request.

13.    The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this discovery request any information or document which might otherwise be considered beyond its scope.

14.    The terms "all," "each," and "any" shall be construed as all, each, and any whenever appropriate in order to bring within the scope of this discovery request any information or document which might otherwise be

1   considered beyond its scope.

2         15.    The use of the singular form of any word includes the plural and

3   vice versa.

4   <u>INSTRUCTIONS PROVIDED BY J-M</u>

5         1.    You are required to respond separately and fully to each request

6   Interrogatory.

7         2.    In answering these Interrogatories, you are requested to furnish

8   all information known or available to you regardless of whether this information is

9   possessed directly by you, your agents, employees, representatives, or investigators;

10   by your present or former attorneys or their agents, employees, representatives, or

11   investigators; or by your affiliates, predecessors, corporations, partnerships or other

12   legal entities controlled by or in any manner affiliated with you, and where the

13   information or documents or things are located.

14         3.    If any of these Interrogatories cannot be answered in full, answer

15   to the extent possible, specifying the reasons for the inability to answer the

16   remainder and stating whatever information, knowledge or belief you have

17   concerning the unanswered portion.

18         4.    In responding to these Interrogatories, if the person who verifies

19   the answers does not have personal knowledge of the information contained in the

20   answers, that person shall, for each answer not verified by personal knowledge,

21   identify the person or persons from whom the information was obtained or, if the

22   source of the information is documentary, provide a full description of the document

23   and its location.

24         5.    Any entity to which these Interrogatories refer, whether that

25   entity is a party or not, shall be construed to include all predecessors or successors in

26   interest of that entity.

27         6.    These Interrogatories are continuing in nature. If, at any time

28

after service of the initial responses hereto and prior to trial of this action, you obtain additional information responsive to these Interrogatories, you are required to promptly supplement or amend your answers hereto. Supplemental answers are specifically required to be served if (a) information is later obtained regarding the identity and location of persons having knowledge of discoverable matters, and (b) information is later obtained which (i) renders an answer incorrect when made, or (ii) renders an answer, though correct when made, no longer correct and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

7.     If any information requested is claimed to be immune from discovery because of a privilege or other applicable protection, describe the basis of the privilege claimed and describe the information alleged to be privileged in detail sufficient to enable the Court to decide if the privilege has been properly invoked. When any privilege is claimed, indicate, as to the information requested, whether (a) any documents exist, or (b) any oral communications took place. If an attorney-client privilege, work-product doctrine, or any other privilege or protective rule is asserted with respect to an oral communication, identify (a) the date of the communication; (b) the subject matter of the communication; (c) the name and place of employment of each person to whom the substance of the communication has been disclosed. If an attorney-client privilege, work-product doctrine, or any other privilege or protective rule is asserted with respect to a document or electronically stored information, identify (a) the form of each such document or electronically stored information (e.g., letter, email, memorandum, fax, chart, etc.); (b) the title or caption of each such document or electronically stored information; (c) the date of each such document or electronically stored information; (d) the subject matter of each such document or electronically stored information; (e) the author(s) of each such document or electronically stored information, and any person involved in the

1  preparation or drafting of the document or electronically stored information; and (f)

2  the recipients of each such document or electronically stored information or any

3  copy thereof, including all persons to whom the document or electronically stored

4  information has been provided or who have it within their possession, custody or

5  control.

6  **GENERAL OBJECTIONS**

7        1.    Virginia objects to the Interrogatories, including the Instructions,

8  to the extent they seek to impose obligations on Virginia that exceed the

9  requirements of the Federal Rules of Civil Procedure or the Local Rules of the

10  Central District of California.  In particular, Virginia objects to Instructions 2 and 5

11  to the extent they seeks to impose a burden on Virginia to gather information that is

12  not available to Virginia or within its possession, custody, or control.  Virginia

13  further objects to Instructions 3 and 4 to the extent they seek to impose a burden

14  beyond that specified in Fed. R. Civ. P. 33(b).  Virginia further objects to Instruction

15  7 to the extent it seeks to impose a burden beyond that required by Fed. R. Civ. P.

16  26(b)(5).

17        2.    Virginia objects to the Interrogatories, including the Instructions,

18  to the extent they seek information that is protected from disclosure by the attorney-

19  client privilege, the work product doctrine, the common interest or joint prosecution

20  privilege, or other applicable protections or privileges.

21        3.    Virginia objects to the Interrogatories to the extent that they are

22  unduly burdensome, overly broad, and seek information that is neither relevant to

23  the claims or defenses in this action nor likely to lead to admissible evidence.

24        4.    Virginia objects to Definitions 13-15 on the ground that they are

25  unreasonable, unfair, and burdensome as they require Virginia to conceive and

26  address numerous combinations and permutations of the language appearing in any

27  given Interrogatory.  Virginia will respond to each Interrogatory as written.

28

1         5.     Virginia objects to the definition of "Failed" and "Failures" on

2    the ground that it is ambiguous and incomplete, inasmuch as it does not include

3    PVC pipe that fails to conform to applicable standards, specifications, warranties

4    and/or representations.  For purposes of responding to the Interrogatories, Virginia

5    will include within the definition of "Failed" or "Failures" any and all JM Eagle

6    PVC pipe that has suffered leaks, cracks, breaks, or other occurrences, or which fails

7    to conform to applicable standards, specifications, warranties and/or representations.

8         6.     Virginia objects to the definition of "Second Amended

9    Complaint" on the ground that it does not refer to the operative document, which is

10   the Corrected Second Amended Complaint filed on March 18, 2010 [Dkt. #159].

11   For purposes of responding to the Interrogatories,  Virginia will interpret references

12   to the Second Amended Complaint to mean the Corrected Second Amended

13   Complaint, and Virginia's references to the Second Amended Complaint shall mean

14   the Corrected Second Amended Complaint.

15        7.     Virginia objects to the definition of "Water System" on the

16   ground that it is ambiguous and misleading in that it does not include Virginia's

17   sewer, irrigation, and other systems that may also use JM Pipe.  For purposes of

18   responding to the Interrogatories, Virginia will define "Water System" as including

19   "transfer mechanisms utilized for, or which are a part of, the transmission and

20   distribution of water from the water's source to its ultimate point of delivery to or

21   from customers, whether such systems are used for the transmission of  potable or

22   unpotable water, sewage, or irrigation water."

23        8.     As to each "contention interrogatory," Virginia objects that the

24   interrogatory is premature as discovery is just commencing, and the response to

25   such interrogatory should be postponed until the completion of discovery in

26   accordance with Fed. R. Civ. P. 33(a)(2).

27        9.     Virginia objects to the definition of "YOU" and "YOUR" in

28

1  these Interrogatories as vague and ambiguous in that the definition of "YOU" and

2  "YOUR" refers to the Commonwealth of Virginia, which is itself undefined.  In

3  answering these Interrogatories, Virginia will use the word "Virginia" to refer to the

4  Commonwealth of Virginia, its public agencies, and all political subdivisions of the

5  Commonwealth that have purchased or acquired JM Eagle Pipe from 1990 to the

6  present.

7          10.    Virginia objects to all the Interrogatories because the

8  Interrogatories as propounded exceed the limitation imposed by Fed. R. Civ. P.

9  33(a)(1) of 25 interrogatories.  JM Eagle has exceeded this limitation through the

10  use of "sub-parts" or "including" language in many of its interrogatories.  As a

11  result, what J-M has numbered as a single interrogatory actually contains multiple

12  interrogatories for purposes of the limitations imposed by the Federal Rules.

13  Nonetheless, Virginia has responded to each of the interrogatories propounded, but

14  reserves all rights with respect to the use by JM Eagle of any responses provided

15  because JM Eagle has exceeded the limitations imposed by the Federal Rules.

16  Virginia further notes that JM Eagle has exhausted the number of  interrogatories it

17  may serve on Virginia under the Federal Rules and any attempt to serve any

18  additional interrogatories absent a court order would be improper.

19          11.    Virginia objects to all the Interrogatories to the extent they seek

20  facts or information already known to JM Eagle, or primarily known to JM Eagle, or

21  otherwise seek information already within the possession, custody, or control of JM

22  Eagle, another defendant, or a third party.  Such Interrogatories impose an undue

23  and unnecessary burden on Virginia and "can be obtained from some other source

24  [JM Eagle or another entity] that is more convenient, less burdensome, [and] less

25  expensive" within the meaning of Fed. R. Civ. P. 26(b)(2)(c)(i).

26

27

28

1                           **INTERROGATORIES – SET ONE**

2 **INTERROGATORY NO. 1:**

3                Identify (by size, trade name, date of purchase, and entity from whom

4 YOU purchased) all JM EAGLE PIPE YOU purchased from 1990 through the

5 present.

6                **RESPONSE:**  Virginia incorporates by reference herein General

7 Objections 1, 3, 4, 9, 10, and 11.  Subject to and without waiving those objections,

8 Virginia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Virginia will

9 produce responsive, non-privileged business records (including electronically stored

10 information) from which the answer to this Interrogatory may be determined and as

11 to which the burden of deriving or ascertaining the answer will be substantially the

12 same for JM Eagle and Virginia.  In addition, Virginia will continue its investigation

13 in good faith and will supplement and/or amend its response as additional

14 information becomes known or available to it.

15

16 **INTERROGATORY NO. 2:**

17                Identify all written contracts for the purchase of JM EAGLE PIPE to

18 which YOU were a party from 1990 through the present.

19                **RESPONSE:** Virginia incorporates by reference herein General

20 Objections 1, 3, 4, 9, 10, and 11.  Subject to and without waiving those objections,

21 Virginia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Virginia will

22 produce responsive, non-privileged business records (including electronically stored

23 information) from which the answer to this Interrogatory may be determined and as

24 to which the burden of deriving or ascertaining the answer will be substantially the

25 same for JM Eagle and Virginia.  In addition, Virginia will continue its investigation

26 in good faith and will supplement and/or amend its response as additional

27 information becomes known or available to it.

28

**INTERROGATORY NO. 3:**

Identify (by size, trade name, date of acquisition, and entity from whom YOU acquired) all JM EAGLE PIPE of which YOU "acquired ownership . . . by accepting title . . . from developers who acquired and used J-M Pipe and then deeded it to [YOU] in exchange for the provision of money and/or property to developments or private projects," as YOU allege in Paragraph 24 of YOUR PUTATIVE COMPLAINT, from 1990 through the present.

**RESPONSE:**  Virginia incorporates by reference herein General Objections 1, 3, 4, 9, and 10.  Subject to and without waiving those objections, Virginia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Virginia will produce responsive, non-privileged business records (including electronically stored information) from which the answer to this Interrogatory may be determined and as to which the burden of deriving or ascertaining the answer will be substantially the same for JM Eagle and Virginia.  In addition, Virginia will continue its investigation in good faith and will supplement and/or amend its response as additional information becomes known or available to it.

**INTERROGATORY NO. 4:**

Identify all DOCUMENTS RELATING TO YOUR acquisition of JM EAGLE PIPE "by accepting title . . . from developers who acquired and used J-M Pipe and then deeded it to [YOU] in exchange for the provision of money and/or property to developments or private projects," as YOU allege in Paragraph 24 of YOUR PUTATIVE COMPLAINT, from 1990 through the present.

**RESPONSE:**  Virginia incorporates by reference herein General Objections 1, 3, 4, 9, and 10.  Subject to and without waiving those objections, Virginia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Virginia will produce responsive, non-privileged business records (including electronically stored

1  information) from which the answer to this Interrogatory may be determined and as

2  to which the burden of deriving or ascertaining the answer will be substantially the

3  same for JM Eagle and Virginia.  In addition, Virginia will continue its investigation

4  in good faith and will supplement and/or amend its response as additional

5  information becomes known or available to it.

6

7  **INTERROGATORY NO. 5:**

8          Describe in detail the meaning of "LTS failures," as that term is used in

9  paragraph 21 of YOUR PUTATIVE COMPLAINT.

10         **RESPONSE:**  Virginia incorporates by reference herein General

11  Objections 1 and 10.  Subject to and without waiving those objections, Virginia

12  responds as follows:  "LTS failures" refers to the pipes' failure to obtain the

13  minimum tensile strength as required by applicable industry standards or a failure in

14  operation that results from inadequate tensile strength.

15

16  **INTERROGATORY NO. 6:**

17         Describe with particularity all facts that support the contention made in

18  Paragraph 31 of YOUR PUTATIVE COMPLAINT that "during the Relevant

19  Period, the Commonwealth has experienced several instances where J-M pipe

20  failed," including the date YOU learned of each alleged failure, the serial number

21  and location of the JM EAGLE PIPE that allegedly failed, a description of the

22  alleged failure (e.g., ductile, brittle, leakage, etc.), and the identity and last known

23  telephone number and address of the person most knowledgeable respecting the

24  alleged failure.

25         **RESPONSE**: Virginia incorporates by reference herein General

26  Objections 1, 3, 4, 9, and 10.  Subject to and without waiving those objections,

27  Virginia responds as follows:  With regard to failures such as breaking, leaking,

28

-13-

1   cracking, splitting, or exploding pipe, and pursuant to Fed. R. Civ. P. 33(d), Virginia
2   will produce responsive, non-privileged business records (including electronically
3   stored information) from which the answer to this Interrogatory may be determined
4   and as to which the burden of deriving or ascertaining the answer will be
5   substantially the same for JM Eagle and Virginia.  In addition, Virginia will
6   continue its investigation in good faith and will supplement and/or amend its
7   response as additional information becomes known or available to it.
8
9   **INTERROGATORY NO. 7:**
10          For each JM EAGLE PIPE FAILURE that YOU described in response
11  to Interrogatory No. 6, explain in detail the damages that YOU contend that YOU
12  have suffered, including dollar amounts, how such damages are calculated, and all
13  facts upon which YOU base YOUR damages calculations, including the identity and
14  last known telephone number and address of the person most knowledgeable
15  respecting the claimed damages.
16          **RESPONSE**:  Virginia incorporates by reference herein General
17  Objections 1, 3, 4, 5, 8, 9, and 10.  Virginia further objects that this Interrogatory is
18  premature in that it calls for information that will be the subject of expert testimony,
19  which information will be produced at the appropriate time in accordance with the
20  requirements of the Federal Rules of Civil Procedure.  Subject to and without
21  waiving those objections, Virginia responds as follows:  Pursuant to Fed. R. Civ. P.
22  33(d), Virginia will produce responsive, non-privileged business records (including
23  electronically stored information) from which the answer to this Interrogatory may
24  be determined in part and as to which the burden of deriving or ascertaining the
25  answer will be substantially the same for JM Eagle and Virginia.  In addition,
26  Virginia has not completed its calculation and computation of damages, and
27  Virginia will continue its investigation in good faith and will supplement and/or
28

-14-

1  amend its response as additional information becomes known or available to it,

2  including the production of expert reports and testimony when appropriate pursuant

3  to the Federal Rules.

4

5  **INTERROGATORY NO. 8:**

6        Other than the JM EAGLE PIPE YOU identified in response to

7  Interrogatory No. 6, identify (by serial number, order number, date of purchase or

8  acquisition, and entity from whom YOU purchased or acquired) any JM EAGLE

9  PIPE YOU purchased or acquired from 1990 through the present that does not meet

10  one or more STANDARD or PROPRIETARY specifications.

11        **RESPONSE:**  Virginia incorporates by reference herein General

12  Objections 1, 3, 4, 9, 10, and 11.  Subject to and without waiving that objection,

13  Virginia responds as follows:  Virginia contends that all of the JM Eagle PVC pipe

14  it purchased or acquired from 1990 to the present did not meet the "standard or

15  proprietary specifications" that JM Eagle and others, including other Defendants,

16  represented that such pipe met.  Pursuant to Fed. R. Civ. P. 33(d), Virginia will

17  produce responsive, non-privileged business records (including electronically stored

18  information) from which the answer to this Interrogatory may be determined and as

19  to which the burden of deriving or ascertaining the answer will be substantially the

20  same for JM Eagle and Virginia.  In addition, Virginia will continue its investigation

21  in good faith and will supplement and/or amend its response as additional

22  information becomes known or available to it.

23

24  **INTERROGATORY NO. 9:**

25        For each JM EAGLE PIPE YOU identified in response to Interrogatory

26  No. 8, describe with particularity all facts RELATING TO YOUR contention that

27  such pipe does not meet a STANDARD or PROPRIETARY specification, including

28

1  the applicable specification(s), how such specification(s) was/were not met, the
2  name and last known telephone number and address of the person most
3  knowledgeable respecting such facts.

4        **RESPONSE:** Virginia incorporates by reference herein General
5  Objections 1, 3, 4, 8, 9, 10, and 11.  Subject to and without waiving those
6  objections, Virginia responds as follows:  Virginia contends that all of the JM Eagle
7  PVC pipe it purchased or acquired from 1990 to the present did not meet the
8  "standard or proprietary specifications" that JM Eagle and others, including other
9  Defendants, represented such pipe met.  These standards include, but are not limited
10  to, AWWA C900 or C905 standards as defined by the American Water Works
11  Association, ASTM D2241 standards as defined by ASTM International, UL 1285
12  as defined by Underwriters Laboratories Inc., NSF 14 and NSF 61 as defined by
13  NSF International (f/k/a the National Sanitation Foundation), NFPA 24 as defined
14  by the National Fire Protection Association, FM 1612 as defined by FM Approvals
15  LLC, PPI-TR 3 and PPI-TR 4 as defined by the Plastics Pipe Institute, any
16  predecessor or affiliated standards, and any additional standards referenced or
17  incorporated within these standards.  JM Eagle used poor quality materials in the
18  recipe of the PVC pipe, substituting those cheaper materials for better materials that
19  were used previously; ran the manufacturing process, called extrusion, at speeds that
20  damaged the quality of the PVC pipe while failing to properly maintain the
21  manufacturing equipment; cherry-picked, rather than randomly selected, PVC pipe
22  for testing, thus ensuring that the test provided no result representative of the quality
23  and strength of the PVC pipe sold to the federal, state, and local governments; failed
24  to manufacture PVC pipe in the same manner as the pipe it submitted for third-party
25  testing and certification; failed to recertify its products despite its widespread
26  knowledge that all or virtually all of the products it was manufacturing for sale to
27  customers did not meet the standards affixed to the pipe itself, and had not done so
28

1  for more than a decade; and consistently misrepresented the quality and strength of
2  the PVC pipe on the pipe itself, as well as in corporate and sales literature.   JM
3  Eagle falsely represented to its customers that the PVC pipe products sold to them
4  conformed to applicable industry standards when in fact the products were made
5  using inferior materials, processing, and tooling that resulted in their having
6  substandard tensile strength, as measured by various tests.  In addition, Virginia will
7  continue its investigation in good faith and will supplement and/or amend its
8  response as additional information becomes known or available to it, including the
9  production of expert testimony at the appropriate time.

10

11  **INTERROGATORY NO. 10:**

12        Identify each false claim for payment that YOU contend JM EAGLE
13  presented or caused to be presented to YOU.

14        **RESPONSE**:  See objections and response to Interrogatory No. 9,
15  which are incorporated herein by reference.  Each stick of pipe purchased or
16  otherwise acquired by Virginia falsely claimed, on the face of the pipe itself, to meet
17  the standards or specifications required by Virginia for use in its water systems.  In
18  connection with the fraudulent scheme perpetrated by JM Eagle, Virginia expended
19  funds to satisfy invoices presented or caused to be presented  by JM Eagle relating
20  to the purchase or acquisition of JM Eagle pipe.  In each such case, each invoice that
21  JM Eagle presented or caused to be presented, as well as each property interest or
22  service that JM Eagle caused Virginia to relinquish or provide, constituted a false
23  claim for payment to Virginia within the meaning of the Virginia Fraud Against
24  Taxpayers Act.  In addition, pursuant to Fed. R. Civ. P. 33(d), Virginia will produce
25  responsive, non-privileged business records (including electronically stored
26  information) from which the answer to this Interrogatory may be determined and as
27  to which the burden of deriving or ascertaining the answer will be substantially the
28

-17-

1  same for JM Eagle and Virginia.  Virginia will also continue its investigation in
2  good faith and will supplement and/or amend its response as additional information
3  becomes known or available to it.

4

5  **INTERROGATORY NO. 11:**

6         Identify each false statement YOU contend that JM EAGLE made or
7  caused to be made in order to induce YOU to pay a false or fraudulent claim.

8         **RESPONSE**:  See objections and response to Interrogatory No. 9,
9  which are incorporated herein by reference.  Virginia further objects that the
10  Interrogatory incorrectly presumes that there is a requirement under the Virginia
11  Fraud Against Taxpayers Act that Virginia had to be "induced" to pay a false or
12  fraudulent claim, which is incorrect as a matter of law.  Nonetheless, it is clear that
13  JM Eagle's widespread and overwhelming deception described below did induce
14  Virginia to pay false and fraudulent claims.  Subject to and without waiving those
15  objections, Virginia responds as follows: Each stick of pipe purchased or otherwise
16  acquired by Virginia falsely claimed, on the face of the pipe itself, to meet the
17  standards or specifications required by Virginia, as well as basic safety and quality
18  standards commonly used and relied upon in the industry.  Some of those standards
19  are set forth in response to Interrogatory No. 9 above.  Defendant JM Eagle also
20  made and caused to be made numerous false statements in its own publications, its
21  website, and through other means that the products it made conformed to the
22  standards or specifications required by Virginia, as well as basic safety and quality
23  standards commonly used and relied upon in the industry.  Some of those standards
24  are set forth in response to Interrogatory No. 9 above.  In addition, pursuant to Fed.
25  R. Civ. P. 33(d), Virginia will produce responsive, non-privileged business records
26  (including electronically stored information) from which the answer to this
27  Interrogatory may be determined and as to which the burden of deriving or

28

1  ascertaining the answer will be substantially the same for JM Eagle and Virginia.
2  Virginia will also continue its investigation in good faith and will supplement and/or
3  amend its response as additional information becomes known or available to it.
4
5  **INTERROGATORY NO. 12:**
6              Describe with particularity the circumstances under which YOU
7  learned about the ACTION, including when and from whom YOU learned about the
8  ACTION, and the identity of all COMMUNICATIONS containing this information.
9              **RESPONSE**:  Virginia incorporates by reference herein General
10  Objections 1, 2, 3, 4, 9, and 10.  Virginia further objects because the term
11  "ACTION" is undefined.  Virginia will assume this Interrogatory seeks to know the
12  date when the Attorney General of Virginia was served with a copy of a qui tam
13  lawsuit under the Virginia Fraud Against Taxpayers Act styled *U.S. et al. ex rel.*
14  *Hendrix v. J-M Manufacturing Company, Inc. et al.*, that had been filed in federal
15  court in the Central District of California.  Subject to and without waiving those
16  objections, Virginia responds as follows:  The Attorney General of Virginia was
17  served with a copy of that qui tam lawsuit on January 18, 2006.
18
19  **INTERROGATORY NO. 13:**
20              If YOU have performed or caused to be performed any tests to
21  determine whether JM EAGLE PIPE meets one or more STANDARD or
22  PROPRIETARY specifications, for each such test state the test date, the serial
23  number of the pipe tested, the person or entity who performed the test, the test
24  result, and identify all DOCUMENTS RELATING TO the test.
25              **RESPONSE**: Virginia incorporates by reference herein General
26  Objections 1, 2, 3, 4, 9, and 10.  Subject to and without waiving those objections,
27  Virginia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Virginia will
28

1  produce responsive, non-privileged business records (including electronically stored

2  information) from which the answer to this Interrogatory may be determined and as

3  to which the burden of deriving or ascertaining the answer will be substantially the

4  same for JM Eagle and Virginia.  In addition, Virginia will continue its investigation

5  in good faith and will supplement and/or amend its response as additional

6  information becomes known or available to it.

7

8  **INTERROGATORY NO. 14:**

9      If YOU contend that JM EAGLE was aware of the STANDARD and/or

10 PROPRIETARY specification(s) that applied to PVC pipe installed in YOUR

11 WATER SYSTEM from 1990 through the present, state all facts that support such

12 contention.

13      **RESPONSE**:  Virginia incorporates by reference herein General

14 Objections 1, 3, 4, 7, 8, 9, 10, and 11.  Virginia further notes that the information

15 sought in this interrogatory is already within the possession, custody, and control of

16 J-M.  Subject to and without waiving those objections, Virginia responds as follows:

17 Virginia so contends.  JM Eagle has been in the business of selling PVC pipe that

18 has been used by federal, municipal, and state governments for more than 30 years.

19 As a result, during the relevant period, JM Eagle has employed a sophisticated sales

20 staff (both internal to the company, as well as outside sales and marketing agents)

21 that monitors the specifications that these entities, including Virginia, require before

22 JM Eagle pipe can be purchased or acquired by these entities.  JM Eagle employees

23 serve as industry representatives on the committees at Underwriters Laboratories

24 Inc., NSF International, and American Water Works Association that are

25 responsible for overseeing these standards.  In addition, for example, contracts, cut

26 sheets, bid specifications, invoices, bills of lading, certifications of compliance, etc.

27 set forth product specifications that were a condition of Virginia's acceptance of

28

-20-

1   and/or payment for JM Eagle pipe.  In addition, Virginia's specifications relating to

2   PVC pipe to be installed in any water system in Virginia have been available at all

3   relevant times in print and online at the offices and websites of the Commonwealth,

4   its agencies, and political subdivisions.  Virginia will also continue its investigation

5   and examination of records obtained from JM Eagle in good faith and will

6   supplement and/or amend its response as additional information becomes known or

7   available to it.

8

9   **INTERROGATORY NO. 15:**

10          If YOU contend that JM EAGLE was aware of representations about

11   JM EAGLE PIPE made to YOU by persons or entities other than JM EAGLE (e.g.,

12   distributors and contractors), state all facts that support such contention.

13          **RESPONSE**:  Virginia incorporates by reference herein General

14   Objections 1, 3, 4, 8, 9, 10, and 11.  Subject to and without waiving those

15   objections, Virginia responds as follows:  Virginia incorporates by reference its

16   response to Interrogatory Nos. 14 and 16.  In addition, Virginia contends that JM

17   Eagle sold its PVC pipe products through a system of distributors who acted as JM

18   Eagle's agents in such sales transactions, who were authorized to make

19   representations about the pipe by JM Eagle, and who did make representations about

20   the pipe to Virginia (in addition to the representations stamped on the pipe itself).

21   JM Eagle also interacted on a regular and continuing basis with contractors and

22   through the course of those communications and interactions became aware of what

23   they were required to explain and represent to the government entities purchasing or

24   acquiring JM Eagle pipe.  JM Eagle sent marketing and sales literature to its

25   distributors and contractors that touted compliance with various industry standards

26   and specifications.  JM Eagle was aware that such representations were intended to

27   be and were passed on to government entities that purchased or acquired JM Eagle

28

1  pipe.

2

3  **INTERROGATORY NO. 16:**

4          State the name, last known address, and last known telephone number

5  of each of YOUR current and former employees to whom JM EAGLE made

6  representations RELATING TO JM EAGLE PIPE from 1990 to the present.

7          **RESPONSE**: Virginia incorporates by reference herein General

8  Objections 1, 3, 4, 9, 10, and 11. More specifically, with regard to General

9  Objection 3, JM Eagle "made representations" on every single stick of pipe that

10  Virginia purchased or acquired, as each stick of pipe purchased or otherwise

11  acquired by Virginia falsely claimed, on the face of the pipe itself, to meet the

12  standards or specifications required by Virginia, as well as basic safety and quality

13  standards commonly used and relied upon in the industry. Defendant JM Eagle also

14  made and caused to be made numerous false statements in its own publications, its

15  website, and through other means that the products it made conformed to the

16  standards or specifications required by Virginia, as well as basic safety and quality

17  standards commonly used and relied upon in the industry. Therefore, this

18  Interrogatory is overbroad and unduly burdensome as it calls for the identification of

19  every current or former employee of Virginia who has ever seen a stick of JM Eagle

20  Pipe, JM Eagle's publications, and/or JM Eagle's website.

21

22  **INTERROGATORY NO. 17:**

23          State the name, last known address, and last known telephone number

24  of each of YOUR current and former employees to whom persons or entities other

25  than JM EAGLE (e.g., distributors and contractors) made representations

26  RELATING TO JM EAGLE PIPE.

27          **RESPONSE**: Virginia incorporates by reference herein General

28

1  Objections 1, 3, 4, 8, 9, and 10.  Virginia notes that a request for an individual's
2  personal contact information implicates privacy concerns that will have to be
3  addressed by the parties prior any such personal information being provided to JM
4  Eagle.  Subject to and without waiving those objections, Virginia responds as
5  follows: Virginia incorporates by reference its response to Interrogatory Nos. 15 and
6  16.  Furthermore, Virginia will continue its investigation in good faith and will
7  supplement and/or amend its response as additional information becomes known or
8  available to it, including the identity of current and former employees who had
9  contact with persons or entities who made representations, orally or in writing, about
10  JM Eagle Pipe.

11

12  **INTERROGATORY NO. 18:**

13  State the name, last known address, and last known telephone number
14  for each of YOUR current and former employees to whom "developers" made
15  representations RELATING TO JM EAGLE PIPE. (For the purposes of this
16  Interrogatory, the term "developers" has the meaning and reference ascribed to it in
17  Paragraph 24 of YOUR PUTATIVE COMPLAINT).

18  **RESPONSE**:  Virginia incorporates by reference herein General
19  Objections 1, 3, 4, 8, 9, and 10.  Virginia notes that a request for an individual's
20  personal contact information implicates privacy concerns that will have to be
21  addressed by the parties prior any such personal information being provided to JM
22  Eagle.  Subject to and without waiving those objections, Virginia responds as
23  follows: Virginia incorporates by reference its response to Interrogatory No. 15.
24  Furthermore, Virginia will continue its investigation in good faith and will
25  supplement and/or amend its response as additional information becomes known or
26  available to it, including the identity of current and former employees to whom
27  developers made representations, orally or in writing, about JM Eagle Pipe.

28

**INTERROGATORY NO. 19:**

To the extent they are not addressed in YOUR responses to the foregoing Interrogatories, describe with particularity the damages that YOU contend JM EAGLE caused to YOU.

**RESPONSE:**  Virginia incorporates by reference herein General Objections 1, 2, 3, 4, 8, 9, and 10.  Virginia further objects that this Interrogatory is premature in that it calls for information that will be the subject of expert testimony, which information will be produced at the appropriate time in accordance with the requirements of the Federal Rules of Civil Procedure.  Subject to and without waiving those objections, Virginia responds as follows:  Pursuant to Fed. R. Civ. P. 33(d), Virginia will produce responsive, non-privileged business records (including electronically stored information) from which the answer to this Interrogatory may be determined in part and as to which the burden of deriving or ascertaining the answer will be substantially the same for JM Eagle and Virginia.  In addition, Virginia has not completed its calculation and computation of damages, and Virginia will continue its investigation in good faith and will supplement and/or amend its response as additional information becomes known or available to it, including the production of expert testimony at the appropriate time.  In general, Virginia's damages include, without limitation, all losses that have resulted and may result from the fraud and breach of warranty, including costs incurred in inspection, receipt, transportation, installation, care and custody of defective product or possibly defective product; costs associated with replacing defective product prematurely, including replacement product, equipment rental, and labor costs; any other reasonable costs, expenses, and charges incident to the inspection, care, and replacement of the defective product or possibly defective product; any injury to person or property proximately resulting from the fraud and breach of warranty; and all fees and costs related to the investigation, litigation, and resolution of this matter.

1

2

3  Dated:  Nov. 18, 2010

AS TO OBJECTIONS:

*Brent Rushforth*

4  BRENT N. RUSHFORTH (State Bar No. 45873)
   brushforth@daypitney.com
5  DAY PITNEY LLP
   1100 New York Avenue, NW
6  Washington, D.C. 20005
   Tel: (202) 218-3900
7  Fax: (202) 218-3910

8  ERIC R. HAVIAN (State Bar No. 102295)
   erh@pcsf.com
9  MARY A. INMAN (State Bar No. 176059)
   mai@pcsf.com
10 HARRY P. LITMAN (State Bar No. 127202)
   hlitman@litman-law.com
11 JESSICA T. MOORE (State Bar No. 183431)
   jtm@pcsf.com
12 PHILLIPS & COHEN LLP
   131 Steuart Street, Suite 501
13 San Francisco, California  94105
   Tel: (415) 836-9000
14 Fax: (415) 836-9001

15 CHARLES E. JAMES, JR., Chief Deputy
   Attorney General of Virginia
16 ERIC A. GREGORY, Assistant Attorney
   General
17 EGregory@oag.state.va.us
   KIVA BLAND PIERCE, Assistant Attorney
18 General
   KPierce@oag.state.va.us
19 Office of the Attorney General
   Commonwealth of Virginia
20 900 East Main Street
   Richmond, Virginia 23219
21 Tel: (804) 225-3179
   Fax: (804) 371-8718
22

23 **Attorneys for the Commonwealth of Virginia**

24

25

26

27

28

## **VERIFICATION**

Pursuant to Fed. R. Civ. P. 33(b)(1)(B), I, Eric A. Gregory, hereby declare that: (1) I have read the foregoing COMMONWEALTH OF VIRGINIA'S RESPONSES TO DEFENDANT J-M MANUFACTURING COMPANY, INC.'S FIRST SET OF INTERROGATORIES; (2) I am informed and believe that the matters stated in the foregoing document are true; and (3) they reflect the information available to the Commonwealth of Virginia.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct. Executed on November 18, 2010.

_____
SIGNATURE

_Eric A. Gregory_
NAME

_Assistant Attorney General_
TITLE

# EXHIBIT F

Page 1

1                  UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

3

4

5    UNITED STATES, et al.,          :   Case No.

6         Plaintiffs,                :   5:06-cv-00055

7    v.                              :

8    J-M MANUFACTURING COMPANY,      :

9    INC. d/b/a JM EAGLE, et al.,    :

10        Defendants.                :

11

12

13

14

15              DEPOSITION OF 30(b)(6) DESIGNEE

16                      DAVID SPEER

17                   Washington, D.C.

18                   August 9, 2016

19

20

21

22

23

24   Job No. 111171

25   Reported by:  Linda S. Kinkade RDR CRR RMR RPR CSR

1

2

3

4

5                              DAVID SPEER

6                          August 9, 2016

7                            10:17 a.m.

8

9

10

11

12

13          The following is the transcript of the

14    deposition of 30(b)(6) designee, DAVID SPEER, held

15    at the offices of Paul, Weiss, Rifkind, Wharton &

16    Garrison, LLP, 2001 K Street, N.W., Washington, D.C.

17    20006, and reported by Linda S. Kinkade, RDR, CRR,

18    RMR, RPR, CSR, and Notary Public within and for the

19    District of Columbia.

20

21

22

23

24

25

1    A P P E A R A N C E S:

2

3

4    On Behalf of Plaintiffs:

5            Day Pitney

6            One Jefferson Road

7            Parsippany, New Jersey 07054

8            BY:     Elizabeth Sher, Esq.

9

10

11

12

13

14    On Behalf of Defendants:

15            Paul, Weiss, Rifkind, Wharton &

16            Garrison

17            1285 Avenue of the Americas

18            New York, New York 10019

19            BY:     David Bernick, Esq.

20            BY:     Erin Morgan, Esq.

21

22

23

24

25

1                    INDEX OF EXAMINATION

2

3    EXAMINATION of DAVID SPEER                PAGE

4          BY MR. BERNICK                      6

5          BY MS. SHER                         --

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                   E X H I B I T S

 2

 3   NO.                DESCRIPTION                      PAGE

 4   Exhibit 4          AWWA Standard for PVC .........  153

 5                      Pressure Pipe and Fabricated

 6                      Fittings

 7   Exhibit 7880       Hampton Roads Planning ........  154

 8                      District Commission Regional

 9                      Construction Standards, Third

10                      Edition, January 2003

11   Exhibit 20002      Exemplar Plaintiffs' ..........   10

12                      Objections and Responses to

13                      Defendant J-M Manufacturing

14                      Company, Inc's First Set of

15                      Interrogatories in Phase 2

16   Exhibit 20040      Amended Notice of Deposition ..   34

17                      of Plaintiff Commonwealth of

18                      Virginia

19   Exhibit 20041      City of Norfolk, Virginia .....   44

20                      Comprehensive Annual

21                      Financial Report

22                      Organizational Chart

23

24

25
```

1              P R O C E E D I N G S

2          (In session at 10:17 a.m.)

3                  DAVID SPEER,

4          having been first duly sworn, was

5      thereafter examined and testified as follows:

6                   EXAMINATION

7      BY MR. BERNICK:

8          Q. Good morning, Mr. Speer.  My name is

9      David Bernick, and I represent JM Eagle in

10     connection with this case, and I want to start out

11     by making sure that we're following the same rules

12     in this deposition, as I'm sure you were told about

13     in your prior depositions.

14         Rule number 1 is that you're under oath and

15     you have an obligation to tell the truth.  Do you

16     understand that?

17         A. Yes, sir.

18         Q. The second rule is just as important,

19     which is that you be sure to let us know if there's

20     anything about my questions that you don't

21     understand.  If you don't, we'll -- I will assume;

22     we will assume -- that the question is understood.

23     So do you understand how important that is, what

24     I'm saying and how important that is?

25         A. Yes, sir.

1    first to mind that I reviewed.

2          Q. Okay.  If we go back more generally, as I

3    understand your prior testimony, you first learned

4    of this lawsuit roughly in March of 2010; is that

5    correct?

6          A. Yes, sir.

7          Q. Okay.

8          A. That is correct.

9          Q. Since March of 2010, what, if anything,

10   have you done in connection with this case beyond

11   giving your depositions, testifying at trial, and

12   reviewing and attesting to the interrogatory

13   answers?

14         A. Well, of course, there's been various

15   meetings with the different attorneys at different

16   times.  One of the items that -- the first item

17   that I did after that news article was brought to

18   my attention was to contact my superiors in the

19   department of utilities and bring it to their

20   attention and recommend to them that we stop

21   installing J-M C900 PVC pipe immediately until we

22   get -- until this matter is revolved.

23         Q. When you say "this matter," what are you

24   talking about?

25         A. This trial or -- because I understood

1    that -- the article said that a lawsuit was getting

2    filed in federal court or had been filed in federal

3    court in California, and so -- so that the lawsuit,

4    we wanted to see what was occurring with the

5    lawsuit, sir.

6         Q. Okay.  And that was -- you had that

7    conversation and then you took that action roughly

8    in April of 2010, correct?

9         A. Yes, sir.

10        Q. Okay.  Since April of -- after April of

11   2010, what else, if anything, did you do in

12   connection with this case, between that point in

13   time and the trial that occurred in late 2013?

14        MS. SHER:  Other than the things you

15   identified before.

16        Q. Well, no, I'm -- all I'm really trying to

17   find out is we know you gave a deposition, two

18   depositions, we know you testified at trial.  So if

19   we just take the time between April of 2010 and you

20   had the conversation and you took the action with

21   respect to removing J-M from the list of product

22   providers, did you do anything else in connection

23   with this case?

24        A. The city was contacted by, I believe it

25   was a representative from the Virginia Attorney

1    General's Office, regarding Norfolk's -- Virginia's

2    and Norfolk's participation into this lawsuit, if

3    that's something that was being evaluated, pursued.

4    And so I was requested to gather information on all

5    these projects in which we had installed JM Eagle

6    C900 PVC pipe for the times in question where there

7    was the -- so applicable to the lawsuit, and so I

8    did.

9         So myself and some other folks from the

10   department of utilities, we gathered together a

11   bunch of project information on these specific

12   projects and worked with someone from the Virginia

13   Attorney General's Office and a representative from

14   Day Pitney.

15        MS. SHER:  Mr. Speer, I'm just going to

16   remind you -- that was fine.  Please don't discuss

17   anything that you actually discussed with the

18   attorneys, including the Commonwealth's attorneys.

19        A. Okay.  Thank you.

20        Q. So anything else that you did in

21   connection with this case during that period of

22   time from March-April 2010 until the trial?

23        A. Perhaps a couple of meetings with the

24   attorneys themselves, both the Day Pitney attorneys

25   and the city, the representative from the City

Page 171

1    questions.

2            MS. SHER:  I have no questions for the

3    witness so the witness may be excused.

4            MR. BERNICK:  Thank you very much.

5

6    //

7            (The deposition of DAVID SPEER adjourned

8    at 3:30 p.m.)

9    //

10                ACKNOWLEDGMENT OF DEPONENT

11

12            I, DAVID SPEER, do hereby acknowledge that

13   I have read and examined the foregoing testimony

14   and that the same is a true, correct and complete

15   transcription of the testimony given by me, with

16   the exception of the noted corrections, if any,

17   appearing on the attached errata page.

18

19    _____    _____

20      DATE                    DAVID SPEER

21

22   Subscribed and sworn to before me this _____ day of

23   _____, 20_____.

24   _____ (Notary Public)

25   My Commission expires: _____

Page 172

C E R T I F I C A T E

I, LINDA S. KINKADE, Registered Diplomate
Reporter, Certified Realtime Reporter, Registered
Merit Reporter, Certified Shorthand Reporter, and
Notary Public, do hereby certify that prior to the
commencement of examination the deponent herein was
duly sworn by me to testify truthfully under
penalty of perjury.

I FURTHER CERTIFY that the foregoing is a
true and accurate transcript of the proceedings as
reported by me stenographically to the best of my
ability.

I FURTHER CERTIFY that I am neither counsel
for nor related to nor employed by any of the
parties to this case and have no interest,
financial or otherwise, in its outcome.

IN WITNESS WHEREOF, I have hereunto set my
hand and affixed my notarial seal this 16th day of
August, 2016.

My commission expires:  July 31, 2017

_____

LINDA S. KINKADE
NOTARY PUBLIC IN AND FOR
THE DISTRICT OF COLUMBIA

Page 173

1    NAME OF CASE:

2    DATE OF DEPOSITION:

3    NAME OF WITNESS:

4    Reason Codes:

5         1.   To clarify the record.

6         2.   To conform to the facts.

7         3.   To correct transcription errors.

8    Page _____ Line _____ Reason _____

9    From _____ to _____

10   Page _____ Line _____ Reason _____

11   From _____ to _____

12   Page _____ Line _____ Reason _____

13   From _____ to _____

14   Page _____ Line _____ Reason _____

15   From _____ to _____

16   Page _____ Line _____ Reason _____

17   From _____ to _____

18   Page _____ Line _____ Reason _____

19   From _____ to _____

20   Page _____ Line _____ Reason _____

21   From _____ to _____

22   Page _____ Line _____ Reason _____

23   From _____ to _____

24

25                          _____

# EXHIBIT G

1   PATRICIA L. WEST
2   Chief Deputy Attorney General of Virginia
    KIVA BLAND PIERCE
3   Assistant Attorney General
4   KPierce@oag.state.va.us
    OFFICE OF THE ATTORNEY GENERAL
5   COMMONWEALTH OF VIRGINIA
    900 East Main Street
6   Richmond, Virginia 23219
7   Tel: (804) 225-3197
    Fax: (804) 371-8718
8   **Attorneys for the Commonwealth of Virginia**
9   **(APPEARANCES CONTINUED ON NEXT PAGE)**

10

11                  UNITED STATES DISTRICT COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13

14  UNITED STATES, THE STATES OF          Case No. ED CV-06-00055-GW
    CALIFORNIA, DELAWARE,
15  FLORIDA, ILLINOIS, INDIANA,           Hon. George H. Wu
    NEVADA, NEW MEXICO, NEW
16  YORK, and TENNESSEE, THE
    COMMONWEALTHS OF                      **COMMONWEALTH OF**
17  MASSACHUSETTS AND VIRGINIA,           **VIRGINIA'S, ON BEHALF OF THE**
    and THE DISTRICT OF COLUMBIA          **CITY OF NORFOLK, AMENDED**
18  ex rel. JOHN HENDRIX,                 **OBJECTIONS AND RESPONSES**
                                          **TO DEFENDANT J-M**
19              Plaintiffs,               **MANUFACTURING COMPANY,**
                                          **INC.'S FOURTH SET OF**
20          v.                            **INTERROGATORIES**

21  J-M MANUFACTURING COMPANY,
    INC., d/b/a JM Eagle, a Delaware
22  corporation, and FORMOSA
    PLASTICS CORPORATION, U.S.A.,
23  a Delaware corporation,

24              Defendants.

25

26

27

28

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California 94105
Tel: (415) 836-9000
Fax: (415) 836-9001

ELIZABETH J. SHER (Admitted Pro Hac Vice)
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 204-1015

BRENT N. RUSHFORTH (State Bar No. 45873)
brushforth@mckoolsmith.com
McKOOL SMITH HENNIGAN P.C.
1999 K. Street, N.W., Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300

Fax: (202) 370-8344**Attorneys for the Commonwealth of Virginia**

868336

1  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff-

2  Intervenor Commonwealth of Virginia, on Behalf of the City of Norfolk ("Plaintiff-

3  Intervenor"), hereby provides its amended objections and responses to Defendant J-M

4  Manufacturing Company, Inc.'s ("JM Eagle" or "J-M") Fourth Set of Interrogatories

5  (the "Interrogatories") as follows:

6  **DEFINITIONS PROVIDED BY J-M**

7  1.  "YOU" and "YOUR" shall mean and refer to Plaintiffs Commonwealth

8  of Virginia, Palmdale Water District, City of Colton, City of Oxnard; and/or City of

9  San Buenaventura, including, without limitation, any PERSONS acting on their

10  behalves and/or under their control.

11  2.  "J-M" shall mean defendant J-M Manufacturing Company, Inc.,

12  including, without limitation, any PERSONS acting on its behalf and/or under its

13  control.

14  3.  "ACTION" shall mean the lawsuit styled *U.S. et al. ex rel. Hendrix v.*

15  *J-M Manufacturing Company, Inc. d/b/a JM Eagle et al.*, USDC C.D. Cal. Case No.

16  ED CV-06-0055-GW.

17  4.  "FIFAC" shall mean the Fifth Amended Complaint filed in the ACTION.

18  5.  "PERSON" shall mean any natural individual and any partnership,

19  proprietorship, firm, trust, association, joint venture, corporation, subsidiary,

20  government agency or division or other entity organized for any purpose and their

21  agents, employees, representatives, and any other person acting or purporting to act

22  on its behalf or for its benefit or under its direction or control.

23  6.  "IDENTIFY" shall mean:

24  (a)  In the case of a natural person, the person's full name, last known

25  address, last known telephone number, last known place of employment, and the

26  person's position with that employer.

27  (b)  In the case something other than a natural person, its name, the address

28  of its principal place of business, its telephone number, and the name, address and

-3-

1   telephone number of any entity that controls it.

2        (c)    In the case of a DOCUMENT, the type and title of the DOCUMENT, its

3   subject matter and bates-number (if any), and the PERSON who has possession,

4   custody or control of it.

5        (d)    In all other cases, the standard dictionary definition of the term

6   "identify."

7        7.   "DOCUMENT(S)" is used in the broadest sense possible and shall mean

8   and include, without limitation, any and all "writings" within the scope of Federal

9   Rule of Civil Procedure 34, test results, failure analyses, papers, correspondence,

10   notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals,

11   bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed

12   matter, notebooks, minutes, agenda, memoranda, intra- or inter-office

13   communications of any type or nature, workbooks, worksheets, stenographers'

14   notebooks, reports, records, diaries, calendars, calendar entries, files, studies,

15   forecasts, projects, surveys, appraisals, analyses, financial statements of every type,

16   budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices,

17   statements, purchase orders, checks, check registers, journals, schedules, ledger

18   books, log books, books of account, accounts, work papers, summaries, contracts or

19   any other types of agreement, proposals, working papers, payrolls, charts, notes of

20   meetings or interviews or telephone conversations, requests for authorization, requests

21   for quotation, press releases, schedules, maps, drawings, designs, diagrams,

22   blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs,

23   charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of

24   meetings or conversations or interviews either in writing or made upon any

25   mechanical, electronic or electrical recording device, data compilations from which

26   information can be obtained or can be translated through detection devices into a

27   reasonably usable form, computer inputs or outputs, or any other written, graphic or

28   recorded -representations or communications whatsoever, whether in lithograph, or in

-4-

868336

1   any other tangible form or intangible form which can be reduced to tangible form, and

2   any other form of communication or representation including letters, records, pictures,

3   film, videotape, sounds, symbols or communications thereof. "DOCUMENT(S)"

4   shall also mean and include, without limitation, any and all originals, duplicate

5   originals, facsimiles and extra copies or reproductions of all such written, printed,

6   typed, reported, recorded or graphic matter included above, upon which notations and

7   writing, print or otherwise, have been made or to which such notations have been

8   appended.

9        8.    "FAILED" and "FAILURE(S)" shall mean and refer to leaks, cracks,

10  breaks, splits, or other occurrences where the subject PVC PIPE did not pass or

11  perform in accordance with one or more STANDARDS for PVC PIPE, including,

12  without limitation, failures as defined in sections 3.1.1 – 3.1.6 of ASTM D1598.

13       9.    "PVC PIPE" shall mean and refer to polyvinyl chloride pipe, polyvinyl

14  chloride resin, polyvinyl chloride compounds used to make polyvinyl chloride pipe,

15  and the ingredients of the polyvinyl chloride compounds used to make polyvinyl

16  chloride pipe.

17       10.   "RELATED TO" or "RELATING TO" shall mean discussing,

18  describing, constituting, evidencing, memorializing, concerning, mentioning,

19  summarizing, listing, reflecting, analyzing, supporting, negating or concerning the

20  subject matter of the request.

21       11.   "SEWER SYSTEM" shall mean and refer to the transfer mechanisms

22  utilized for, or which are a part of, the transmission and distribution of sanitary

23  water/sewage, industrial wastewater, and/or storm water from its source to its ultimate

24  point of delivery.

25       12.   "STANDARD(S)" shall mean and refer to one or more specification(s)

26  or requirement(s) for physical properties, manufacturing processes, testing procedures

27  and/or test results published by any organization that sets and/or enforces product

28  standards that may RELATE TO the production, manufacture, testing and/or

-5-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1  certification of Polyvinyl Chloride pipe ("PVC PIPE"), Polyvinyl Chloride resin

2  ("PVC RESIN"), or Polyvinyl Chloride compounds used to make PVC PIPE ("PVC

3  PIPE COMPOUND"), including, without limitation, NSF International ("NSF"),

4  Underwriters Laboratories, Inc. ("UL"), American Water Works Association

5  ("AWWA"), ASTM International ("ASTM"), FM Global ("FM"), ISO ("International

6  Organization for Standardization"), and the Plastics Pipe Institute ("PPI").

7       13.   "WATER SYSTEM" shall mean and refer to the transfer mechanisms

8  utilized for, or which are a part of, the transmission and distribution of water from the

9  water's source to its ultimate point of delivery.

10       14.   The terms "and" and "or" shall be construed either disjunctively or

11  conjunctively whenever appropriate in order to bring within the scope of this

12  discovery request any information or document which might otherwise be considered

13  beyond its scope.

14       15.   The terms "all," "each," and "any" shall be construed as all, each, and

15  any whenever appropriate in order to bring within the scope of this discovery request

16  any information or document which might otherwise be considered beyond its scope.

17       16.   The use of the singular form of any word includes the plural and vice

18  versa.

19                     **INSTRUCTIONS PROVIDED BY J-M**

20       1.   YOU are required to respond separately and fully to each Interrogatory.

21       2.   In answering these Interrogatories, YOU are requested to furnish all

22  information known or available to YOU regardless of whether this information is

23  possessed directly by YOU, YOUR agents, employees, representatives, or

24  investigators; by YOUR present or former attorneys or their agents, employees,

25  representatives, or investigators; or by YOUR affiliates, predecessors, corporations,

26  partnerships or other legal entities controlled by or in any manner affiliated with

27  YOU, and where the information or documents or things are located.

28

-6-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

3.      If any of these Interrogatories cannot be answered in full, answer to the extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge or belief YOU have concerning the unanswered portion.

4.      In responding to these Interrogatories, if the person who verifies the answers does not have personal knowledge of the information contained in the answers, that person shall, for each answer not verified by personal knowledge, identify the PERSON or PERSONS from whom the information was obtained or, if the source of the information is documentary, provide a full description of the document and its location.

5.      Any entity to which these Interrogatories refer, whether that entity is a party or not, shall be construed to include all predecessors or successors in interest of that entity.

6.      These Interrogatories are continuing in nature. If, at any time after service of the initial responses hereto and prior to trial of this action, YOU obtain additional information responsive to these Interrogatories, YOU are required to promptly supplement or amend YOUR answers hereto. Supplemental answers are specifically required to be served if (a) information is later obtained regarding the identity and location of PERSONS having knowledge of discoverable matters, and (b) information is later obtained which (i) renders an answer incorrect when made, or (ii) renders an answer, though correct when made, no longer correct and the circumstances are such that a failure to amend the answer is in substance a knowing concealment.

7.      If any information requested is claimed to be immune from discovery because of a privilege or other applicable protection, describe the basis of the privilege claimed and describe the information alleged to be privileged in detail sufficient to enable the Court to decide if the privilege has been properly invoked. When any privilege is claimed, indicate, as to the information requested, whether

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1   (a) any DOCUMENTS exist, or (b) any oral communications took place.

2        If an attorney client privilege, work-product doctrine, or any other privilege or

3   protective rule is asserted with respect to an oral communication, state (a) the date of

4   the communication; (b) the subject matter of the communication; (e) the name and

5   place of employment of each person to whom the substance of the communication has

6   been disclosed.

7        If an attorney-client privilege, work-product doctrine, or any other privilege or

8   protective rule is asserted with respect to a DOCUMENT or electronically stored

9   information, identify (a) the form of each such DOCUMENT or electronically stored

10  information (e.g., letter, email, memorandum, fax, chart, etc.); (b) the title or caption

11  of each such DOCUMENT or electronically stored information; (c) the date of each

12  such DOCUMENT or electronically stored information; (d) the subject matter of each

13  such DOCUMENT or electronically stored information; (e) the author(s) of each such

14  DOCUMENT or electronically stored information, and any PERSON involved in the

15  preparation or drafting of the DOCUMENT or electronically stored information; and

16  (0 the recipients of each such DOCUMENT or electronically stored information or

17  any copy thereof, including all PERSONS to whom the DOCUMENT or

18  electronically stored information has been provided or who have it within their

19  possession, custody or control.

20       **GENERAL OBJECTIONS**

21       1.    Plaintiff-Intervenor objects to all the Interrogatories because the

22  Interrogatories as propounded exceed the limitation imposed by Fed. R. Civ. P.

23  33(a)(1) of 25 interrogatories as well as greatly exceed any reasonable additional

24  number of interrogatories permitted by the Court on February 6, 2012. *See* 2/6/12

25  Hearing Transcript at 70–71. Defendant served 18 interrogatories on Plaintiff-

26  Intervenor on September 16, 2010; 54 interrogatories on Plaintiff-Intervenor on

27  April 10, 2012; 16 interrogatories on Plaintiff-Intervenor on November 5, 2012; and

28  now 35 on November 9, 2012. These interrogatories total 126, not including the

-8-

868336

1  myriad "subparts" or "including" language that many of the interrogatories contain.

2  **Plaintiff-Intervenor invites Defendants to meet and confer with Plaintiff-**

3  **Intervenor regarding this objection and Plaintiff-Intervenor's other objections to**

4  **this discovery.**

5       2.    Plaintiff-Intervenor objects to the Interrogatories, including the

6  Instructions, to the extent they seek to impose obligations on Plaintiff-Intervenor that

7  exceed the requirements of the Federal Rules of Civil Procedure or the Local Rules of

8  the Central District of California.  In particular, Plaintiff-Intervenor objects to

9  Instructions 2 and 5 to the extent they seek to impose a burden on Plaintiff-Intervenor

10 to gather information that is not available to Plaintiff-Intervenor or within Plaintiff-

11 Intervenor's possession, custody, or control.  Plaintiff-Intervenor will only produce

12 those documents within Plaintiff-Intervenor's possession, custody or control.

13 Plaintiff-Intervenor also objects to Instructions 3 and 4 to the extent they seek to

14 impose a burden beyond that specified in Fed. R. Civ. P. 33(b).  Further, Plaintiff-

15 Intervenor objects to Instruction 7 to the extent it seeks to impose a burden beyond

16 that required by Fed. R. Civ. P. 26(b)(5).

17      3.    Plaintiff-Intervenor objects to the Interrogatories, including the

18 Instructions, to the extent they seek information that is protected from disclosure by

19 the attorney-client privilege, the work product doctrine, the common interest or joint

20 prosecution privilege, or other applicable protections or privileges.

21      4.    Plaintiff-Intervenor objects to the Interrogatories, including the

22 Instructions, to the extent they seek information that is protected from disclosure by

23 the executive privilege, the deliberative process privilege, and the official information

24 privilege, including but not limited to California Evidence Code Section 1040, or

25 other applicable protections or privileges.

26      5.    Plaintiff-Intervenor objects to the Interrogatories to the extent that they

27 are unduly burdensome, overly broad, and harassing.

28      6.    Plaintiff-Intervenor objects to the Interrogatories to the extent that they

-9-

868336

1  seek information that is neither relevant to the claims or defenses in this action nor

2  reasonably calculated to lead to the discovery of admissible evidence.

3        7.    Plaintiff-Intervenor objects to the Interrogatories to the extent that they

4  are vague and ambiguous.

5        8.    Plaintiff-Intervenor objects to the Interrogatories to the extent that they

6  do not specify any time limitations regarding the information sought.

7        9.    Plaintiff-Intervenor objects to the Interrogatories to the extent they seek

8  information already within the possession, custody, or control of JM Eagle, or that

9  may be more easily obtained from another defendant or a third party.  Such

10  Interrogatories impose an undue, unnecessary, and expensive burden on Plaintiff-

11  Intervenor.

12       10.    Plaintiff-Intervenor objects to the Interrogatories as unduly burdensome

13  and oppressive to the extent to which they seek information already provided in

14  discovery to Defendants by Plaintiff-Intervenor.

15       11.    Plaintiff-Intervenor further objects to the definition of "YOU" and

16  "YOUR" as vague, ambiguous, and overbroad.  Plaintiff-Intervenor will interpret

17  "YOU" and "YOUR" as being Plaintiff-Intervenor itself and no other entities or

18  persons.

19       12.    Plaintiff-Intervenor objects to the Interrogatories to the extent they call

20  for expert opinions and thereby seek premature disclosure of expert reports or expert

21  work product.  Such witnesses and their opinions will be identified and disclosed

22  during the time period established by the Court for expert discovery.

23       13.    Plaintiff-Intervenor objects to the Interrogatories to the extent they seek

24  discovery beyond the scope contemplated by the December 7, 2011 Order Addressing

25  Bifurcation [Dkt. #551] and subsequent orders of the Court relating to the Phase 1

26  trial of this matter.

27       14.    Plaintiff-Intervenor objects to the Interrogatories to the extent to which

28  they are compound or inappropriately contain subparts.

-10-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1    15.   Plaintiff-Intervenor objects to the definition of "FAILED" and

2  "FAILURES" on the ground that it is overbroad and unduly burdensome.  Plaintiff-

3  Intervenor will include within the definition of "FAILED" and "FAILURES" only

4  that pipe which has actually suffered leaks, cracks, or breaks know to Plaintiff-

5  Intervenor, regardless of whether plaintiffs contend such pipe has suffered physical

6  deterioration or fails to conform to applicable standards, specifications, warranties,

7  and/or representations.

8              **STATEMENT REGARDING GENERAL OBJECTIONS**

9                     **FOLLOWING COURT ORDER**

10    With respect to General Objection No. 1 above, in its February 19, 2013

11  Minute Order [Dkt. 794], the Court sustained Plaintiff-Intervenor's objections to

12  Interrogatories Nos. 109-114, 116, and 120-123 in the Fourth of Interrogatories to

13  certain plaintiffs "on the ground that they exceed what is reasonable under the

14  circumstances of this case."  The Fourth Set of Interrogatories to Plaintiff-Intervenor

15  contained identical interrogatories but numbered Nos. 109, 113, 114, 115, and 116.

16  Therefore, Plaintiff-Intervenor will not answer them in these Amended Objections

17  and Responses.

18

19                     **INTERROGATORIES – SET FOUR**

20  **INTERROGATORY NO. 92:**

21    IDENTIFY in terms of linear feet or other common measure used to quantify

22  the amount of pipe, the amount of PVC PIPE manufactured by J-M that YOU

23  purchased or otherwise obtained between 1996 and the date on which you first

24  learned about the ACTION.

25    **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

26  Objections 1, 2, 3, 5, 7, 10, 11, and 13.

27    **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

28  reference herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor

-11-

868336

1  further objects that this interrogatory seeks irrelevant information to the extent it
2  requests information concerning J-M PVC pipe that is not at issue in this case;
3  Plaintiff-Intervenor will respond only as to J-M PVC pipe at issue in this case.
4  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"
5  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date
6  on which you first learned about the Action" is vague and ambiguous; Plaintiff-
7  Intervenor will respond according to the date that the City of Norfolk learned of the
8  Action.  The phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or
9  act upon the allegations in the action due to the fact that the case was initially under
10 seal.  Plaintiff-Intervenor further objects that this interrogatory seeks information
11 beyond the scope of permissible Phase 1 discovery, as set forth in the December 7,
12 2011 Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court,
13 such as private developer projects.  Plaintiff-Intervenor's response is based on its
14 current understanding of which projects contain J-M pipe at issue in this case and is
15 subject to change if and when that understanding changes.

16      Subject to and without waiving the objections, Plaintiff-Intervenor responds as
17 follows:  From 1996 through the time it learned of this Action, Plaintiff-Intervenor
18 believes it purchased approximately 104,818 feet of the type of J-M PVC pipe at issue
19 in this case.  Plaintiff-Intervenor may also have additional J-M PVC pipe.  Plaintiff-
20 Intervenor has a number of projects where the PVC pipe manufacturer has not yet
21 been determined.

22

23 **INTERROGATORY NO. 93:**

24      IDENTIFY, in terms of linear feet or other common measure used to quantify
25 the amount of pipe, the amount of C-900 pipe manufactured by J-M that YOU
26 purchased or otherwise obtained between 1996 and the date on which YOU first
27 learned about the ACTION.

28

-12-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1    **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

2    Objections 1, 2, 3, 5, 7, 10, 11, and 13.

3    **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

4    reference herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor

5    further objects that the phrase "purchased or otherwise obtained" is vague and

6    ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date on which you

7    first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

8    respond according to the date that the City of Norfolk learned of the Action.  The

9    phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or act upon the

10   allegations in the action due to the fact that the case was initially under seal.  Plaintiff-

11   Intervenor further objects that this interrogatory seeks information beyond the scope

12   of permissible Phase 1 discovery, as set forth in the December 7, 2011 Order

13   Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

14   private developer projects.  Plaintiff-Intervenor's response is based on its current

15   understanding of which projects contain J-M pipe at issue in this case and is subject to

16   change if and when that understanding changes.

17        Subject to and without waiving the objections, Plaintiff-Intervenor responds as

18   follows:  From 1996 through the time it learned of this Action, Plaintiff-Intervenor

19   believes it purchased approximately 59,877 feet of J-M C-900 PVC pipe.  Plaintiff-

20   Intervenor may also have additional J-M PVC pipe.  Plaintiff-Intervenor has a number

21   of projects where the PVC pipe manufacturer has not yet been determined.

22

23   **INTERROGATORY NO. 94:**

24        IDENTIFY, in terms of linear feet or other common measure used to quantify

25   the amount of pipe, the amount of C-905 pipe manufactured by J-M that YOU

26   purchased or otherwise obtained between 1996 and the date on which YOU first

27   learned about the ACTION.

28

1   **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

2   Objections 1, 2, 3, 5, 7, 10, 11, and 13.

3   **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

4   reference herein General Objections 2, 3, 5, 7, 10, 11, and 13. Plaintiff-Intervenor

5   further objects that the phrase "purchased or otherwise obtained" is vague and

6   ambiguous. Plaintiff-Intervenor further objects that the phrase "the date on which you

7   first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

8   respond according to the date that the City of Norfolk learned of the Action. The

9   phrase is also misleading: Plaintiff-Intervenor was unable to disclose or act upon the

10  allegations in the action due to the fact that the case was initially under seal. Plaintiff-

11  Intervenor further objects that this interrogatory seeks information beyond the scope

12  of permissible Phase 1 discovery, as set forth in the December 7, 2011 Order

13  Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

14  private developer projects. Plaintiff-Intervenor's response is based on its current

15  understanding of which projects contain J-M pipe at issue in this case and is subject to

16  change if and when that understanding changes.

17      Subject to and without waiving the objections, Plaintiff-Intervenor responds as

18  follows: From 1996 through the time it learned of this Action, Plaintiff-Intervenor

19  believes it purchased approximately 3,237 feet of J-M C-905 PVC pipe. Plaintiff-

20  Intervenor may also have additional J-M PVC pipe. Plaintiff-Intervenor has a number

21  of projects where the PVC pipe manufacturer has not yet been determined.

22

23  **INTERROGATORY NO. 95:**

24      IDENTIFY, in terms of linear feet or other common measure used to quantify

25  the amount of pipe, the amount of ASTM D-2241 pipe manufactured by J-M that

26  YOU purchased or otherwise obtained between 1996 and the date on which YOU first

27  learned about the ACTION.

28

-14-

868336

1    **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

2    Objections 1, 2, 3, 5, 7, 10, 11, and 13.

3    **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

4    reference herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor

5    further objects that the phrase "purchased or otherwise obtained" is vague and

6    ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date on which you

7    first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

8    respond according to the date that the City of Norfolk learned of the Action.  The

9    phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or act upon the

10   allegations in the action due to the fact that the case was initially under seal.  Plaintiff-

11   Intervenor further objects that this interrogatory seeks information beyond the scope

12   of permissible Phase 1 discovery, as set forth in the December 7, 2011 Order

13   Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

14   private developer projects.  Plaintiff-Intervenor's response is based on its current

15   understanding of which projects contain J-M pipe at issue in this case and is subject to

16   change if and when that understanding changes.

17        Subject to and without waiving the objections, Plaintiff-Intervenor responds as

18   follows:  Plaintiff-Intervenor believes it did not specifically specify or purchase, from

19   1996 through the time it learned of this Action, any pipe specifically denominated

20   ASTM D-2241 J-M PVC pipe.  However, since ASTM D-2241 is included as a

21   reference in AWWA C900 PVC pipe standard any C900 PVC pipe purchased would

22   also be considered to be ASTM D-2241 pipe.  Plaintiff-Intervenor has a number of

23   projects where the PVC pipe manufacturer has not yet been determined.

24

25   **INTERROGATORY NO. 96:**

26        IDENTIFY, in terms of linear feet or other common measure used to quantify

27   the amount of pipe, the amount of PVC PIPE manufactured by a company other than

28

-15-

868336

1  J-M that YOU purchased or otherwise obtained between 1996 and the date on which
2  YOU first learned about the ACTION.
3  **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General
4  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.
5  **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by
6  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor
7  further objects that this interrogatory seeks irrelevant information to the extent it
8  requests information concerning types of PVC pipe not at issue in this case; Plaintiff-
9  Intervenor will respond only as to types of PVC pipe at issue in this case.  Plaintiff-
10  Intervenor further objects that this interrogatory seeks irrelevant information because
11  it requests information concerning PVC pipe made by a manufacturer other than JM.
12  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"
13  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date
14  on which you first learned about the Action" is vague and ambiguous; Plaintiff-
15  Intervenor will respond according to the date that the City of Norfolk learned of the
16  Action.  The phrase is also misleading because it ignores Plaintiff-Intervenor's
17  inability to disclose or act upon the allegations in the action due to the complaint
18  being initially under seal.  Plaintiff-Intervenor further objects that this interrogatory
19  seeks information beyond the scope of permissible Phase 1 discovery, as set forth in
20  the December 7, 2011 Order Addressing Bifurcation [Dkt. #551] and subsequent
21  orders of the Court, such as private developer projects.  Plaintiff-Intervenor's
22  response is based on its current understanding of which projects contain PVC pipe at
23  issue in this case and is subject to change if and when that understanding changes.
24      Subject to and without waiving the objections, Plaintiff-Intervenor responds as
25  follows:  From 1996 through the time it first learned of this Action, Plaintiff-
26  Intervenor believes it purchased approximately 106,148 feet of the type of PVC pipe
27  at issue in this case, manufactured by a company other than J-M.  Plaintiff-Intervenor
28

1  may also have additional PVC pipe.  Plaintiff-Intervenor has a number of projects

2  where the PVC pipe manufacturer has not yet been determined.

3

4  **INTERROGATORY NO. 97:**

5      IDENTIFY, in terms of linear feet or other common measure used to quantify

6  the amount of pipe, the amount of C-900 pipe manufactured by a company other than

7  J-M that YOU purchased or otherwise obtained between 1996 and the date on which

8  YOU first learned about the ACTION.

9      **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

10  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

11     **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

12  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

13  further objects that this interrogatory seeks irrelevant information because it requests

14  information concerning PVC pipe made by a manufacturer other than JM.  Plaintiff-

15  Intervenor further objects that the phrase "purchased or otherwise obtained" is vague

16  and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date on which

17  you first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

18  respond according to the date that the City of Norfolk learned of the Action.  The

19  phrase is also misleading because it ignores Plaintiff-Intervenor's inability to disclose

20  or act upon the allegations in the action due to the complaint being initially under seal.

21  Plaintiff-Intervenor further objects that this interrogatory seeks information beyond

22  the scope of permissible Phase 1 discovery, as set forth in the December 7, 2011

23  Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

24  private developer projects.   Plaintiff-Intervenor's response is based on its current

25  understanding of which projects contain PVC pipe at issue in this case and is subject

26  to change if and when that understanding changes.

27      Subject to and without waiving the objections, Plaintiff-Intervenor responds as

28  follows:  From 1996 through the time it first learned of this Action, Plaintiff-

-17-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1   Intervenor believes it purchased approximately 98,214 feet of C-900 PVC pipe,

2   manufactured by a company other than J-M.  Plaintiff-Intervenor may also have

3   additional C-900 PVC pipe.  Plaintiff-Intervenor has a number of projects where the

4   C-900 PVC pipe manufacturer has not yet been determined.

5

6   **INTERROGATORY NO. 98:**

7        IDENTIFY, in terms of linear feet or other common measure used to quantify

8   the amount of pipe, the amount of C-905 pipe manufactured by a company other than

9   J-M that YOU purchased or otherwise obtained between 1996 and the date on which

10  YOU first learned about the ACTION.

11       **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

12  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

13       **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

14  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

15  further objects that this interrogatory seeks irrelevant information because it requests

16  information concerning PVC pipe made by a manufacturer other than JM.  Plaintiff-

17  Intervenor further objects that the phrase "purchased or otherwise obtained" is vague

18  and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date on which

19  you first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

20  respond according to the date that the City of Norfolk learned of the Action.  The

21  phrase is also misleading because it ignores Plaintiff-Intervenor's inability to disclose

22  or act upon the allegations in the action due to the complaint being initially under seal.

23  Plaintiff-Intervenor further objects that this interrogatory seeks information beyond

24  the scope of permissible Phase 1 discovery, as set forth in the December 7, 2011

25  Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

26  private developer projects.  Plaintiff-Intervenor's response is based on its current

27  understanding of which projects contain PVC pipe at issue in this case and is subject

28  to change if and when that understanding changes.

868336

1    Subject to and without waiving the objections, Plaintiff-Intervenor responds as

2  follows:  From 1996 through the time it first learned of this Action, Plaintiff-

3  Intervenor believes it purchased approximately 7,934 feet of C-905 PVC pipe,

4  manufactured by a company other than J-M.  Plaintiff-Intervenor may also have

5  additional C-905 PVC pipe.  Plaintiff-Intervenor has a number of projects where the

6  C-905 PVC pipe manufacturer has not yet been determined.

7

8  **INTERROGATORY NO. 99:**

9    IDENTIFY, in terms of linear feet or other common measure used to quantify

10  the amount of pipe, the amount of ASTM D-2241 pipe manufactured by a company

11  other than J-M that YOU purchased or otherwise obtained between 1996 and the date

12  on which YOU first learned about the ACTION.

13    **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

14  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

15    **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

16  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

17  further objects that this interrogatory seeks irrelevant information because it requests

18  information concerning PVC pipe made by a manufacturer other than JM.  Plaintiff-

19  Intervenor further objects that the phrase "purchased or otherwise obtained" is vague

20  and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date on which

21  you first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

22  respond according to the date that the City of Norfolk learned of the Action.  The

23  phrase is also misleading because it ignores Plaintiff-Intervenor's inability to disclose

24  or act upon the allegations in the action due to the complaint being initially under seal.

25  Plaintiff-Intervenor further objects that this interrogatory seeks information beyond

26  the scope of permissible Phase 1 discovery, as set forth in the December 7, 2011

27  Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

28  private developer projects.

-19-

868336

1      Subject to and without waiving the objections, Plaintiff-Intervenor responds as

2  follows:  Plaintiff-Intervenor believes it did not specifically specify or purchase, from

3  1996 through the time it learned of this Action, any pipe specifically denominated

4  ASTM D-2241 manufactured by a company other than J-M after it learned of the

5  Action.  However, since ASTM D-2241 is included as a reference in AWWA C900

6  PVC pipe standard any C900 PVC pipe purchased would also be considered to be

7  ASTM D-2241 pipe.

8  **INTERROGATORY NO. 100:**

9      IDENTIFY, in terms of linear feet or other common measure used to quantify

10  the amount of pipe, the amount of PVC PIPE manufactured by J-M that YOU

11  purchased or otherwise obtained after the date on which YOU first learned about the

12  ACTION.

13      **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

14  Objections 1, 2, 3, 5, 7, 10, 11, and 13.

15      **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

16  reference herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor

17  further objects that this interrogatory seeks irrelevant information to the extent it

18  requests information concerning J-M PVC pipe that is not at issue in this case;

19  Plaintiff-Intervenor will respond only as to J-M PVC pipe at issue in this case.

20  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

21  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

22  on which you first learned about the Action" is vague and ambiguous; Plaintiff-

23  Intervenor will respond according to the date that the City of Norfolk learned of the

24  Action.  The phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or

25  act upon the allegations in the action due to the fact that the case was initially under

26  seal.  Plaintiff-Intervenor further objects that this interrogatory seeks information

27  beyond the scope of permissible Phase 1 discovery, as set forth in the December 7,

28  2011 Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court,

-20-

1  such as private developer projects.  Plaintiff-Intervenor's response is based on its

2  current understanding of which projects contain J-M pipe at issue in this case and is

3  subject to change if and when that understanding changes.

4       Subject to and without waiving the objections, Plaintiff-Intervenor responds as

5  follows:  After the time it learned of this Action, Plaintiff-Intervenor believes it has

6  not purchased any J-M PVC pipe of the type at issue in this case.  Plaintiff-Intervenor

7  may also have additional J-M PVC pipe.  Plaintiff-Intervenor has a number of projects

8  where the PVC pipe manufacturer has not yet been determined.

9

10  **INTERROGATORY NO. 101:**

11       IDENTIFY, in terms of linear feet or other common measure used to quantify

12  the amount of pipe, the amount of C-900 pipe manufactured by J-M that YOU

13  purchased or otherwise obtained after the date on which YOU first learned about the

14  ACTION.

15       **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

16  Objections 1, 2, 3, 5, 7, 10, 11, and 13.

17       **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

18  reference herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor

19  further objects that this interrogatory seeks irrelevant information to the extent it

20  requests information concerning J-M PVC pipe that is not at issue in this case;

21  Plaintiff-Intervenor will respond only as to J-M PVC pipe at issue in this case.

22  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

23  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

24  on which you first learned about the Action" is vague and ambiguous; Plaintiff-

25  Intervenor will respond according to the date that the City of Norfolk learned of the

26  Action.  The phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or

27  act upon the allegations in the action due to the fact that the case was initially under

28  seal.  Plaintiff-Intervenor further objects that this interrogatory seeks information

-21-

868336

1  beyond the scope of permissible Phase 1 discovery, as set forth in the December 7,

2  2011 Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court,

3  such as private developer projects.  Plaintiff-Intervenor's response is based on its

4  current understanding of which projects contain J-M pipe at issue in this case and is

5  subject to change if and when that understanding changes.

6       Subject to and without waiving the objections, Plaintiff-Intervenor responds as

7  follows:  After the time it learned of this Action, Plaintiff-Intervenor believes it has

8  not purchased any J-M C-900 PVC pipe.  Plaintiff-Intervenor may also have

9  additional J-M PVC pipe.  Plaintiff-Intervenor has a number of projects where the

10  PVC pipe manufacturer has not yet been determined.

11

12  **INTERROGATORY NO. 102:**

13       IDENTIFY, in terms of linear feet or other common measure used to quantify

14  the amount of pipe, the amount of C-905 pipe manufactured by J-M that YOU

15  purchased or otherwise obtained after the date on which YOU first learned about the

16  ACTION.

17       **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

18  Objections 1, 2, 3, 5, 7, 10, 11, and 13.

19       **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

20  reference herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor

21  further objects that this interrogatory seeks irrelevant information to the extent it

22  requests information concerning J-M PVC pipe that is not at issue in this case;

23  Plaintiff-Intervenor will respond only as to J-M PVC pipe at issue in this case.

24  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

25  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

26  on which you first learned about the Action" is vague and ambiguous; Plaintiff-

27  Intervenor will respond according to the date that the City of Norfolk learned of the

28  Action.  The phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or

1  act upon the allegations in the action due to the fact that the case was initially under

2  seal.  Plaintiff-Intervenor further objects that this interrogatory seeks information

3  beyond the scope of permissible Phase 1 discovery, as set forth in the December 7,

4  2011 Order Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court,

5  such as private developer projects.  Plaintiff-Intervenor's response is based on its

6  current understanding of which projects contain J-M pipe at issue in this case and is

7  subject to change if and when that understanding changes.

8          Subject to and without waiving the objections, Plaintiff-Intervenor responds as

9  follows:  After the time it learned of this Action, Plaintiff-Intervenor believes it has

10  not purchased any J-M PVC C-905 pipe.  Plaintiff-Intervenor may also have

11  additional J-M PVC pipe.  Plaintiff-Intervenor has a number of projects where the

12  PVC pipe manufacturer has not yet been determined.

13

14  **INTERROGATORY NO. 103:**

15          IDENTIFY, in terms of linear feet or other common measure used to quantify

16  the amount of pipe, the amount of ASTM D-2241 pipe manufactured by J-M that

17  YOU purchased or otherwise obtained after the date on which YOU first learned

18  about the ACTION.

19          **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

20  Objections 1, 2, 3, 5, 7, 10, 11, and 13.

21          **AMENDED RESPONSE:** Plaintiff-Intervenor incorporates by reference

22  herein General Objections 2, 3, 5, 7, 10, 11, and 13.  Plaintiff-Intervenor further

23  objects that this interrogatory seeks irrelevant information to the extent it requests

24  information concerning J-M PVC pipe that is not at issue in this case; Plaintiff-

25  Intervenor will respond only as to J-M PVC pipe at issue in this case.  Plaintiff-

26  Intervenor further objects that the phrase "purchased or otherwise obtained" is vague

27  and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date on which

28  you first learned about the Action" is vague and ambiguous; Plaintiff-Intervenor will

-23-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1  respond according to the date that the City of Norfolk learned of the Action.  The

2  phrase is also misleading:  Plaintiff-Intervenor was unable to disclose or act upon the

3  allegations in the action due to the fact that the case was initially under seal.  Plaintiff-

4  Intervenor further objects that this interrogatory seeks information beyond the scope

5  of permissible Phase 1 discovery, as set forth in the December 7, 2011 Order

6  Addressing Bifurcation [Dkt. #551] and subsequent orders of the Court, such as

7  private developer projects.  Plaintiff-Intervenor's response is based on its current

8  understanding of which projects contain J-M pipe at issue in this case and is subject to

9  change if and when that understanding changes.

10        Subject to and without waiving the objections, Plaintiff-Intervenor responds as

11  follows:  Plaintiff-Intervenor believes it did not specifically specify or purchase any

12  pipe specifically denominated ASTM D-2241 J-M PVC pipe after the time it learned

13  of this Action.  However, since ASTM D-2241 is included as a reference in AWWA

14  C900 PVC pipe standard any C900 PVC pipe purchased would also be considered to

15  be ASTM D-2241 pipe.   Plaintiff-Intervenor may also have additional J-M PVC

16  pipe.  Plaintiff-Intervenor has a number of projects where the PVC pipe manufacturer

17  has not yet been determined.

18

19  **INTERROGATORY NO. 104:**

20        IDENTIFY, in terms of linear feet or other common measure used to quantify

21  the amount of pipe, the amount of PVC PIPE manufactured by a company other than

22  J-M that YOU purchased or otherwise obtained after the date on which YOU first

23  learned about the ACTION.

24        **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

25  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

26        **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

27  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

28  further objects that this interrogatory seeks irrelevant information to the extent it

-24-

868336

1   requests information concerning types of PVC pipe not at issue in this case; Plaintiff-

2   Intervenor will respond only as to types of PVC pipe at issue in this case.  Plaintiff-

3   Intervenor further objects that this interrogatory seeks irrelevant information because

4   it requests information concerning PVC pipe made by a manufacturer other than J-M.

5   Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

6   is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

7   on which you first learned about the Action" is vague and ambiguous; Plaintiff-

8   Intervenor will respond according to the date that the City of Norfolk learned of the

9   Action.  The phrase is also misleading because it ignores Plaintiff-Intervenor's

10  inability to disclose or act upon the allegations in the action due to the complaint

11  being initially under seal.  Plaintiff-Intervenor further objects that this interrogatory

12  seeks information beyond the scope of permissible Phase 1 discovery, as set forth in

13  the December 7, 2011 Order Addressing Bifurcation [Dkt. #551] and subsequent

14  orders of the Court, such as private developer.  Plaintiff-Intervenor's response is

15  based on its current understanding of which projects contain PVC pipe at issue in this

16  case and is subject to change if and when that understanding changes.

17          Subject to and without waiving the objections, Plaintiff-Intervenor responds as

18  follows:  After Plaintiff-Intervenor first learned of this Action, Plaintiff-Intervenor

19  believes it purchased approximately 91,758 feet of the type of PVC pipe at issue in

20  this case, manufactured by a company other than J-M.  Plaintiff-Intervenor may also

21  have additional PVC pipe.  Plaintiff-Intervenor has a number of projects where the

22  PVC pipe manufacturer has not yet been determined.

23

24  **INTERROGATORY NO. 105:**

25          IDENTIFY, in terms of linear feet or other common measure used to quantify

26  the amount of pipe, the amount of C-900 pipe manufactured by a company other than

27  J-M that YOU purchased or otherwise obtained after the date on which YOU first

28  learned about the ACTION.

-25-

1  **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

2  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

3  **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

4  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

5  further objects that this interrogatory seeks irrelevant information to the extent it

6  requests information concerning types of PVC pipe not at issue in this case; Plaintiff-

7  Intervenor will respond only as to types of PVC pipe at issue in this case.  Plaintiff-

8  Intervenor further objects that this interrogatory seeks irrelevant information because

9  it requests information concerning PVC pipe made by a manufacturer other than J-M.

10  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

11  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

12  on which you first learned about the Action" is vague and ambiguous; Plaintiff-

13  Intervenor will respond according to the date that the City of Norfolk learned of the

14  Action.  The phrase is also misleading because it ignores Plaintiff-Intervenor's

15  inability to disclose or act upon the allegations in the action due to the complaint

16  being initially under seal.  Plaintiff-Intervenor further objects that this interrogatory

17  seeks information beyond the scope of permissible Phase 1 discovery, as set forth in

18  the December 7, 2011 Order Addressing Bifurcation [Dkt. #551] and subsequent

19  orders of the Court, such as private developer projects.   Plaintiff-Intervenor's

20  response is based on its current understanding of which projects contain PVC pipe at

21  issue in this case and is subject to change if and when that understanding changes.

22  Subject to and without waiving the objections, Plaintiff-Intervenor responds as

23  follows:  After Plaintiff-Intervenor first learned of this Action, Plaintiff-Intervenor

24  believes it purchased approximately 90,247 feet of C-900 PVC pipe, manufactured by

25  a company other than J-M.  Plaintiff-Intervenor may also have additional C-900 PVC

26  pipe.  Plaintiff-Intervenor has a number of projects where the C-900 PVC pipe

27  manufacturer has not yet been determined.

28

-26-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1  **INTERROGATORY NO. 106:**

2      IDENTIFY, in terms of linear feet or other common measure used to quantify

3  the amount of pipe, the amount of C-905 pipe manufactured by a company other than

4  J-M that YOU purchased or otherwise obtained after the date on which YOU first

5  learned about the ACTION.

6      **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

7  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

8      **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

9  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

10  further objects that this interrogatory seeks irrelevant information to the extent it

11  requests information concerning types of PVC pipe not at issue in this case; Plaintiff-

12  Intervenor will respond only as to types of PVC pipe at issue in this case.  Plaintiff-

13  Intervenor further objects that this interrogatory seeks irrelevant information because

14  it requests information concerning PVC pipe made by a manufacturer other than J-M.

15  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

16  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

17  on which you first learned about the Action" is vague and ambiguous; Plaintiff-

18  Intervenor will respond according to the date that the City of Norfolk learned of the

19  Action.  The phrase is also misleading because it ignores Plaintiff-Intervenor's

20  inability to disclose or act upon the allegations in the action due to the complaint

21  being initially under seal.  Plaintiff-Intervenor further objects that this interrogatory

22  seeks information beyond the scope of permissible Phase 1 discovery, as set forth in

23  the December 7, 2011 Order Addressing Bifurcation [Dkt. #551] and subsequent

24  orders of the Court, such as private developer projects.   Plaintiff-Intervenor's

25  response is based on its current understanding of which projects contain PVC pipe at

26  issue in this case and is subject to change if and when that understanding changes.

27      Subject to and without waiving the objections, Plaintiff-Intervenor responds as

28  follows:  After Plaintiff-Intervenor first learned of this Action, Plaintiff-Intervenor

-27-

868336

1  believes it purchased approximately 1,511 feet of C-905 PVC pipe, manufactured by a

2  company other than J-M.  Plaintiff-Intervenor may also have additional C-905 PVC

3  pipe.  Plaintiff-Intervenor has a number of projects where the C-905 PVC pipe

4  manufacturer has not yet been determined.

5

6  **INTERROGATORY NO. 107:**

7       IDENTIFY, in terms of linear feet or other common measure used to quantify

8  the amount of pipe, the amount of ASTM D-2241 pipe manufactured by a company

9  other than J-M that YOU purchased or otherwise obtained after the date on which

10  YOU first learned about the ACTION.

11       **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

12  Objections 1, 2, 3, 5, 6, 7, 10, 11, and 13.

13       **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

14  reference herein General Objections 2, 3, 5, 6, 7, 10, 11, and 13.  Plaintiff-Intervenor

15  further objects that this interrogatory seeks irrelevant information to the extent it

16  requests information concerning types of PVC pipe not at issue in this case; Plaintiff-

17  Intervenor will respond only as to types of PVC pipe at issue in this case.  Plaintiff-

18  Intervenor further objects that this interrogatory seeks irrelevant information because

19  it requests information concerning PVC pipe made by a manufacturer other than J-M.

20  Plaintiff-Intervenor further objects that the phrase "purchased or otherwise obtained"

21  is vague and ambiguous.  Plaintiff-Intervenor further objects that the phrase "the date

22  on which you first learned about the Action" is vague and ambiguous; Plaintiff-

23  Intervenor will respond according to the date that the City of Norfolk learned of the

24  Action.  The phrase is also misleading because it ignores Plaintiff-Intervenor's

25  inability to disclose or act upon the allegations in the action due to the complaint

26  being initially under seal.  Plaintiff-Intervenor further objects that this interrogatory

27  seeks information beyond the scope of permissible Phase 1 discovery, as set forth in

28

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1    the December 7, 2011 Order Addressing Bifurcation [Dkt. #551] and subsequent

2    orders of the Court, such as private developer projects.

3            Subject to and without waiving the objections, Plaintiff-Intervenor responds as

4    follows:  Plaintiff-Intervenor believes it did not specifically specify or purchase any

5    pipe specifically denominated ASTM D-2241 manufactured by a company other than

6    J-M after it learned of the Action.  However, since ASTM D-2241 is included as a

7    reference in AWWA C900 PVC pipe standard any C900 PVC pipe purchased would

8    also be considered to be ASTM D-2241 pipe.

9

10   **INTERROGATORY NO. 108:**

11           IDENTIFY (1) the date on which YOU first formed the belief that any PVC

12   PIPE manufactured by J-M was defective, substandard or otherwise out of compliance

13   with any STANDARDS and/or YOUR specifications, (2) all PERSONS with

14   knowledge of the above, and (3) all DOCUMENTS RELATING TO the above.

15           **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

16   Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

17           **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

18   reference herein General Objections 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

19   Plaintiff further objects that the phrases "formed the belief" and "RELATING TO"

20   are vague and ambiguous.

21           Subject to and without waiving the objections, Plaintiff-Intervenor responds as

22   follows:  Plaintiff-Intervenor formed its belief that J-M PVC pipe is defective,

23   substandard and non-compliant, among other problems, over time.  Plaintiff-

24   Intervenor learned about this action and the facts set forth in the various complaints

25   herein, no later than March 2010.  Plaintiff-Intervenor then conducted a privileged

26   investigation and subsequently learned that J-M PVC Pipe, as alleged in the operative

27   complaint, failed to comply with applicable standards.

28

-29-

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336

1
2

(2)     The persons with knowledge regarding Plaintiff-Intervenor's belief include:

| Defendants J-M and Formosa | |
|---|---|
| Larry Kight | Mr. Kight is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Lawrence Paulmino | Mr. Paulmino is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Calvin Lillard | Mr. Lillard is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Chris Ball | Mr. Ball is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Rhonda Wyda | Ms. Wyda is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Mike Gillikin | Mr. Gillikin is a current employee of the City of Norfolk and may be contacted |

-30-

868336

| | |
|---|---|
| | through Norfolk's counsel of record in this action. |
| Gary Kimber | Mr. Kimber is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Sean Simmons | Mr. Simmons is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Thomas King | Mr. King is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Jay Smigielski | Mr. Smigielski is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| David Speer | Mr. Speer is a current employee of the City of Norfolk and may be contacted through Norfolk's counsel of record in this action. |
| Plaintiff-Intervenor's Board of Directors | Plaintiff-Intervenor's Board of Directors may be contacted through Norfolk's counsel of record. |

| | |
|---|---|
| Plaintiff-Intervenor's counsel, both internal and external | |
| Other former employees and consultants of Plaintiff-Intervenor | |

(3)    The documents RELATING TO the formation of Plaintiff-Intervenor's belief include Relator's complaint and subsequent amended complaints, Plaintiff-Intervenor's complaint in intervention, Plaintiffs' disclosures, Plaintiffs' contention interrogatory responses, and pleadings in this action.  In addition, Plaintiff-Intervenor's belief is supported by documents produced in this Action by Plaintiff-Intervenor, other Plaintiffs, J-M, Formosa, and third parties.

**INTERROGATORY NO. 109:**

IDENTIFY (1) all warranty claims that YOU made to J-M concerning any PVC PIPE manufactured by J-M, (2) the pipe at issue in each such claim, (3) the dates of such claims, (4) the reasons YOU made such claims, (5) the results of such claims, (6) all PERSONS with knowledge of the above, and (7) all DOCUMENTS RELATING TO the above.

**RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

**NO AMENDED RESPONSE REQUIRED:** The Court sustained Plaintiff-Intervenor's objection to this Interrogatory in its February 19, 2013 Minute Order [Dkt. 794].

-32-

868336

**INTERROGATORY NO. 110:**

IDENTIFY, for each warranty claim that YOU made to J-M, (1) all instances in which YOU performed or caused to be performed any testing on the pipe at issue in each such claim, (2) the pipe at issue in each such claim, (3) the testing performed on such pipe, (4) the results of such testing, (5) all PERSONS with knowledge of the above, and (6) all DOCUMENTS RELATING TO the above.

**RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

**AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by reference herein General Objections 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14. Plaintiff-Intervenor further objects that the term "warranty claim" is vague, ambiguous and misleading, including but not limited to the fact that J-M has had various purported warranties over time, none of which cover fraud, among other things. Plaintiff-Intervenor further objects that the interrogatory wrongly assumes that J-M had warranties that would apply to the J-M PVC pipe at the time of the failures in Plaintiff-Intervenor's water system.

Subject to and without waiving the objections, Plaintiff-Intervenor responds as follows: Plaintiff-Intervenor has not expressly "made a warranty claim." Plaintiff-Intervenor's ability to investigate and discover issues with J-M PVC pipe was blocked by J-M's false representations and concomitant concealment of its fraud, *e.g.,* its manufacture and sale of defective, substandard and non-compliant PVC pipe while representing that pipe as fully compliant.

Further, making any "warranty claims" would be futile and does not make sense here because no warranty can adequately address J-M's fraud and misrepresentations and a party cannot warrant or contract around liability for fraud. In addition, J-M's supposed warranties contain numerous and onerous limitations and requirements, are entirely at J-M's discretion, and do not provide Plaintiff-Intervenor with an adequate remedy, to say the least. In any event, J-M is fully aware of its

-33-

868336

1   defective, substandard, and noncompliant PVC pipe as sold to Plaintiff-Intervenor

2   through this action.  To date, J-M has not offered to compensate Plaintiff-Intervenor

3   for J-M's fraud.

4

5   **INTERROGATORY NO. 111:**

6        IDENTIFY, for each warranty claim that YOU made to J-M, (1) all instances in

7   which YOU refrained from performing or causing to be performed testing on the pipe

8   at issue in each such claim, (2) the pipe at issue in each such claim, (3) the reasons

9   why no such testing was performed, (4) all PERSONS with knowledge of the above,

10  and (5) all DOCUMENTS RELATING TO the above.

11       **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

12  Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

13       **AMENDED RESPONSE:** Plaintiff-Intervenor restates and incorporates by

14  reference herein General Objections 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

15  Plaintiff-Intervenor further objects that the term "warranty claim" is vague,

16  ambiguous and misleading, including but not limited to the fact that J-M has had

17  various purported warranties over time, none of which cover fraud, among other

18  things.  Plaintiff-Intervenor further objects that the interrogatory wrongly assumes

19  that J-M had warranties that would apply to the J-M PVC pipe at the time of the

20  failures in Plaintiff-Intervenor's water system.

21       Subject to and without waiving the objections, Plaintiff-Intervenor responds as

22  follows:  Plaintiff-Intervenor has not expressly "made a warranty claim."  Plaintiff-

23  Intervenor's ability to investigate and discover issues with J-M PVC pipe was blocked

24  by J-M's false representations and concomitant concealment of its fraud, *e.g.*, its

25  manufacture and sale of defective, substandard and non-compliant PVC pipe while

26  representing that pipe as fully compliant.

27       Further, making any "warranty claims" would be futile and does not make

28  sense here because no warranty can adequately address J-M's fraud and

-34-

868336

1   misrepresentations and a party cannot warrant or contract around liability for fraud.

2   In addition, J-M's supposed warranties contain numerous and onerous limitations and

3   requirements, are entirely at J-M's discretion, and do not provide Plaintiff-Intervenor

4   with an adequate remedy, to say the least.  In any event, J-M is fully aware of its

5   defective, substandard, and noncompliant PVC pipe as sold to Plaintiff-Intervenor

6   through this action.  To date, J-M has not offered to compensate Plaintiff-Intervenor

7   for J-M's fraud.

8

9   **<u>INTERROGATORY NO. 112:</u>**

10          IDENTIFY, for each instance in which you came into possession, custody or

11   control of any PVC PIPE manufactured by J-M that was defective, substandard or

12   otherwise out of compliance any STANDARDS and/or YOUR specifications, and in

13   which YOU nonetheless refrained from making a warranty claim to J-M concerning

14   such pipe, (1) the reasons why YOU did not make a warranty claim, (2) all PERSONS

15   with knowledge of the above, and (3) all DOCUMENTS RELATING TO the above.

16          **<u>RESPONSE:</u>** Plaintiff-Intervenor incorporates by reference herein General

17   Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

18          **<u>AMENDED RESPONSE:</u>** Plaintiff-Intervenor restates and incorporates by

19   reference herein General Objections 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14.

20   Plaintiff-Intervenor further objects that the term "warranty claim" is vague,

21   ambiguous and misleading, including but not limited to the fact that J-M has had

22   various purported warranties over time, none of which cover fraud, among other

23   things.  Plaintiff-Intervenor further objects that the interrogatory wrongly assumes

24   that J-M had warranties that would apply to the J-M PVC pipe at the time of the

25   failures in Plaintiff-Intervenor's water system.

26          Subject to and without waiving the objections, Plaintiff-Intervenor responds as

27   follows:  Plaintiff-Intervenor has not expressly "made a warranty claim."  Plaintiff-

28   Intervenor's ability to investigate and discover issues with J-M PVC pipe was blocked

868336

1  by J-M's false representations and concomitant concealment of its fraud, *e.g.*, its

2  manufacture and sale of defective, substandard and non-compliant PVC pipe while

3  representing that pipe as fully compliant.

4      Further, making any "warranty claims" would be futile and does not make

5  sense here because no warranty can adequately address J-M's fraud and

6  misrepresentations and a party cannot warrant or contract around liability for fraud.

7  In addition, J-M's supposed warranties contain numerous and onerous limitations and

8  requirements, are entirely at J-M's discretion, and do not provide Plaintiff-Intervenor

9  with an adequate remedy, to say the least.  In any event, J-M is fully aware of its

10  defective, substandard, and noncompliant PVC pipe as sold to Plaintiff-Intervenor

11  through this action.  To date, J-M has not offered to compensate Plaintiff-Intervenor

12  for J-M's fraud.

13

14  **INTERROGATORY NO. 113:**

15      IDENTIFY (1) all PERSONS associated and/or affiliated with YOU who

16  believed that YOU should not join or intervene in the ACTION, (2) the dates on

17  which such YOU became aware that such PERSONS held his view, (3) the manner in

18  which YOU became aware of this, (4) all PERSONS with knowledge of the above,

19  and (5) all DOCUMENTS RELATING TO the above.

20      **RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General

21  Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14.

22      **NO AMENDED RESPONSE REQUIRED:** The Court sustained Plaintiff-

23  Intervenor's objection to this Interrogatory in its February 19, 2013 Minute Order

24  [Dkt. 794].

25

26

27

28

**INTERROGATORY NO. 114:**

IDENTIFY (1) all PERSONS associated and/or affiliated with YOU who participated in YOUR decision to join the ACTION, (2) all PERSONS with knowledge of the above, and (3) all DOCUMENTS RELATING TO the above.

**RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14.

**NO AMENDED RESPONSE REQUIRED:** The Court sustained Plaintiff-Intervenor's objection to this Interrogatory in its February 19, 2013 Minute Order [Dkt. 794].

**INTERROGATORY NO. 115:**

IDENTIFY (1) all PERSONS associated and/or affiliated with YOU who voted on YOUR decision to join the ACTION, (2) how each such PERSON voted, (3) all PERSONS with knowledge of the above, and (4) all DOCUMENTS RELATING TO the above.

**RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

**NO AMENDED RESPONSE REQUIRED:** The Court sustained Plaintiff-Intervenor's objection to this Interrogatory in its February 19, 2013 Minute Order [Dkt. 794].

**INTERROGATORY NO. 116:**

IDENTIFY (1) the date on which YOU decided to join or intervene in the ACTION, (2) all PERSONS with knowledge of the above, and (3) all DOCUMENTS RELATING TO the above.

**RESPONSE:** Plaintiff-Intervenor incorporates by reference herein General Objections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and 14.

-37-

**NO AMENDED RESPONSE REQUIRED:** The Court sustained Plaintiff-Intervenor's objection to this Interrogatory in its February 19, 2013 Minute Order [Dkt. 794].

**AS TO OBJECTIONS:**

DATED:  March 29, 2013     By: _Elizabeth J. Sher /pd_

ELIZABETH  J. SHER (Admitted Pro Hac Vice)
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 966-1015

PATRICIA L. WEST
Chief Deputy Attorney General of Virginia
KIVA BLAND PIERCE
Assistant Attorney General
KPierce@oag.state.va.us
OFFICE OF THE ATTORNEY GENERAL
COMMONWEALTH OF VIRGINIA
900 East Main Street
Richmond, Virginia 23219
Tel: (804) 225-3197
Fax: (804) 371-8718

ERIC R. HAVIAN (State Bar No. 102295)
erh@pcsf.com
MARY A. INMAN (State Bar No. 176059)
mai@pcsf.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@litman-law.com
JESSICA T. MOORE (State Bar No. 183431)
jtm@pcsf.com
PHILLIPS & COHEN LLP
100 The Embarcadero, Suite 300
San Francisco, California  94105
Tel: (415) 836-9000
Fax: (415) 836-9001

-38-

868336

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRENT N. RUSHFORTH  (State Bar No. 45873)
brushforth@mckoolsmith.com
McKOOL SMITH HENNIGAN, PC
1999 K Street, N.W., Suite 600
Washington, D.C.  20006
Tel:    (202) 370-8304
Fax:    (202) 370-8344

**Attorneys for the Commonwealth of Virginia**

-39-

868336

**VERIFICATION**

Pursuant to Fed. R. Civ. P. 33(b)(1)(B), I hereby declare that:  (1) I have read the foregoing COMMONWEALTH OF VIRGINIA'S, ON BEHALF OF THE CITY OF NORFOLK, AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT J-M MANUFACTURING COMPANY, INC.'S FOURTH SET OF INTERROGATORIES; (2) I am informed and believe that the matters stated in the foregoing document are true; and (3) they reflect the information available to the City of Norfolk.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.  Executed on March 29, 2013.

_____
Signature

_____
NAME

_____
TITLE

VIRGINIA'S AMENDED OBJECTIONS TO J-M'S FOURTH SET OF INTERROGATORIES

868336