UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 06-55-GW(PJWx) | Date | February 20, 2019 |
|---|---|---|---|
| Title | *United States of America, et al. v. J-M Manufacturing Company, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Laura Elias | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Elizabeth J. Sher | David M. Bernick |
| Eric R. Havian | Paul S. Chen |
| Kirk D. Dillman | Jaren E. Janghorbani |
| | Neil Kelly |

**PROCEEDINGS:** TELEPHONIC CONFERENCE J-M MANUFACTURING COMPANY, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW [2809]

The Court's Initial Thoughts are circulated and attached hereto. Court hears oral argument.

Plaintiffs must submit the requested supplemental briefing, as described on the record, by February 28, 2019. Defendants must respond by March 7, 2019.

Court will advise the parties by March 14 as to further argument on Motion for Judgment as a Matter of Law, which will be sometime after March 22, 2019.

|  | : | 45 |
|---|---|---|
| | Initials of Preparer | JG |

*United States, et al. v. J-M Mfg. Co., Inc., et al.*; 06-cv-0055-GW-(PJWx)
Initial Thoughts on J-M Manufacturing Company, Inc.'s Renewed Motion for Judgment as a Matter of Law

**I. Background**

On December 12, 2018, J-M filed a motion for judgment as a matter of law. *See* J-M Manufacturing Company, Inc.'s Renewed Motion for Judgment as a Matter of Law ("JMOL Motion"), Docket No. 2809. Plaintiffs filed an opposition. *See* Plaintiffs' Memorandum of Law in Opposition to J-M's Motion for Judgment as a Matter of Law ("Opp'n"), Docket No. 2814. J-M filed a reply. *See* J-M Manufacturing Company, Inc.'s Reply in Support of Its Renewed Motion for Judgment as a Matter of Law ("Reply"), Docket No. 2816.

**II. The Scope of the JMOL Motion**

The Court recognizes that "[a] jury's inability to reach a verdict does not necessarily preclude a judgment as a matter of law." *Headwaters Forest Def. v. Cty. of Humboldt*, 240 F.3d 1185, 1197 (9th Cir. 2000), *vacated on other grounds*, 534 U.S. 801 (2001). Ninth Circuit precedent dictates that "[t]he same standard applies to a motion for judgment as a matter of law made after a mistrial because of jury deadlock." *Nichols v. City of San Jose*, No. 14-CV-03383-BLF, 2017 WL 3007072, at *1 (N.D. Cal. July 14, 2017) (citing *Headwaters, 240 F.3d at 1197 n. 4* ("The fact that the motion was granted after a mistrial was declared because of jury deadlock does not alter the standard to be applied on appeal.")).

When deciding a motion for judgment as a matter of law, the Court must determine whether − based on the evidence presented at trial − "no reasonable juror could find in the non-moving party's favor." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008) (internal quotation marks omitted and citation omitted); *see also* Fed. R. Civ. P. 50(a)-(b). "The evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party. If conflicting inferences may be drawn from the facts, the case must go to the jury." *Torres*, 548 F.3d at 1205-06 (citation and internal quotation marks omitted). "[T]he court should review all of the evidence in the record. In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). Indeed, the Court must look at the record "as it existed

1

when the trial was closed." *Elbert v. Howmedica, Inc.*, 143 F.3d 1208, 1209 (9th Cir. 1998).

To successfully move for judgment as a matter of law, the moving party must satisfy the aforementioned "very high" standard. *Costa v. Desert Palace*, 299 F.3d 838, 859 (9th Cir. 2002). The reason for such a high standard is that courts should ordinarily not impinge upon the province of the jury. *See id.* at 859 ("This high hurdle recognizes that credibility, inferences, and fact finding are the province of the jury, not this court."). "Judgment as a matter of law is appropriate when the *evidence presented at trial* permits only one reasonable conclusion." *See* Torres, 548 F.3d at 1205 (citation and internal quotation marks omitted) (emphasis added).

In terms of the scope of the present review, the Court notes at the outset that it will not use the JMOL hearing or briefing to reconsider any prior rulings made during the pendency of this case. This includes rulings regarding previously filed motions in limine, motions for summary judgment, *Daubert* motions, and rulings made prior to and during trial such as those regarding jury instructions, among others. Of course, for disputes that the Court did not resolve during the pendency of trial because all evidence had not yet been presented, the Court would make such rulings as necessary in deciding the JMOL Motion. In addition, the parties may not use the JMOL related briefing as a vehicle to attack the Phase One Jury's findings or rehash the liability phase of this case. Consequently, the issue before the Court is limited to actual damages.[1] To the extent that the JMOL-related briefing of either side rehashes already decided motions or arguments, the Court will simply ignore those arguments. If the Court denies the JMOL Motion and allows the case to proceed to retrial, the Court will not reconsider any prior

---

[1] In the same vein, statutory damages (also referred to as civil penalties) under false claims act statutes are not the subject of this motion and, indeed, have still to be tried. Thus, the JMOL Motion at most seeks partial judgment as a matter of law, without the issue of statutory damages/civil penalties. Nevertheless, the Court would make two observations at this point in regards to the subject of civil penalties.

First, civil penalties themselves serve both deterrent and remedial purposes and, hence, a court may award such penalties even when the Government has not suffered, or cannot establish, actual damages. *See San Francisco BART Dist. v. Spencer*, Case No. C-04-046323-SI, 2007 WL 911851 *1 (N.D. Cal. Mar. 23, 2007) ("Here, plaintiff failed to prove any actual damages. However, despite an inability to establish injury, plaintiff may still receive the statutory penalty for each violation of the CFCA.").

Second, during the Phase Two trial, the parties agreed that the issue of statutory damages/civil penalties would be tried to the Court. On that subject, the Court would also ask the parties to address whether the Court may decide statutory damages prior to a retrial of Phase Two, if it ultimately denies the JMOL Motion. Though the parties have agreed that the Court should decide statutory damages after ruling on the JMOL Motion, they have not meaningfully addressed *when* the Court may elect to do so in relation to a retrial. *See* JMOL Motion at i n.1 ("This motion does not address the issue of civil penalties, on which the parties agree the Court should defer [its] decision until resolving the present motion.").

ruling (oral or written) absent a formal written motion for reconsideration.[2]

Narrowing the scope of the JMOL briefing in the foregoing manner, the only issue is whether Plaintiffs presented sufficient evidence for a reasonable juror to come out in their favor regarding the theory of damages presented at the end of trial. In other words, the question is whether, *based on the evidence presented at trial and with all prior rulings taken into consideration*, a reasonable juror could award some amount of actual damages that would not be totally unfounded or purely speculative based on the liability found in Phase One. This is the sole issue that the Court will address and would like the parties to address at the February 20, 2019 hearing. Though the Court withholds ruling at this time, it does note that Defendant has made some initially persuasive arguments about a lack of evidence at trial. Indeed, to survive the JMOL Motion, Plaintiffs will have to do more than merely establish the remote possibility of some amorphous amount of nominal damages. Given its burden of proof, Plaintiffs had to have presented the jury with a basis to award some damages figure founded on more than pure speculation. That is part of what separates recovery of actual damages from statutory damages.

### III. Additional Materials

It is very likely that the Court will require the parties to submit additional materials.

---

[2] The Court would highly discourage the filing of any motions for reconsideration if the JMOL Motion is denied. The Court is inclined to believe, based on the history of this litigation, that any motion for reconsideration would likely constitute an opportunity to reargue previous motions or present evidence that was or should have been raised earlier. That is not a basis for reconsideration and the Court would summarily deny any such motions that fall into those buckets. *See Moore v. Grundman*, No. 11-CV-01570-DMS-(WMCx), 2012 WL 1252711, at *1 (S.D. Cal. Apr. 13, 2012) (citation and internal quotation marks omitted); *see also United States v. Westlands Water District*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (noting that "[a] motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before . . . . [and that a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . of that which was already considered by the Court in rendering its decision."). The parties will have a chance to appeal and they are welcome to make any such arguments to the Ninth Circuit. As to the local rules, Local Rule 7-8 provides:

> A motion for reconsideration . . . may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

*See* Local Rule 7-8. If the parties would like earlier rulings reconsidered after the Court's hypothetical denial of the JMOL Motion, the Court would require two-page briefs for each motion for reconsideration invoking one of the enumerated bases for reconsideration.