# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 06-55-GW-PJWx | Date | August 31, 2020 |
|---|---|---|---|

| Title | *United States of America, et al. v. J-M Manufacturing Company, Inc.* |
|---|---|

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Elizabeth J. Sher
Kirk Dillman
Susan K. Stewart
Eric R. Havian
Harry Litman
Ellen Head
Peter Broadbent

Attorneys Present for Defendants:

David M. Bernick
Paul S. Chan
Frank Fletcher

**PROCEEDINGS:** **HEARING ON CIVIL PENALTIES**

The Court's Initial Portion of Court's Ruling on Civil Penalties is circulated and attached. Court hears oral argument. For reasons stated on the record, the hearing is continued to October 1, 2020 at 10:00 a.m. Joint submissions are to be filed by September 22, 2020.

1 : 05

Initials of Preparer  JG

*United States et al v. J-M Manufacturing Company, Inc.*; Case No. 5:06-cv-00055-GW-(PJWx)
Initial Portion of Court's Ruling on Civil Penalties

**Background[1]**

This False Claims Act/*qui tam* ("FCA") lawsuit was brought on behalf of over 190 federal, state, and local governmental entities. *See United States et al v. J-M Manufacturing Company, Inc*. Case No. 5:06-cv-00055-GW-(PJWx), 2020 WL 4196880, *1 (C.D. Cal. June 6, 2020). Five entities from California, Nevada and Virginia were selected as exemplar plaintiffs and a "Phase One" trial was conducted on three elements required to establish liability under a FCA claim, *i.e.* falsity, materiality, and scienter.[2] *Id.* The jury in the Phase One trial returned a verdict in favor of the five exemplar plaintiffs. Eventually, a Phase Two trial was conducted on the issue of actual damages.[3] During the Phase Two trial, the parties stipulated that the Court would adjudicate the issue of civil penalties. The Phase Two jury could not reach a verdict on actual damages and the Court declared a mistrial. *See* ECF No. 2765. Defendant J-M Manufacturing Company, Inc. ("J-M") filed a Renewed Motion for Judgment as a Matter of Law ("JMOL"). *See* ECF No. 2809. The parties agreed that the Court should not decide the issue of civil penalties until after ruling on the JMOL. *See* ECF Nos. 2807, 2820, n. 1 at 3 of 4. On June 5, 2020, this Court granted the JMOL after concluding that: "Plaintiffs failed to provide evidence at the Phase Two trial from which a reasonable jury could make a finding of an award of actual damages under the FCA that would not be erroneous as a matter of law, be totally unfounded and/or be purely speculative." *See* 2020 WL 4196880, *41.

In response to the Court's request (*see* ECF No. 2880), the parties filed a Joint Status Report (*see* ECF No. 2881) wherein they, *inter alia*, noted that they had already briefed a number of issues in regards to civil penalties and this Court had already made certain rulings on

---

[1] The following abbreviations are used for the filings: (1) Plaintiffs' Brief on Phase One Verdict ("Pl. Verdict Br."), ECF No. 2393; (2) Court Ruling on Phase One Verdict ("Phase One Ruling"), ECF No. 2414; (3) Court Ruling on Defendant's JMOL ("JMOL Ruling"), ECF No. 2880; (4) Defendant's Brief on Civil Penalties ("J-M Br."), ECF No. 2886.

[2] The five Exemplar Plaintiffs are: (1) Calleguas Municipal Water District in California; (2) City of Norfolk, Virginia; (3) City of Reno, Nevada; (4) Palmdale Water District in California; and (5) South Tahoe Public Utility District in California.

[3] Under most FCA statutes, the prevailing plaintiff is entitled to: (1) actual damages arising from the false claim (which is, in turn, subject to a multiplier), and (2) civil penalties in a set range as to each false claim. *See e.g.* 31 U.S.C. § 3729(a)(1).

1

those issues which were located at the following entries in the case docket: ECF Nos. 2638, 2639, 2699, 2675, 2678, 2680, 2681, 2735, 2741 and 2754. *See* Attachment A, ECF No. 2881-1. The Court asked for final cross-motions on the civil penalties which the parties have provided. *See* ECF Nos. 2885, 2886, 2888, 2895, 2896.

## II.     Applicable Law

As to FCA civil penalties, the language in the California statute differs from the Nevada and Virginia enactments. Under the California False Claims Act ("CFCA"), civil penalties are imposed based upon each false claim that is submitted to the governmental entity. During the applicable time period herein, California Gov. Code § 12651(a) provided that: "A person who commits any of the following acts . . . *may* be liable to the state or political subdivision for a civil penalty of up to ten thousand dollars ($10,000) *for each false claim*[.]" Cal. Gov. Code. § 12651(a)(2) (effective to Oct. 12, 2007) (emphasis added). Thus, under the CFCA, civil penalties are only based upon the number of false claims not upon the number of false records or statements made. *See Fassberg Construction Co. v. Housing Authority of City of Los Angeles*, 152 Cal.App.4th 720, 736-37 (2007).[4]

Additionally, during the relevant period herein, the CFCA stated that a person violating the statute "*shall* be liable to the state or to the political subdivision for three times the amount of

---

[4] As stated in *Fassberg*,:

> The California False Claims Act distinguishes a "claim" from a "record or "statement." The term "claim" is defined in Government Code section 12650, subdivision (b)(1), quoted *ante*, without reference to the terms "record" or "statement." The terms "record" and "statement" are not defined in the act. Section 12651, subdivision (a) describes eight prohibited acts for which treble damages may be awarded, four of which refer to either "a false claim" or "a false record or statement." The statute imposes treble damages on a person who "(1) Knowingly presents or causes to be presented to an officer or employee of the state or of any political subdivision thereof, *a false claim* for payment or approval. [¶] (2) Knowingly makes, uses, or causes to be made or used *a false record or statement* to get a false claim paid or approved by the state or by any political subdivision . . . . " (*Ibid*., italics added.)
>
> Government Code section 12651, subdivision (a) states that a person who commits any of the "acts" listed in subdivision (a) is liable for treble damages. Those "acts" include knowingly presenting "a false claim" and knowingly presenting "a false record or statement to get a false claim paid or approved," as stated ante. The statute states, however, that a civil penalty may be imposed not for each "act," but for "each false claim." (*Ibid*.) We construe the statute in accordance with the plain meaning of the statutory language. (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.) Section 12651, subdivision (a) clearly distinguishes "a false claim" from "a false record or statement" and authorizes a civil penalty only for "each false claim." Section 12655, subdivision (c) states that the California False Claims Act "shall be liberally construed and applied to promote the public interest," but no liberal construction can alter the plain meaning of the statute in this regard.

152 Cal.App.4th at 736-37 (footnotes omitted.).

damages which the state or the political subdivision sustains because of the act of that person;" where that person only "*may* be liable to the state or political subdivision for a civil penalty of up to ten thousand dollars ($10,000) for each false claim." *See* Cal. Gov. Code § 12651(a) (effective in 2006), *as quoted in Thompson Pacific Construction, Inc. v. City of Sunnyvale*, 155 Cal.App.4th 525, 546 n.6 (2007). In 2007, the CFCA was amended in regards to civil penalties to read in relevant part: "may be liable to the state or political subdivision for a civil penalty of *not less than five thousand dollars* (*$5,000*) and not more than ten thousand dollars ($10,000) for each false claim." *See* Stats 2007 ch 577 § 5, 2007 Cal. AB 1750 (emphasis added). In 2009, the CFCA was again amended to make the imposition of a civil penalty mandatory by changing "may" in the text to "shall" and also changing "for each false claim" to "for each violation." *See* Stats 2009 ch 277 § 2, 2009 Cal. AB 1196.

The applicable Nevada False Claims Act statute ("NFCA") − which was in effect during the relevant time period herein – is Nevada Rev. Stat. 357.040. Section 357.040 stated that:

> a person who, with or without specific intent to defraud, does any of the following listed acts is liable to the State or a political subdivision, whichever is affected, for three times the amount of damages sustained by the State or political subdivision because of the act of that person, for the costs of a civil action brought to recover those damages and for a civil penalty of not less than $2,000 or more than $10,000 for each act:
> (a) Knowingly presents or causes to be presented a false claim for payment or approval.
> (b) Knowingly makes or uses, or causes to be made or used, a false record or statement to obtain payment or approval of a false claim.

Effective on July 1, 2007, the minimum civil penalty was increased to $5,000. *See* 2007 Nev. Stat. 454, 2007 Nev. SB 529.

The applicable Virginia False Claims Act statute ("VFCA") – which was in effect during the relevant time period herein – is Va. Code Ann. § 8.01-216.3 which stated that:

> A. Any person who:
>> 1. Knowingly presents, or causes to be presented, to an officer or employee of the Commonwealth a false or fraudulent claim for payment or approval;
>> 2. Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth; * * * *
>
> shall be liable to the Commonwealth for a civil penalty of not less than $5,000 and not more than $10,000, plus three times the amount of damages sustained by the Commonwealth.

3

In 2007, the civil penalty range was increased from $5,000-$10,000 to $5,500-$11,000.  *See* 2007 Va. Acts ch 569, 2006 Va. SB 1183.

**Discussion**

    A.  <u>The Number of Civil Penalties</u>

Given the language of the CFCA during the period covered by this litigation and the holdings of the California courts on the issue (*see, e.g.*, *Fassberg*, 152 Cal.App.4th at 736-37), Plaintiffs have conceded that, as to the California plaintiff agencies, the pre-2010 CFCA only authorized a civil penalty for each false claim submitted by J-M.  *See* Plaintiffs' Submission of Authorities Regarding the Jury's Determination of the Number of Statutory Penalties, ECF No. 2638 at pages 7-8 of 10.

As to the Reno, Nevada and Norfolk, Virginia, Plaintiffs sought an award of civil penalties of between $5,000 and $11,000 for each of the 2519 pieces of pipe from J-M that was stamped with an AWWA C900 or C905 mark and used in one of their projects.[5]  After extensive briefing and a number of hearings on the issue, the Court ruled that placement of "C900" or "C905" on a segment of pipe by J-M was not a presentment of false or fraudulent claim for payment nor a false record or statement to get a payment of a false claim because: (1) the Phase One jury verdict did not find that the AWWA C900/905 stamp on the pipe constituted a false claim, record or statement; (2) none of the contracts involved required that J-M mark the pipe to indicate or represent compliance with the AWWA standards – indeed, as to the latter point, Section 6.3 of the AWWA Standards for C900 and C905 pipe states that "The manufacturer shall, if so specified by the purchaser, furnish an affidavit that all delivered products comply with the requirements of this standard and of the purchaser" (*see* Trial Exhibits AWWA-004 and AWWA-007), but none of the exemplar plaintiffs made that specification.  *See* ECF No. 2754.

In light of the consensus as to the California law and the Court's ruling on the stamping of J-M pipe in regards to Reno, Nevada and Norfolk, Virginia, the Plaintiffs stipulated to one claim per project − which totals 26 − as the number of claims that would be the subject of the Court's ruling on civil penalties.  *See* 11/14/2018 Trial Transcript at 8647-48, ECF No. 2858.

---

[5] The range of civil penalties under Plaintiffs' position would be between $12,595,000 and $27,709,000.  *See* ECF No. 2754 at 4.