ADAM PAUL LAXALT
Attorney General
SUSAN K. STEWART (State Bar No. 174985)
Deputy Attorney General
SStewart@ag.nv.gov
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-4173
Fax: (775) 684-1108

**Attorneys for State of Nevada**
**(AND OTHER PLAINTIFFS/ATTORNEYS AS LISTED ON THE DOCKET)**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA <u>ex rel</u>. JOHN HENDRIX, | Case No. ED CV-06-00055-GW(PJWx) Hon. George H. Wu |
| Plaintiffs, | |
| v. | |
| J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation, | **PLAINTIFFS' BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES** Date: December 21, 2020 Time:  8:30 a.m. Location:  Courtroom 9D Phase 2 Damages |
| Defendants. | |

# **TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................. 1

I. PLAINTIFFS ARE ENTITLED TO THEIR REASONABLY EXPENDED COSTS AND FEES ................................................................. 1

    A. The FCAs Expressly Award Fees, Costs, and Expenses Whether or Not Relator Recovers Damages ................................. 4

II. PLAINTIFFS' COUNSEL ARE ENTITLED TO SEEK FEES FOR ANY WORK RELATED TO THE SUCCESSFUL CLAIMS ....... 5

    A. The Lodestar Approach For Calculating Fees ............................. 5

    B. The Losing Defendant Pays All Fees for Work Reasonable and Necessary to Winning Claims for Which a Private Client Would Pay ...................................................................... 6

    C. Plaintiffs are Entitled to Fees for Time Related to Seeking an Award of Attorneys' Fees ("Fees-on-Fees") .......................... 10

III. THE COURT SHOULD INSTRUCT THE PARTIES REGARDING CERTAIN ELEMENTS OF THE ATTORNEYS' FEES PETITIONS ................................................................................ 10

    A. The Court Should Rule on Procedure for Fee Application ......... 11

    B. The Court Should Instruct The Parties As To The Use Of Hours and Rates .......................................................................... 12

        1. Number of Hours .......................................................... 12

        2. Counsel Should Use Market Rates in the Central District of California ..................................................... 13

    C. If Defendant Challenges the Reasonableness of Plaintiffs' Fees and Costs, the Court Should Permit Plaintiffs to Discover Defendant's Attorneys' Fees and Costs ...................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ackerley Commc'ns of Mass., Inc. v. Somerville*,
> 901 F.2d 170 (1st Cir. 1990) ..............................................................................15

*Ackerman v. W. Elec. Co.*,
> 643 F. Supp. 836 (N.D. Cal. 1986), *aff'd*, 860 F.2d 1514 (9th Cir. 1988) .........12

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
> 643 F.3d 1165 (9th Cir. 2010) ..........................................................................5, 6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*,
> 522 F.3d 182 (2d Cir. 2008)...................................................................................5

*United States ex rel. Averback v. Pastor Med. Assocs. P.C.*,
> 224 F. Supp. 2d 342 (D. Mass. 2002) ...................................................... 3, 12, 13

*United States ex rel. Barajas v. Northrop Corp.*,
> 258 F.3d 1004 (9th Cir. 2001) ...............................................................................3

*Blum v. Stenson*,
> 465 U.S. 886 (1984).............................................................. 5, 6, 11, 12, 13, 14

*Cabrales v. Cty. of L.A.*,
> 935 F.2d 1050 (9th Cir.1991) ................................................................................8

*Calhoun v. Acme Cleveland Corp.*,
> 801 F.2d 558 (1st Cir. 1986)................................................................................14

*Camacho v. Bridgeport Fin., Inc.*,
> 523 F.3d 973 (9th Cir. 2008) ....................................................................... 10, 11

*Castel v. Advantis Real Estate Servs. Co.*,
> No. 2:07-cv-00435, 2008 WL 3348774 (E.D. Va. Aug. 8, 2008) (Jackson, J.)...7

*Chrapliwy v. Uniroyal, Inc.*,
> 670 F.2d 760. (7th Cir. 1982) ..............................................................................15

*Citgo Petroleum Corp. v. Krystal Gas Mktg. Co.*,
 466 F. Supp. 2d 1263 (N.D. Okla. 2006)............................................................15

*City of Riverside v. Rivera*,
 763 F.2d 1580 (9th Cir. 1985), *aff'd,* 477 U.S. 561 (1986)................................7

*Cohen v. Gerson Lehrman Grp., Inc.*,
 No. 09-cv-04352, 2011 WL 4336677 (S.D.N.Y. Sept. 15, 2011) .......................8

*Copeland v. Marshall*,
 641 F.2d 880 (D.C. Cir. 1980) (en banc) ............................................................7

*Coutin v. Young & Rubicam P.R. Inc.*,
 124 F.3d 331 (1st Cir. 1997)................................................................................5

*United States ex rel. Cretney-Tsosi v. Creekside Hospice II, LLC*,
 No. 2:13-cv-00167, 2018 WL 4409367 (W.D. Nev. Sept. 17, 2018) .................3

*Customs Fraud Investigations, LLC v. Victaulic Co.*,
 No. 13-cv-2983, 2019 WL 4280494 (E.D. Pa. Sept. 9, 2019).............................3

*Cyr v. Reliance Standard Life Ins. Co.*,
 No. 06-cv-01585, 2008 WL 7095148 (C.D. Cal. Jan. 16, 2008), *aff'd,* 448 F.
 App'x 749 (9th Cir. 2011) ..................................................................................14

*Dang v. Gross*,
 422 F.3d 800 (9th Cir. 2005) ...............................................................................9

*Doe v. Crestwood*,
 764 F. Supp. 1258 (N.D. Ill. 1991) ....................................................................10

*Estes v. Meridian One Corp.*,
 77 F. Supp. 2d 722, 729 (E.D. Va. 1999), *aff'd,* 6 F. App'x 142 (4th Cir. 2001) 7

*Evon v. Law Offices of Sidney Mickell*,
 688 F.3d 1015 (9th Cir. 2012) ..............................................................................7

*Gagne v. Maher*,
 594 F.2d 336 (2d Cir. 1979), *aff'd,* 448 U.S. 122 (1980)..................................10

BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES

*Goldman v. Clark Cty. Sch. Dist.*,

    Nos. 78282, 78822, 2020 WL 5633065 (Nev. Sept. 18, 2020) ..........................2

*Gonzalez v. City of Maywood*,

    729 F.3d 1196 (9th Cir. 2013) ...........................................................10

*Grendel's Den, Inc. v. Larkin*,

    749 F.2d 945 (1st Cir. 1984)..............................................................12

*Hensley v. Eckerhart*,

    461 U.S. 424 (1983).............................................................. 4, 5, 6, 9

*Henson v. Columbus Bank & Trust Co.*,

    770 F.2d 1566 (11th Cir. 1985) .........................................................15

*Jordan v. Multnomah Cty.*,

    815 F.2d 1258 (9th Cir. 1987) ...........................................................5, 6

*Kassim v. City of Schenectady*,

    415 F.3d 246 (2d Cir. 2005)................................................................8

*Lewis v. City of Alexandria*,

    287 Va. 474 (2014) ...........................................................................2

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*,

    487 F.2d 161 (3d Cir. 1973)................................................................5

*United States ex rel. Liotine v. CDW-Gov't, Inc.*,

    No. 3:05-cv-00033, 2013 WL 11267176 (S.D. Il. May 17, 2013)..................7, 8

*Lund v. Affleck*,

    587 F.2d 75 (1st Cir. 1978)...............................................................10

*McGinnis v. Ky. Fried Chicken of Cal.*,

    51 F.3d 805 (9th Cir. 1994) ..............................................................15

*United States ex rel. McKinney v. DHS Techs., LLC*,

    No. 3:11-cv-00146, 2016 WL 4592175 (M.D. Pa. Feb. 4, 2016) .......................5

BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES

*United States ex rel. Mikes v. Straus*,

    274 F.3d 687 (2d Cir. 2001), *abrogated on other grounds, Universal Health*

    *Servs., Inc. v. United States,* 136 S. Ct. 1989 (2016)................................................4

*Missouri v. Jenkins*,

    491 U.S. 274 (1989)................................................................................................14

*Morales v. City of San Rafael*,

    96 F.3d 359 (9th Cir. 1996) .....................................................................................8

*Moreno v. City of Sacramento*,

    534 F.3d 1106 (9th Cir. 2008) ...............................................................................12

*Morris v. Eversley*,

    343 F. Supp. 2d 234 (S.D.N.Y. 2004) .....................................................................7

*Norman v. Hous. Auth. of Montgomery*,

    836 F.2d 1292 (11th Cir. 1988) .............................................................................13

*People v. Standish*,

    38 Cal. 4th 858 (2006) .............................................................................................4

*Perdue v. Kenny A. ex rel. Winn*,

    559 U.S. 542 (2010)................................................................... 6, 7, 13, 14

*Pfingston v. Ronan Eng'g Co.*,

    284 F.3d 999 (9th Cir. 2002) ...................................................................................4

*Porzig v. Dresdner, Kleinwort, Benson LLC*,

    497 F.3d 133 (2d Cir. 2007)...................................................................................10

*Quesada v. Thomason*,

    850 F.2d 537 (9th Cir. 1988) ...................................................................................7

*United States ex rel. Rai v. KS2 TX, P.C.*,

    No. 3:17-cv-00834, 2019 WL 1397290 (D. Conn. Mar. 27, 2019), *modified on*

    *reconsideration,* 2019 WL 3854301 (D. Conn. Aug. 16, 2019), *appeal*

    *withdrawn*, No. 19-2939, 2019 WL 6869563 (2d Cir. Nov. 19, 2019).............15

*Roberts v. City of Honolulu*,

 938 F.3d 1020 (9th Cir. 2019) ...........................................................................6

*Ryan v. Editions Ltd. W., Inc.*,

 786 F.3d 754 (9th Cir. 2015) ..............................................................................9

*Schwarz v. Sec'y of Health & Human Servs.*,

 73 F.3d 895 (9th Cir. 1995) ..............................................................................13

*Shaw v. AAA Eng'g & Drafting, Inc.*,

 213 F.3d 538 (10th Cir. 2000) ............................................................................3

*United States ex rel. Singh v. Bradford Reg'l Med. Ctr.*,

 No. 04-cv-00186, 2013 WL 5467107 (W.D. Pa. Sept. 30, 2013) .......................3

*State v. Altus Fin.*,

 36 Cal. 4th 1284 (2005) ......................................................................................2

*United States ex rel. Stoner v. Santa Clara Cty. Office of Educ.*,

 502 F.3d 1116 (9th Cir. 2007) ............................................................................3

*United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*,

 41 F.3d 1032 (6th Cir. 1994) ..............................................................................2

*Tex. State Teachers v. Garland Indep. Sch. Dist.*,

 489 U.S. 782 (1989) ............................................................................................5

*Toven v. Met. Life Ins. Co.*,

 No. 06-cv-07260, 2009 WL 578538 (C.D. Cal. Mar. 5, 2009) .........................14

*United States v. $28,000 of U.S. Currency*,

 802 F.3d 1100 (9th Cir. 2015) ....................................................................11, 12

*United States v. Metro Dist. Comm'n*,

 847 F.2d 12 (1st Cir. 1988) ........................................................................11, 12

*Watson v. Cty. of Riverside*,

 300 F.3d 1092 (9th Cir. 2002) ............................................................................9

**Statutes**

31 U.S.C. § 3730(d) ..........................................................................................2, 4

Cal. Gov. Code § 12652 ...................................................................................2, 3

Code of Va. § 8.01-216.7 ...............................................................................2, 4

Nev. Rev. Stats. § 357.180 .............................................................................2, 4

**Other Authorities**

132 Cong. Rec. H9382-03 (Oct. 7, 1986), available at 1986 WL 786917 .............15

False Claims Act Amendments Act of 1986, Sen. Rep. 99-345, *reprinted in* 1986

    U.S.C.C.A.N. 5266 ...............................................................................2

# INTRODUCTION

The Court has directed that Plaintiffs'[1] entitlement to attorney fees be addressed prior to the submission of their fee petitions.[2]  During the last conference, the Court agreed that Plaintiffs could raise issues now that would affect how the fee petitions were prepared and presented, assuming the Court confirmed Plaintiffs' general entitlement to attorneys' fees.  (10/01/2020 Hrg. Tr. at 20:1-18 (Sher Decl. Ex. A).)  As set forth below, Plaintiffs are entitled to their reasonably expended costs and fees (Point I); they are entitled to use the lodestar method and seek fees related to the claims upon which they obtained judgments (including pre-intervention time and time spent on the fees process) (Point II), and the Court should instruct the parties and the Special Master, if any, with regard to certain basic principles that should guide preparation and review of Plaintiffs' fee petitions (Point III).

## I.   PLAINTIFFS ARE ENTITLED TO THEIR REASONABLY EXPENDED COSTS AND FEES

Although the specific wording of the three applicable False Claims Acts ("FCA") (California, Nevada, and Virginia) varies slightly, all three statutes make clear that the award of statutory fees, costs, and expenses is mandatory if the action results in any relief.  For example, under California law, if the relator "prevails" in the action, he or she "***shall*** receive an amount for reasonable expenses that the court

---

[1] Under the California and Nevada False Claims Act, the right to seek attorneys' fees belongs to the Relator.  Under the Virginia Fraud Against Taxpayers Act, the Commonwealth is entitled to seek fees on its own behalf.  For purposes of this motion, "Plaintiffs" refers to the Relator and Virginia unless otherwise stated.

[2] Plaintiffs will seek fees on behalf of Phillips & Cohen, which filed this lawsuit in January 2006; Day Pitney LLP, which has served as co-counsel since April 2009; McKool Smith, which has served as co-counsel since March 2012; and Constantine Cannon, which has served as lead counsel in the matter since April 2015.  P&C moved to withdraw from the matter in September 2016 and was permitted to withdraw by order dated October 27, 2016.

finds to have been necessarily incurred, plus reasonable costs and attorney's fees."[3] The federal FCA, upon which all three state FCAs are modeled, has similar language, imposing mandatory fee-shifting if a relator collects "proceeds" of any kind in the action.  31 U.S.C. § 3730(d).[4]  This is true whether the government intervened in the case or declined to do so.[5]  All such expenses, fees, and costs "shall be awarded against the defendant ...."  Cal. Gov. Code § 12652(g)(8); *accord* Code of Va. § 8.01-216.7 (same); Nev. Rev. Stats. § 357.180(1) (expenses, fees, and costs "must be awarded against the defendant").

The fee-shifting provisions were intended to "induc[e] 'whistleblowers' to step forward and attorneys to pursue such actions."  *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1035 (6th Cir. 1994); *see also* False Claims Act Amendments Act of 1986, Sen. Rep. 99-345 (Congress intended fee-shifting provisions to encourage filing of *qui tam* lawsuits because "[u]navailability of attorneys' fees inhibits and precludes many private individuals, as well as their attorneys, from bringing civil fraud suits"), *reprinted in* 1986 U.S.C.C.A.N. 5266,

---

[3] Cal. Gov. Code § 12652(g)(8) (emphasis added); *accord* Code of Va. § 8.01-216.7 (near-identical language with minor grammatical changes); Nev. Rev. Stats. § 357.180(1) (if action is successful, relator "is entitled to a reasonable amount for expenses that the court finds were necessarily incurred, including reasonable costs, attorney's fees and the fees of expert consultants and expert witnesses").

[4] Each of these state fee-shifting statutes was based upon nearly identical language in the federal False Claims Act.  31 U.S.C. § 3730(d).  Thus, in the absence of contrary state authority, federal cases construing those provisions are persuasive authority.  *State v. Altus Fin.*, 36 Cal. 4th 1284, 1299 (2005) (California False Claims Act "'is patterned on similar federal legislation' and it is appropriate to look to precedent construing the equivalent federal act." (quoting *Laraway v. Sutro & Co., Inc.*, 96 Cal. App. 4th 266, 274-75 (2002)); *Lewis v. City of Alexandria*, 287 Va. 474, 479 n.4 (2014) ("The VFATA is based on the federal civil False Claims Act."); *Goldman v. Clark Cty. Sch. Dist.*, Nos. 78282, 78822, 2020 WL 5633065, at *3 (Nev. Sept. 18, 2020) ("Nevada's FCA . . . is modeled on the federal False Claims Act").

[5] *See* Cal. Gov. Code § 12652(g)(8); Code of Va. §§ 8.01-216.7(A), (B); Nev. Rev. Stats. § 357.180(1).

5294.[6]  Congress therefore made the award of attorneys' fees, costs, and expenses to the relator mandatory under the federal FCA.  *E.g.*, *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 544 (10th Cir. 2000) ("[T]he FCA [attorneys' fee award] provisions are mandatory on their face."); *United States ex rel. Cretney-Tsosi v. Creekside Hospice II, LLC,* No. 2:13-cv-00167, 2018 WL 4409367, at *1 (W.D. Nev. Sept. 17, 2018) ("The FCA includes a mandatory fee-shifting provision that entitles relators in actions where the Government succeeds to reasonable attorneys' fees and costs.") (quotation marks omitted); *Customs Fraud Investigations, LLC v. Victaulic Co.,* No. 13-cv-2983, 2019 WL 4280494, at *1 (E.D. Pa. Sept. 9, 2019) (". . . Congress requires [district courts to] award reasonable attorneys' fees and expenses to parties who recover money for the United States under the False Claims Act."); *United States ex rel. Singh v. Bradford Reg'l Med. Ctr.*, No. 04-cv-00186, 2013 WL 5467107, at *2 (W.D. Pa. Sept. 30, 2013) ("The False Claims Act contains a mandatory fee shifting statute that requires a losing defendant to pay reasonable expenses plus reasonable attorneys' fees and costs"); *United States ex rel. Averback v. Pastor Med. Assocs. P.C.,* 224 F. Supp. 2d 342, 345 (D. Mass. 2002) ("[A]ttorney's fees are mandatory when a false claim matter is decided in favor of the relator and assessed against the defendant.").

By adopting virtually identical language in their state False Claims Acts, California, Virginia, and Nevada also made the award of fees, expenses, and costs mandatory.  Cal. Gov. Code § 12652(g)(8) (providing that court "shall" award fees

---

[6] The statutory scheme is "designed to help fight fraud against the government by encouraging private individuals to come forward with information about fraud that might otherwise remain hidden," *United States ex rel. Barajas v. Northrop Corp.*, 258 F.3d 1004, 1012 (9th Cir. 2001).  The requirement that fees be awarded is critical to a relator hiring an able attorney.  Indeed, there can be no recovery, and often no coming forward, when the relator is unable to hire an able attorney.  In the Ninth Circuit, relators may not even prosecute a qui tam action unless represented.  *United States ex rel. Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007).

and expenses upon government recovery); Code of Va. § 8.01-216.7 (same); Nev. Rev. Stats. § 357.180(1) (stating relator "is entitled" to fees and expenses when government recovers); *see also People v. Standish*, 38 Cal. 4th 858, 869 (2006) ("[T]he term 'shall' is interpreted as mandatory and not permissive.").

### A. The FCAs Expressly Award Fees, Costs, and Expenses Whether or Not Relator Recovers Damages

The FCA does not require any specific positive result for the recovery of expenses, fees and costs; a qui tam relator simply must "prevail" or recover "proceeds" – either on his own or following government intervention – to receive the award under Section 3730(d) or the state FCAs.  There is no question that Plaintiffs "prevailed."  The Phase 1 Jury rendered a liability verdict in favor of Plaintiffs, the Court denied J-M's motions to set aside that verdict, and the Court awarded Plaintiffs penalties, which constitute "proceeds."  Accordingly, the plain statutory language ends the inquiry.

Moreover, that interpretation is confirmed by reference to other fee-shifting statutes, to which courts may look for guidance.  *E.g.*, *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1006 (9th Cir. 2002) (noting that fee issues decided under 42 U.S.C. § 1988 "are instructive in deciding whether fees are appropriate" under the FCA); *United States ex rel. Mikes v. Straus*, 274 F.3d 687, 705 (2d Cir. 2001) (applying cases decided under § 1988, after noting that the FCA's legislative history "suggests that the standard of § 3730(d)(4) is analogous to that used for claims for attorneys' fees brought under 42 U.S.C. § 1988"), *abrogated on other grounds, Universal Health Servs., Inc. v. United States,* 136 S. Ct. 1989 (2016).

In comparable fee-shifting situations, a prevailing party is one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278-79 (1st Cir. 1978)) (analyzing a "prevailing party" under 42 U.S.C. § 1988).  A prevailing plaintiff must be able to point to a

resolution of the dispute that changes the legal relationship between itself and the defendant. *Tex. State Teachers v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989). Any plaintiff who successfully recovers any amount of money or who changes any procedure that cures the defect that caused the false claim to be filed is a prevailing plaintiff who is also entitled to attorneys' fees. *Hensley*, 461 U.S. at 438 n.14; *cf. United States ex rel. McKinney v. DHS Techs., LLC*, No. 3:11-cv-00146, 2016 WL 4592175, at *3-6 (M.D. Pa. Feb. 4, 2016) (reducing fees based on *Hensley* and the finding that hours spent on unsuccessful, dismissed claims were distinct from the successful claims).

## II.   PLAINTIFFS' COUNSEL ARE ENTITLED TO SEEK FEES FOR ANY WORK RELATED TO THE SUCCESSFUL CLAIMS

### A.   The Lodestar Approach For Calculating Fees

When calculating statutory attorneys' fees under federal fee-shifting statutes, federal courts, including those in the Ninth Circuit, use a "hybrid approach," with the "lodestar determination" as the predominant element of the analysis. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010) ("[U]nder federal fee-shifting statutes, the lodestar approach is the guiding light in determining a reasonable fee." (quotation marks omitted)); *Jordan v. Multnomah Cty.,* 815 F.2d 1258, 1262 (9th Cir. 1987).[7] Using this method, the court follows a two-step inquiry. First, the court determines the "lodestar," defined as the number of hours reasonably expended in the litigation multiplied by the reasonable hourly rates of the various timekeepers. This lodestar calculation is presumed to represent a

---

[7] *See also, e.g., Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 188-90 (2d Cir. 2008) (citing *Hensley*, 461 U.S. at 433); *Coutin v. Young & Rubicam P.R. Inc.*, 124 F.3d 331, 337 (1st Cir. 1997) ("The lodestar method is the strongly preferred method by which district courts should determine what fees to award prevailing parties"); *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 168-69 (3d Cir. 1973).

BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES

1   "reasonable fee."  *Blum,* 465 U.S. at 897 ("When . . . the applicant for a fee has

2   carried his burden of showing that the claimed rate and number of hours are

3   reasonable, the resulting product is presumed to be the reasonable fee."); *Jordan,*

4   815 F.2d at 1262 (A "strong presumption exists that the lodestar figure represents a

5   reasonable fee." (quotation marks omitted)).  Second, under certain circumstances,

6   the "lodestar" may be adjusted to account for elements not addressed in the

7   calculation.  *Blum,* 465 U.S. at 888-89 ("Adjustments . . . may be made as necessary

8   in the particular case."); *Roberts v. City of Honolulu,* 938 F.3d 1020, 1024 (9th Cir.

9   2019) (§1983 case) ("After the lodestar figure is determined, a district court retains

10  discretion to adjust the lodestar figure upward or downward based on a variety of

11  factors "not subsumed in the lodestar figure."); *cf. Antoninetti,* 643 F.3d at 1176

12  ("[T]here is a strong presumption that the lodestar is sufficient." (quoting *Perdue v.*

13  *Kenny A. ex rel. Winn,* 559 U.S. 542, 546 (2010))).

14       This method is used to provide "an objective basis on which to make an initial

15  estimate of the value of a lawyer's services."  *Hensley*, 461 U.S. at 433.  It

16  "produces an award that roughly approximates the fee that the prevailing attorney

17  would have received if he or she had been representing a paying client who was

18  billed by the hour in a comparable case;" and it "cabins the discretion of trial judges,

19  permits meaningful judicial review, and produces reasonably predictable results."

20  *Perdue,* 559 U.S. at 551-52; *see also Roberts*, 938 F.3d at 1024 ("At bottom, the goal

21  of the lodestar figure is to roughly approximate the fee the prevailing attorney would

22  have received from a paying client.").

23  **B.**   **The Losing Defendant Pays All Fees for Work Reasonable and**
**Necessary to Winning Claims for Which a Private Client Would**
**Pay**

24

25

26       Where the action results in some significant relief for the plaintiff, all hours

27  reasonably necessary to obtain the relief are compensable, even if the actual relief is

28  less than what the plaintiff originally sought or the fees are a large multiple of the

6

damages awarded.  *City of Riverside v. Rivera*, 763 F.2d 1580, 1581-83 (9th Cir. 1985), *aff'd,* 477 U.S. 561 (1986) (affirming 9th Circuit affirmance of award of $245,456.25 in fees for obtaining a $33,350.00 judgment in § 1988 case); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1033 (9th Cir. 2012) (despite settling FDCPA case for only $1,010.99, plaintiff achieved "significant level of success" by causing defendant to abandon his improper debt collection practices); *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) (a "successful [§ 1988] plaintiff often secures important social benefits that are not reflected in nominal or relatively small damage awards" and, therefore, "it is inappropriate to reduce a fee award below the lodestar simply because the damages obtained are small"); *Copeland v. Marshall*, 641 F.2d 880, 907 (D.C. Cir. 1980) (en banc) (awarding $160,000 in fees for obtaining a $33,000 judgment); *Morris v. Eversley*, 343 F. Supp. 2d 234, 248 (S.D.N.Y. 2004) (awarding reasonable attorneys' fees of $154,900 where plaintiff was awarded $16,000 in compensatory and punitive damages); *Castel v. Advantis Real Estate Servs. Co.*, No. 2:07-cv-00435, 2008 WL 3348774, at *5 (E.D. Va. Aug. 8, 2008) (Jackson, J.) (awarding $139,668 in case with purported $28,000 best case recovery) (FLSA case); *Estes v. Meridian One Corp.*, 77 F. Supp. 2d 722, 729 (E.D. Va. 1999) (court awarded $76,092.83 in attorneys' fees and costs after jury award to plaintiff of $1,297.58 in FMLA case), *aff'd,* 6 F. App'x 142 (4th Cir. 2001).  While adjustments upward or downward are possible, they must be based on objective criteria and tied to specific evidence.  *See Perdue,* 559 U.S. at 553.

Indeed, the Supreme Court in *Rivera* rejected the proposition that a fee award must be proportionate to the amount of damages a civil rights plaintiff actually recovers.  *See Rivera,* 477 U.S. at 574.  Proportionality makes no sense when it comes to enforcing the public policies of the False Claims Act, as discussed at length in *United States ex rel. Liotine v. CDW-Gov't, Inc.*, No. 3:05-cv-00033, 2013 WL 11267176 (S.D. Ill. May 17, 2013).  That court rejected a "proportionality" argument in the context of the False Claims Act, noting "many of the cases cited ... are cases

where the attorney fee award was actually many times larger than the relief rewarded. ... [I]t is not unreasonable especially when the public purpose of the False Claims Act and its fee-shifting provisions are considered." *Id*. at *12. The *Liotine* Court continued:

> Liotine, in partnership with the federal government, has achieved a substantial result that resulted in recovery for the United States. This type of recovery is rare. ... Congress mandated fee-shifting in False Claims Act cases. 31 U.S.C. §§ 3730(d), 3730(h). The size of the lodestar amount recommended here should serve to 1) encourage other highly-skilled professionals to engage in False Claims Act litigation and 2) have a deterrent effect on persons or corporations intending to engage in fraud against the federal government.

*Id.* at *13.

Further, in evaluating success, "the district court should consider not only the monetary results but also the significant non-monetary results [plaintiff] achieved for himself and other members of society." *Morales v. City of San Rafael*, 96 F.3d 359, 365 (9th Cir. 1996). It works against statutory purposes to reduce fees to attorneys who vindicate important policies but obtain low damages. *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005); *Cohen v. Gerson Lehrman Grp., Inc.*, No. 09-cv-04352, 2011 WL 4336677, at *2 (S.D.N.Y. Sept. 15, 2011). Here, J-M has touted that the lawsuit prompted the company to offer an "unprecedented" fifty-year warranty to all its customers, not just Plaintiffs, in lieu of its prior 1-year warranty. It is also highly likely that the action caused J-M to alter many of its prior shoddy manufacturing processes used to make pipe for all its customers, which the Phase 1 Jury found to be fraudulent.

As the Ninth Circuit has held, "Plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit. Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims." *Cabrales v. Cty. of*

*L.A.,* 935 F.2d 1050, 1052 (9th Cir.1991) (footnote omitted).  Courts generally should "defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case.'"  *Ryan v. Editions Ltd. W., Inc.,* 786 F.3d 754, 763 (9th Cir. 2015) (alteration in original) (quoting *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008)).

While the lodestar analysis does permit adjustment for "partial success," that adjustment applies only when Plaintiffs have brought multiple claims and succeed on only some of their claims.  *Hensley,* 461 U.S. at 431; *see Dang v. Gross*, 422 F.3d 800, 813 (9th Cir. 2005).  *Hensley* lays out a two-step consideration in such cases.  First, the Court determines "whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded.'"  *Watson v. Cty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (alteration in original) (quoting *Hensley*, 461 U.S. at 434).  ***Only if*** "unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."  *Dang,* 422 F.3d at 813 (quoting *Schwarz v. Sec'y of Health & Human Servs.,* 73 F.3d 895, 901-02 (9th Cir. 1995)).

Here, there are no unsuccessful claims and thus no need to go beyond the first step.  Plaintiffs succeeded in obtaining a judgment of liability and penalties against J-M under all claims the Exemplar Plaintiffs asserted against J-M.  The Fifth Amended Complaint recites causes of action against J-M under the California, Nevada, and Virginia statutes (both "(a)(1) and (a)(2)"); the 2013 Jury held J-M liable on each of those claims.  (*See* Fifth Amended Complaint [Dkt. 568], Counts 2, 11-12; Special Verdict Form [Dkt. 1794] at 1, 8, 15, 27, 33.)  The Fifth Amended Complaint sought statutory penalties against J-M on behalf of each of the Plaintiffs; the Court awarded penalties against J-M and in favor of each Exemplar Plaintiff.   (*See* Fifth Amended Complaint [Dkt. 568], Counts 2, 11-12; Award of Civil Penalties [Dkt. 2904] at 8.)

### C.      Plaintiffs are Entitled to Fees for Time Related to Seeking an Award of Attorneys' Fees ("Fees-on-Fees")

Under the False Claims Act, relator's counsel are entitled to fees for work establishing, and collecting, reasonable fees.  *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981-83 (9th Cir. 2008) (finding "fees-on-fees" must be determined by the same lodestar methodology, and downward adjustments are to be used only in "rare" cases); *Porzig v. Dresdner, Kleinwort, Benson LLC*, 497 F.3d 133, 142-43 (2d Cir. 2007) (vacating order affirming arbitration award because arbitrator failed to award fees incurred in statutory fee motion); *Gagne v. Maher*, 594 F.2d 336, 343-44 (2d Cir. 1979) (stating that where statute provides for recovery of fees, "time reasonably spent by plaintiffs' attorneys in establishing their fee would be compensable"), *aff'd,* 448 U.S. 122 (1980).  As explained by the Ninth Circuit: "It's now well established that time spent in preparing fee applications ... is compensable. This is so, even where the district court does not award the applicant the full amount of fees he requests."  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quotation marks, alteration, and citation omitted); *accord Lund v. Affleck*, 587 F.2d 75, 77 (1st Cir. 1978) ("It would be inconsistent with the purpose of [the statute] to dilute a fees award by refusing to compensate the attorney for the time reasonably spent in establishing and negotiating his rightful claim to the fee."). Such fees should be set using the same rates as other work on the case.  The argument for a lower rate on fees-related work "is a discredited notion that has not found favor in most courts."  *Doe v. Crestwood*, 764 F. Supp. 1258, 1262 (N.D. Ill. 1991).

### III.   THE COURT SHOULD INSTRUCT THE PARTIES REGARDING CERTAIN ELEMENTS OF THE ATTORNEYS' FEES PETITIONS

The Court has previously indicated its intent to refer the actual fee petitions to be filed in this matter to a Special Master for review and recommendations, assuming the Court finds that Plaintiffs are entitled to attorneys' fees.  The Court

1   also permitted Plaintiffs to raise certain issues now that would affect how the fee

2   petitions were prepared and presented.  (10/01/2020 Hrg. Tr. (Sher Decl. Ex A) at

3   20:1-18.)  Plaintiffs believe that each of the following legal issues is ripe now and

4   should be resolved so that the parties and the Special Master will have a framework

5   by which to prepare and judge the anticipated fee petitions.

6   **A.      The Court Should Rule on the Procedure for Fee Applications**

7          The fee applicant has the initial burden to substantiate the amount of fees

8   claimed, starting with adequate time records of the number of hours actually

9   expended in the litigation and evidence that the requested rates are in line with those

10  prevailing in the community for similar services by lawyers of reasonably

11  comparable skill, experience, and reputation (*i.e.*, the "market rate," see below).

12  *Blum*, 465 U.S. at 895 n11.  The "party opposing the fee application has a burden of

13  rebuttal that requires submission of evidence to the district court challenging the

14  accuracy and reasonableness of the . . . facts asserted by the prevailing party in its

15  submitted affidavits."  *Camacho,* 523 F.3d at 980 (alteration in original) (quoting

16  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (FDCPA case).

17         After the fee applicant presents the requisite evidence of hours worked and the

18  market rate, the court must determine the reasonableness of the fee sought.  *United*

19  *States v. $28,000 of U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015)(CAFRA

20  case).  While hours may be reduced by the court on an hour-by-hour or percentage

21  basis, such measures should be taken only when the fee opponent presents evidence

22  that the facially reasonable and well-documented time is not reasonably expended,

23  i.e. "excessive, redundant or otherwise unnecessary." *Id*. at 1105-06, 1108 (quoting

24  *Hensley,* 461 U.S. at 434).  Indeed, actual time expenditure should be reduced hour-

25  by-hour only when "counsel substantially exceeded the bounds of reasonable effort."

26  *United States v. Metro Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988) (quoting

27  *Pilkington v. Bevilacqua,* 632 F.2d 922, 925 (1st Cir. 1980)) (CAFRA case).  "By

28  and large, the court should defer to the winning lawyer's professional judgment as to

11

how much time" was required.  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

"[I]f the fee target does not dispute the market rate or hours reasonably expended, and poses no other valid legal reason for denying the fee request, the district court's inquiry should end after it determines whether the applicant's fee request is facially reasonable." *$28,000 of U.S. Currency,* 802 F.3d at 1105-06 (citing *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (holding that the district court must "presume reasonable" an uncontested market fee rate supported by sufficient evidence) and *Toussaint v. McCarthy*, 826 F.2d 901, 904 (9th Cir. 1987) (awarding the full requested fee because the plaintiffs appropriately supported a fee application and the defendant did not contest the claimed rates or hours)).

**B.      The Court Should Instruct The Parties As To The Use Of Hours and Rates**

*1.      Number of Hours*

The starting point for determining reasonable fees is the reasonable hours expended in the litigation.  *Blum*, 465 U.S. at 888.  "To determine the number of hours reasonably spent, one must first determine the number of hours actually spent, and then subtract from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984); *accord Ackerman v. W. Elec. Co.*, 643 F. Supp. 836, 862 (N.D. Cal. 1986), *aff'd,* 860 F.2d 1514 (9th Cir. 1988).  Only those hours where "counsel substantially exceeded the bounds of reasonable effort" should be subtracted.  *Metro Dist. Comm'n,* 847 F.2d at 17 (quoting *Pilkington*, 632 F.2d at 925); *accord Averback*, 224 F. Supp. 2d at 351.

Underlying this rule is the concept – recognized throughout the circuits – that courts ordinarily should defer to the fee claimant's judgment as to the reasonableness of, and necessity for, the work.  *Moreno*, 534 F.3d at 1112 ("By and

large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case"); *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) ("The measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done").

        2.    *Counsel Should Use Market Rates in the Central District of California*

Under the lodestar method, the Court "looks to 'the prevailing market rates in the relevant community." *Perdue*, 559 U.S. at 551 (quoting *Blum*, 465 U.S. at 895). In seeking reasonable attorneys' fees, counsel must establish (1) the fee claimants' skills, knowledge, experience, and reputation forming the basis for claimed hourly rates; and (2) prevailing rates in the community for similarly qualified attorneys. *Averback,* 224 F. Supp. 2d at 35; *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). As to the first, counsel's reasonable hourly rates must reflect the market treatment for experienced attorneys with specialized skills necessary to litigate a *qui tam* case. *See Blum*, 465 U.S. at 898 (special qualifications would be expected to be reflected in higher rates relative to market). Such specialized skills and experience are essential to *qui tam* cases. The False Claims Act is a unique and challenging statute, with complex procedures, particular underlying jurisdictional bars, and conflicting case authorities. The *qui tam* provisions establish a co-prosecutorial role for relators, whose counsel must develop working relationships with government attorneys, whose interests sometimes conflict and change throughout the course of the litigation. Obstacles to the successful prosecution of FCA cases escalate as the litigation of these claims ensues for many reasons, as the Court can well attest, including the myriad of complex issues that arise and the changing landscape concerning the interpretation of law by various appellate courts.

As to the issue of the "community," *Blum v. Stenson* suggests that comparisons to the rates charged in private representations are informative in assessing the prevailing market rates in the relevant community.  465 U.S. at 895-96, n11; *Calhoun v. Acme Cleveland Corp.*, 801 F.2d 558, 560 (1st Cir. 1986) (noting that applicant bears burden of providing "information about fees customarily charged in the locality for similar legal services and information about the experience and billing practices of the attorneys in question").  Counsel are entitled to be compensated at market-based hourly rates, taking into consideration their specialized skills and experience, the contingent nature of the work, customary billing rates, and the prevailing rates charged by attorneys of similar skills and experiences for comparable legal services in the Central District of California.

In addition to using market rates, counsel are entitled to use current (rather than historical) market rates.  To compensate for delay in payment, statutory attorneys' fees are calculated using hourly rates current to the year of recovery.  *See Missouri v. Jenkins*, 491 U.S. 274, 284 (1989); *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 555.  Courts in the Ninth Circuit award fees at current rates.  *See, e.g., Toven v. Met. Life Ins. Co.*, No. 06-cv-07260, 2009 WL 578538, at *4 (C.D. Cal. Mar. 5, 2009); *Cyr v. Reliance Standard Life Ins. Co.*, No. 06-cv-01585, 2008 WL 7095148, at *3 (C.D. Cal. Jan. 16, 2008), *aff'd,* 448 F. App'x 749 (9th Cir. 2011).  The FCA's legislative history implicitly recognizes that an award at historic rates would not fully compensate counsel, because:

> a true marketplace rate in a False Claims Act case would be what competent counsel's expectations of an hourly rate would be at the time of the filing of the case understanding that payment will be made only after success is achieved, and only after the defendant is given the opportunity to challenge the amount requested, and where the judge or an appellate court may reduce the amount required, and where payment may not come until this process is concluded.  ***In such cases, that rate would be substantially greater than a rate where payment was guaranteed on a monthly basis regardless of whether***

*the case was won or lost.*

132 Cong. Rec. H9382-03 (emphasis added) (Oct. 7, 1986) (statement of Rep. Berman), available at 1986 WL 786917.

### C.   If Defendant Challenges the Reasonableness of Plaintiffs' Fees and Costs, the Court Should Permit Plaintiffs to Discover Defendant's Attorneys' Fees and Costs

As recognized by federal courts across the country, fee claimants are entitled to the opportunity to compare their "efforts at the [merits] stage," to those expended by defense counsel, and their fees and costs to "the total fees and costs incurred by the defendant in defending the case."  *McGinnis v. Ky. Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1994) (quotation marks omitted) (noting defendant "spen[t] considerably more money losing than its adversary spent winning."); *accord Henson v. Columbus Bank & Trust Co.*, 770 F.2d 1566, 1574-75 (11th Cir. 1985) (finding that it was "most appropriate for the [district] court to have allowed discovery of" defendant's attorney's fees, especially since defendant "spiritedly contested [plaintiff]'s claims at every stage, including the reasonableness of his petition for attorneys' fees").[8]  In this regard, Plaintiffs' discovery would include fees and costs

---

[8] *See also Ackerley Commc'ns of Mass., Inc. v. Somerville*, 901 F.2d 170, 172 n.5 (1st Cir. 1990) ("Although we recognize that comparisons between the number of hours spent by the attorneys for different parties may tell little about the quality of the work involved, we nevertheless think it worth noting the dramatic contrast that exists here for work that appeared at least roughly comparable"); *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768, n18 (7th Cir. 1982) ("[T]he hours and hourly rates charged by the defendant's attorneys provide a helpful guide in determining whether similarly high rates and hours requested by the plaintiffs were reasonable"); *Citgo Petroleum Corp. v. Krystal Gas Mktg. Co.*, 466 F. Supp. 2d 1263, 1264-65 (N.D. Okla. 2006) (relying on *McGinnis* in denying motion to quash subpoena directed to attorneys' fees expended by adversary); *United States ex rel. Rai v. KS2 TX, P.C.*, No. 3:17-cv-00834, 2019 WL 1397290, at *3 (D. Conn. Mar. 27, 2019) (noting both relator and defendant were represented solely by non-local counsel, substantiating notion that a reasonable, paying client would be likely to hire national counsel to investigate and litigate this case), *modified on reconsideration,* 2019 WL 3854301 (D. Conn. Aug. 16, 2019), *appeal withdrawn*, No. 19-2939, 2019 WL

incurred or billed but not paid by Defendant.

To the extent J-M intends to challenge the reasonableness of Relator's counsel's hours, rates, staffing, handling of tasks, etc., Relator is entitled to discovery of the comparable information from J-M's counsel in this matter, including McDermott, Will & Emery; Bird Mirella; Dechert; and Paul Weiss. Assuming that J-M will likely challenge all of those elements to some extent in opposing Plaintiffs' fee petitions, which will reflect 14 years of legal fees and costs, the Court should instruct the parties to discuss the scope and timing of such discovery now so the anticipated fee petition process does not get unduly delayed.

All other issues related to the fee petitions should await review of the actual petitions by the Special Master and/or the Court.

**Local Rule 5-4.3.4(a)(2)(i) Compliance:  Filer attests that all other signatories listed concur in the filing's content and have authorized this filing.**

Respectfully submitted,

DATED:    11/4/2020          By: /s/ Susan K. Stewart

ADAM PAUL LAXALT
Attorney General
SUSAN K. STEWART (State Bar No. 174985)
Deputy Attorney General
SStewart@ag.nv.gov
Attorney General's Office
100 North Carson Street
Carson City, Nevada  89701-4717
Tel: (775) 684-4173
Fax: (775) 684-1108

**Attorneys for State of Nevada**

DATED:    11/4/2020          By: /s/  Elizabeth J. Sher

6869563 (2d Cir. Nov. 19, 2019).

BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES

ELIZABETH J. SHER (Admitted Pro Hac Vice)
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 966-1015

CYNTHIA E. HUDSON
Chief Deputy Attorney General of Virginia
PETER E. BROADBENT
Assistant Attorney General
PBroadbent@oag.state.va.us
OFFICE OF THE ATTORNEY GENERAL
COMMONWEALTH OF VIRGINIA
202 North Ninth Street
Richmond, VA 23219
Tel: (804) 786-6055
Fax: (804) 786-1991

ERIC R. HAVIAN (State Bar No. 102295)
ehavian@constantinecannon.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@verizon.net
CONSTANTINE CANNON LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Tel:  (415) 766-3589
Fax:  (650) 636-9709

STUART RENNERT (Admitted Pro Hac Vice)
srennert@mckoolsmith.com
McKOOL SMITH HENNIGAN P.C.
1999 K. Street, N.W. Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344

KIRK DILLMAN (State Bar No. 110486)
kdillman@mckoolsmithhennigan.com
THOMAS B. WATSON (State Bar No. 181546)

17

1
2
3
4
5

twatson@mckoolsmithhennigan.com
McKOOL SMITH HENNIGAN P.C.
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 694-1200
Fax: (213) 694-1234

6

**Attorneys for Commonwealth of Virginia**

7
8

DATED:        11/4/2020          By: /s/  Elizabeth J. Sher                      

9
10
11
12
13

ELIZABETH J. SHER (Admitted Pro Hac Vice)
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 966-1015

14
15
16
17
18
19
20

ERIC R. HAVIAN (State Bar No. 102295)
ehavian@constantinecannon.com
HARRY P. LITMAN (State Bar No. 127202)
hlitman@verizon.net
CONSTANTINE CANNON LLP
4 Embarcadero Center, 14th Floor
San Francisco, California 94111
Tel:  (415) 766-3589
Fax:  (650) 636-9709

21
22
23
24
25

STUART RENNERT (Admitted Pro Hac Vice)
srennert@mckoolsmith.com
McKOOL SMITH HENNIGAN P.C.
1999 K. Street, N.W. Suite 600
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344

26
27
28

KIRK DILLMAN (State Bar No. 110486)
kdillman@mckoolsmithhennigan.com
THOMAS B. WATSON (State Bar No. 181546)
twatson@mckoolsmithhennigan.com

BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McKOOL SMITH HENNIGAN P.C.
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 694-1200
Fax: (213) 694-1234

**Attorneys for Calleguas Municipal Water District, Palmdale Water District, and South Tahoe Public Utility District**

BRIEF IN SUPPORT OF ENTITLEMENT TO ATTORNEYS' FEES