AARON D. FORD
Attorney General
SUSAN K. STEWART (State Bar No. 174985)
Deputy Attorney General
SStewart@ag.nv.gov
Attorney General's Office
100 North Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-4173
Fax: (775) 684-1108

**Attorneys for State of Nevada**
**(AND OTHER PLAINTIFFS/ATTORNEYS AS LISTED ON THE DOCKET)**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA <u>ex rel</u>. JOHN HENDRIX,<br><br>Plaintiffs,<br><br>v.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,<br><br>Defendants. | Case No. ED CV-06-00055-GW(PJWx)<br><br>Hon. George H. Wu<br><br><br><br>**PLAINTIFFS' SUBMISSION REGARDING ENTITLEMENT TO POST-INTERVENTION FEES**<br><br><br>Date: March 1, 2021<br>Time: 9:30 a.m.<br>Location:  Courtroom 9D |

In response to the Court's request for additional briefing on the issue of Relator's entitlement to fees incurred after the Government intervenes, Relator submits once again that he is entitled to an award of post-intervention fees, provided those fees were reasonably incurred.

At the last hearing, this Court suggested that where Relator's counsel also represented the government real party, Relator should explain how work was to be divided between government counsel and Relator's counsel.  Such joint representation, however, did not occur with regard to the State of Nevada.  Relator's counsel has never represented the State of Nevada, so any work done by Relator's counsel that benefited Reno cannot have been on behalf of or "charged" to Nevada.

Such joint representation did occur with respect to Virginia, but it is irrelevant here.  Virginia amended its FCA in 2007 to provide that any fees incurred by a relator's counsel **or the Commonwealth** are compensable by a losing defendant.  While that amendment post-dated the inception of this case, it pre-dated Virginia's retention of Relator's counsel in 2010.  Accordingly, all work that Relator's counsel performed that benefited Virginia was either done exclusively on behalf of Relator prior to consel's retention by the Commonwealth, or thereafter for both parties.  In either case such work is compensable under the 2007 amendment.[1]

---

[1] Fee-shifting statutes apply to all work performed after enactment, even if the case was filed pre-enactment.  Courts including the Supreme Court, the Ninth Circuit, and a district court in Virginia, all hold that such application does not implicate, much less violate, retroactivity rules.  *See Martin v. Hadix*, 527 U.S. 343, 360 (1999) (distinguishing fees awarded pre-and post-amendment and noting that for work "performed after the effective date of the PLRA, by contrast, there is no retroactivity problem"); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 277, 275 (1994) (explaining that attorney's fee awards are "uniquely separable from the cause of action to be proved at trial" (quoting *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451-52 (1982) and that application of rules that "regulate secondary rather than primary conduct ... giving rise to the suit" are not retroactive); *Madrid v. Gomez*, 190 F.3d 990, 994 (9th Cir. 1999) (allowing application of PLRA fee-shifting provisions "to work performed before the enactment of the Act would have an impermissible retroactive effect" but "applying the PLRA's attorney's

1

Because all work to advance the Nevada and Virginia claims is compensable under the Nevada and Virginia FCAs, "joint" representation is only relevant for work that benefited California real parties **exclusively**. Such work is clearly compensable under the doctrine that fees benefiting multiple objectives are recoverable if even one of those objectives qualifies for fee shifting. *Arnold Oil Props., L.L.C. v. Schlumberger Tech. Corp.*, 508 F. App'x 715, 717 (10th Cir. 2013) (Gorsuch, J.) ("If a court finds all of the time devoted to the alleged non-fee-bearing claim . . . 'would have been necessarily incurred' in connection with a claim that is fee-bearing . . . then apportionment is not required."); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995) (though plaintiff was proceeding both as representative of estate and personally, and fee shifting statute applied only to representative claims, no reduction of fees required because all time expended was necessary to success on representative claims); *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1564 (Fed. Cir. 1983) (holding defendant prevailing on patent claim could not collect attorney's fees under federal fee statute for successful assertion of breach of warranty counterclaim, because warranty claim was wholly separate from patent issue and not "so intertwined" with patent claims that evidence would be material to both). Under these principles, work done to advance the California claims would be compensable under the California FCA because it benefited not only the government Exemplars but also Relator personally, since he is entitled to a portion of any government recovery.

This Court apparently agrees. At the last hearing, the Court reasoned that where joint representation exists, any tasks that the parties agreed would be performed by Relator should still be subject to fee-shifting:

---

fees limitations to work performed after the Act's effective date 'does not raise retroactivity concerns.'" (citation omitted)); *Gordon v. Pete's Auto Serv. of Denbigh, Inc.*, 838 F. Supp. 2d 436, 442-43 (E.D. Va. 2012) (stating "the pertinent event, conduct, or transaction at issue here is the performance of legal services by plaintiff's counsel" and "[a]n award to the plaintiff of attorney's fees with respect to legal services performed *after* [the date of amendment] is clearly not retroactive").

2

> [If] the relator's counsel have an understanding insofar as the division of work and the recovery of attorney's fees, then, you know, that is something that, as the case has indicated, you can have that situation. I would just simply, however, require that that be delineated in some fashion so that is intelligible so somebody can understand who gets to do what and what is recoverable in that regard.
>
> \* \* \*
>
> [I]f we have a governmental entity that intervenes, it would have to be either some form of coordination or whatever, otherwise, you would have different captains of the ship, so to speak. . . . . I indicated **if you have that, you know, then, I would say that that would cover the issue.**

(2/1/21 Hrg. Tr. (Sher Decl. Ex. A) at 12:13-22; 7:16-8:3 (citing "*Abbott-Burdick*" in support of this point) (emphasis added); *see also id.* at 20:6-9 ("I do agree with Mr. Havian, that, you know, if there are -- if there is an arrangement between the intervening governmental entity and the relator, relator's counsel, that goes towards this issue").) Here, Relator will present evidence to the Court making clear that the California government agencies agreed in advance to delegate nearly all work on the case to Relator's counsel.

J-M, however, urges a far more extreme position. Ignoring the statutory text and citing no case law, J-M argues that "the services must really be performed for the relator **personally**, not for the benefit of the intervenors." (2/1/21 Hrg. Tr. (Sher Decl. Ex. A) at 14:18-19 (emphasis added).) Under J-M's formulation, **no** post-intervention work could ever be subject to fee shifting, since it would almost inevitably benefit the government as well as the relator. J-M has it exactly backwards, in direct contravention of the cases cited above holding that fees benefiting multiple objectives are recoverable if even one of those objectives qualifies for fee-shifting. By contrast, no case has ever held that fee-shifting only applies to post-intervention work that "personally" benefits a relator **and not** the government. Plainly, that is not the law.

As the Court observed at the hearing (2/1/21 Hrg. Tr. (Sher Decl. Ex. A) at 7:16-18), both the state false claims laws and the federal FCA upon which they were patterned, which were intended to enable the Government to draw on the assistance

3

and resources of the private bar, explicitly provide that the relator continues as a full party after intervention. 31 U.S.C. § 3730(c); Va. Code § 8.01-216.6(A); Nev. Rev. Stat. § 357.120(1); Cal. Gov. Code § 12652(e)(1). Each of those state statutes provides that, upon recovery by the government, the relator is entitled to a mandatory award of all fees reasonably incurred, with no language limiting that recovery to pre-intervention fees or fees incurred solely for the personal benefit of the relator. Va. Code § 8.01-216.7(A); Nev. Rev. Stat. § 357.180(1); Cal. Gov. Code § 12652(f)(8). If the legislatures had intended to preclude relators from recovering fees incurred in assisting an intervening government, surely they would have done so explicitly. They did not.[2]

As a consequence, courts have uniformly rejected J-M's argument as a basis to deny *qui tam* plaintiffs' fees incurred in sharing the litigation burden after government intervention. For example, in *United States ex rel. Abbott-Burdick v. University Medical Associates,* 2002 WL 34236885 (D.S.C. May 23, 2002), which this Court cited in its opinion and at the hearing, the defendants argued that relator's counsel should not recover fees for 824 hours of effort to review and organize documents in government offices "at the direction of the United States Attorneys . . . ." *Id.* at *15. The defendants insisted that "the Government made no meaningful effort to secure assistance from other government agencies" for this work. The court rejected the argument, *id.*, reasoning that

> the Act specifically envisions such participation and assistance by a relator after the government intervenes in a *qui tam* action. *See* 31 U.S.C. § 3730(d)(1). Indeed, the relators' percentage recovery of the *qui tam* award is specifically tied to his or her level of assistance in bringing about such recovery.

---

[2] In light of relators' rights to continue as full parties, courts have long rejected attempts by defendants to limit *qui tam* relators' ability to assist the Government in FCA litigation. *See, e.g., United States ex rel. Roby v. Boeing Co.*, 995 F. Supp. 790 (W.D. Ohio 1998). In *Roby*, the defendant sought to limit Relator's post-intervention participation in the litigation. *Id.* at 795-96. The court declined to do so, holding that the relator, as "a party to the suit," was entitled to "'unrestricted participation' in the litigation" as long as the relator's conduct did not result in delay, interference, harassment, or undue burden. *Id.* at 796.

4

Similarly, in *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC,*, 2018 WL 4409367, at *2 (D. Nev. Sept. 17, 2018), the defendant argued that post-intervention fees were excessive because "the Government intervened and reduced [relator's] role in the litigation." The court disagreed, holding that fees were recoverable for such post-intervention work (*id.*):

> Government intervention does not preclude participation by a *qui tam* relator.... [Relator] is entitled to pick counsel of her choice, and was within her rights to hire additional counsel, especially as the case progressed and the workload grew to be more than [her first attorney] could handle on his own. . . . It was also reasonable to expect a group of attorneys to participate when a firm is employed to work on a case.

Consistent with these holdings, and directly contradicting J-M's argument that only work performed for the relator exclusively and "personally" may be compensated, many other courts routinely award relator's counsel fees incurred in supporting the government's claims after intervention. *See, e.g.*, *United States ex rel. Nichols v. Comput. Scis. Corp.*, 2020 WL 6559194, at *8-11 (S.D.N.Y. Nov. 9, 2020) (government intervened in 2014 and parties settled only the intervened claims; court awarded relator both pre- and post-intervention fees relating to successful claims, including fees incurred in assisting the government with negotiating settlement of the case); *United States ex rel. McKinney v. DHS Techs., LLC*, 2015 WL 11675668, at *9 (M.D. Pa. Oct. 27, 2015) (awarding fees for post-intervention period during which court assumed that relator's counsel's efforts were "devoted almost exclusively to supporting the government's litigation of the claims upon which it has intervened"); *United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 2008 WL 11452466, at *1 (S.D. Tex. Apr. 22, 2008) (case filed in 2002 and government intervened in 2005; court awarded relator fees for the entire "seven-year span of the case"), *aff'd*, 575 F.3d 458 (5th Cir. 2009). J-M has cited no law to the contrary, and we are aware of none.

This Court should reject J-M's invitation to be the first court to hold that post-intervention fees are not recoverable in FCA cases.

5

**Local Rule 5-4.3.4(a)(2)(i) Compliance:  Filer attests that all other signatories listed concur in the filing's content and have authorized this filing.**

Respectfully submitted,

DATED: 02/22/21          By: /s/ Susan K. Stewart
                         AARON D. FORD
                         Attorney General
                         SUSAN K. STEWART (State Bar No. 174985)
                         Deputy Attorney General
                         SStewart@ag.nv.gov
                         Attorney General's Office
                         100 North Carson Street
                         Carson City, Nevada  89701-4717
                         Tel: (775) 684-4173
                         Fax: (775) 684-1108

                         **Attorneys for State of Nevada**

DATED: 02/22/21          By:  /s/  Elizabeth J. Sher
                         ELIZABETH J. SHER (Admitted Pro Hac Vice)
                         esher@daypitney.com
                         DAY PITNEY LLP
                         1 Jefferson Road
                         Parsippany, New Jersey 07054
                         Tel: (973) 966-6300
                         Fax: (973) 966-1015

                         ERIN B. ASHWELL
                         Chief Deputy Attorney General of Virginia
                         PETER E. BROADBENT
                         Assistant Attorney General
                         PBroadbent@oag.state.va.us
                         OFFICE OF THE ATTORNEY GENERAL
                         COMMONWEALTH OF VIRGINIA
                         202 North Ninth Street
                         Richmond, VA 23219
                         Tel: (804) 786-6055
                         Fax: (804) 786-1991

                         ERIC R. HAVIAN (State Bar No. 102295)
                         ehavian@constantinecannon.com
                         HARRY P. LITMAN (State Bar No. 127202)

6

| | |
|---|---|
| 1 | hlitman@verizon.net |
| 2 | CONSTANTINE CANNON LLP |
| | 4 Embarcadero Center, 14th Floor |
| 3 | San Francisco, California 94111 |
| | Tel:  (415) 766-3589 |
| 4 | Fax:  (650) 636-9709 |
| 5 | |
| | KIRK DILLMAN (State Bar No. 110486) |
| 6 | kdillman@mckoolsmithhennigan.com |
| 7 | McKOOL SMITH HENNIGAN P.C. |
| | One California Plaza |
| 8 | 300 South Grand Avenue, Suite 2900 |
| | Los Angeles, CA 90071 |
| 9 | Tel: (213) 694-1200 |
| 10 | Fax: (213) 694-1234 |
| 11 | **Attorneys for Commonwealth of Virginia** |

| | | |
|---|---|---|
| 12 | | |
| 13 | DATED: 02/22/21 | By: /s/   Elizabeth J. Sher |
| 14 | | ELIZABETH J. SHER (Admitted Pro Hac Vice) |
| | | esher@daypitney.com |
| 15 | | DAY PITNEY LLP |
| 16 | | 1 Jefferson Road |
| | | Parsippany, New Jersey 07054 |
| 17 | | Tel: (973) 966-6300 |
| 18 | | Fax: (973) 966-1015 |
| 19 | | ERIC R. HAVIAN (State Bar No. 102295) |
| 20 | | ehavian@constantinecannon.com |
| | | HARRY P. LITMAN (State Bar No. 127202) |
| 21 | | hlitman@verizon.net |
| 22 | | CONSTANTINE CANNON LLP |
| | | 4 Embarcadero Center, 14th Floor |
| 23 | | San Francisco, California 94111 |
| | | Tel:  (415) 766-3589 |
| 24 | | Fax:  (650) 636-9709 |
| 25 | | |
| 26 | | KIRK DILLMAN (State Bar No. 110486) |
| | | kdillman@mckoolsmithhennigan.com |
| 27 | | McKOOL SMITH HENNIGAN P.C. |
| | | One California Plaza |
| 28 | | 300 South Grand Avenue, Suite 2900 |

|     |                                      |
| --- | ------------------------------------ |
| 1   | Los Angeles, CA 90071                |
| 2   | Tel: (213) 694-1200                  |
|     | Fax: (213) 694-1234                  |
| 3   |                                      |
| 4   | **Attorneys for Calleguas Municipal Water District, Palmdale Water District, and South Tahoe Public Utility District** |
| 5   |                                      |