ELIZABETH J. SHER *(Admitted Pro Hac Vice)*
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 966-6300
Facsimile: (973) 966-1015

**Attorneys for Relator**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA *ex rel.* JOHN HENDRIX,<br><br>Plaintiffs,<br><br>v.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,<br><br>Defendants. | Case No. ED CV-06-00055-GW(PJWx)<br><br>Hon. George H. Wu<br><br>**JOINT STATUS REPORT REGARDING FINAL PHASE OF LITIGATION (PHASE 3)**<br><br>Status Conference<br>Date: March 13, 2025<br>Time: 8:30 a.m. |

# JOINT STATUS REPORT

Pursuant to the Court's February 4, 2025 Minute Order [Dkt. 3241], the Parties submit the following Report regarding aspects of the final phase of the litigation ("Phase 3").[1]

## RELATOR'S PRELIMINARY REPORT

### *Redacting the Fees Petition and all related documents*

Relator understands the need to and importance of "redacting and unsealing all orders, filings, and Special Master reports related to the Fees Petition." This will be a major undertaking, particularly with regard to all the filings from April 1, 2024 to date because most of them were not filed on the docket at all; the parties filed Notices of Manual Lodging but not the documents listed therein. Indeed, the parties collectively have filed at least 20 briefs and extensive supporting papers in addition to the Petition itself, virtually all of which contain confidential information.

Relator suggests the parties start with the Court's rulings (the Special Master's two Report and Recommendation documents, the Court's tentative rulings since April 1, 2024, and the Court's final decision on the Petition,[2] so that they can be redacted and unsealed by March 24 as the Court wishes. Thereafter, and within 30 days, the parties can propose versions of the remainder of the filings that require redaction.

### *Claims of the Remaining Plaintiffs*

**Exhibit A** attached hereto lists the intervening parties whose claims have not been adjudicated and identifies their counsel of record, to the best of our knowledge.

---

[1] For ease of reference, Phase 1 refers to the liability phase, Phase 2 refers to the damages/penalties phase, and Phase 3 refers to the adjudication of all remaining claims for the non-exemplar plaintiffs and real parties.

[2] The ECF filings are Dkt. 3238 (R&R on Fees & Formosa, Dkt. 3247 (R&R on Costs, Dkt. 3263 (Court's Tentative on Fees & Formosa), Dkt. 3285 (Court's Revised Tentative on Final Fee Award), and the anticipated Final Decision on Fees and Costs.

While the majority are represented by Relator's counsel (along with Relator, who also represents all real parties), there are other counsel who must be consulted regarding the prosecution of the remainder of the case.[3]  Relator's counsel has begun the process but requests until March 31 to finish consulting with their many clients, as well as counsel for the other parties, to determine who intends to proceed with their claims to trial, and to report back to the Court.

### *Trial Logistics*

Counsel requests until April 15 to respond regarding the size of the jury pool and who will be representing the clients who plan to proceed to trial.  Again, those answers require counsel to have further discussions with our clients, as well as counsel representing other intervening parties, with regard to status, strategy, recommendations, and decisions.

### *Issue Preclusion*

In its order for this status report, the Court directed the parties to address the question of the preclusive effect of the Phase 1 verdict. As previewed in the last hearing, Plaintiffs have consistently contended that issue preclusion is appropriate as to the liability verdict (falsity, material, and scienter), as affirmed by the Ninth Circuit, as to plaintiffs' purchases of J-M pipe manufactured during the relevant period (1996-2006).  The collateral estoppel issue was raised and briefed in 2014.[4] In December 2014, the Court decided over Plaintiffs' objection that collateral estoppel as to liability would not apply to the remaining plaintiffs' claims.  Plaintiffs reserved and continue to reserve their right to ask the Court to reassess that interlocutory ruling denying preclusive effect, which of course the Court has the authority to do.  *See* Dkt. 3199 at 11 (granting Relator's motion for reconsideration

---

[3]  They are the Nevada Attorney General's Office, the Virginial Attorney General's Office, the New Mexico Attorney General's Office, Best Best & Krieger, Irvine Ranch Water District, the City of Sacramento, and the City of San Jose.
[4]  *See* ECF 1987, 1988, 1990, 1992, 1993, and 1996.

and citing *United States v. Smith*, 389 F.3d 944, 948 (9th Cir. 2004) ("[A] district court may reconsider its prior rulings so long as it retains jurisdiction over the case.")). Now that the Ninth Circuit has affirmed the liability verdict, and it has become final, such reconsideration is especially appropriate.

### *Discovery*

Given the intense focus on the Fees Petition over the last year, Plaintiffs have not focused on what discovery, if any, is needed as part of Phase 3. However, the resolution of questions related to issue preclusion, the effect of prior motion practice, the use of prior deposition and trial testimony, and the availability of witnesses will necessarily inform that analysis and Plaintiffs' discovery needs.

### *Motion Practice*

Again, given the intense focus on the Fees Petition over the last year, Plaintiffs have not focused on what motion practice would need to be filed as part of Phase 3, other than the issue of collateral estoppel. Presumably there would be motion practice on the impact of the 2013 and 2018 trials, the use of evidence developed for those trials, the impact of motions decided in Phases 1 and 2, and so on.

### *Settlement Prospects*

The Court has raised the prospect of settlement discussions on several occasions recently, including the March 3 hearing when the Court asked J-M's counsel if J-M would settle for civil penalties and counsel responded affirmatively. (03/03/25 Hrg. Tr. at 32.) Plaintiffs are prepared to discuss settlement of their remaining claims, but Relator's counsel note that they cannot ethically discuss or negotiate their pending fees and costs request in the context of a settlement of Plaintiffs' claims.

3
JOINT STATUS REPORT OF THE PARTIES

121640179.6

## J-M'S PRELIMINARY REPORT

J-M files the following (very) "preliminary" and necessarily brief report covering the topics set out in the Court's In Chambers Scheduling Order. It will be prepared to provide further elaboration at the March 13, 2025 Status Conference.

■ <u>Case Management Order</u>: J-M will, of course, work with Relator/Intervening Plaintiffs and the Court to develop such an order and the case management plan which must predicate it. But J-M objects on multiple grounds to the Court's apparent decision to set a firm trial date of February 17, 2026, and asks that the Court set a briefing schedule on that issue so that its objections can be made a matter of record. Depending on the Court's schedule for the status conference on Thursday, J-M will be prepared to outline those objections, but briefing is required to fully set forth and preserve the objections for appellate review.

■ <u>Redacting the Fees Petition</u>: J-M is prepared to work on the redactions, and it agrees with Relator/Intervenors that this will take some time. It disagrees, however, with their proposed piecemeal approach.

■ <u>Remaining Plaintiffs</u>: J-M disagrees with Relator/Intervenors' suggestion that nothing has happened with respect to their claims during the last 15 years and that they and their counsel need yet more time figure out how they want to proceed. They have had J-M's proposed fact sheet (for which the Court expressed support) since mid-2016. What counsel really wants is more time to get additional retainers in place, driven by the prospect of the magnitude of fees that the Court has decided to allow. All Intervenors are undoubtedly aware of the outcome of the Phase 2 trial and appeal and should need no additional time to decide whether they want to move forward with their claims.

■ <u>Trial Logistics</u>: It is simply impossible to meaningfully discuss these matters until the timing and scope of the trial are better defined.

■ <u>Issue Preclusion</u>: The Phase 1 proceedings through trial, the post-trial

4
JOINT STATUS REPORT OF THE PARTIES

121640179.6

litigation over the consequences of Phase 1, the months-long litigation in 2016 over litigation of non-exemplar claims, the pre-trial and trial proceedings in Phase 2, the Ninth Circuit appeal, and the Court's *Daubert* decision in *Cambridge Lane* all impact litigation of non-exemplar claims. Summary adjudication will undoubtedly be appropriate based upon the record and decisions made by the Court and the Ninth Circuit. But issue preclusion on myriad issues should be required on *Daubert* grounds, the 7th Amendment, standing, and other procedural and evidentiary rules and not just through summary adjudication J-M does not, however, take the Court's reference to Issue Preclusion as an invitation to reconsider its 10+ year old ruling on collateral estoppel, which Relator now urges the Court to do. Nothing about the Ninth Circuit's affirmance of the Phase 1 verdict counsels in favor of reconsideration: the Court already made clear that the planned trial will include liability rather than be bifurcated. And no one should want to go down the same path that created a Phase 2 trial with a potpourri of instructions on the findings of the Phase 1 trial, presentation and reexamination of the Phase 1 evidence, all leading to the inevitable confusion (expressed plainly in the post-trial juror interview conducted by the Court) and to the subsequent mistrial. The Circuit did nothing to encourage much less bless a repeat performance, and its affirmance of the JMOL precludes it. Resurrecting the Phase 1 verdict for use by non-exemplars guarantees it.

■ Discovery: J-M is entitled to and will take full discovery, consistent with the Court's clear 2016 statement that J-M was entitled to do so for any non-exemplar claims. Relator/Intervenors are unclear as to whether they will use the same experts whose opinions were stricken under *Daubert* in the JMOL, or pursue the same approach to proving up non-compliance and diminution of value that the Court barred on *Daubert* grounds in *Cambridge Lane*. Relator/Intervenors should be required to make any new expert disclosures within 30 days.

1  ■ <u>Motion Practice</u>: This will be extensive, ranging from issues of standing, through the viability of the Court's contemplated consolidated trial of the claims of 35 intervenors – with pervasive variability (affecting both liability and damage issues) between and among parties and claims, as became manifestly clear in the litigation of the *Cambridge Lane* class claims. J-M is not aware of a precedent for such a consolidated mega-trial in the MDL mass tort context.

■ <u>Settlement Prospects</u>: J-M's only comment is to respond to Relator's comment on the inability to ethically address the elephant in the room – fees. Where penalties are limited as a matter of law, and damages as well, but lodestar fees are awarded in huge multiples of those recoveries, fees dominate the economics of the litigation. J-M will have no choice but to appeal the Court's expected final ruling on fees. Unfortunately, the Court's decision to try the non-exemplar claims on an expedited schedule will mean that Relator will once again be incentivized to incur massive fees without regard to the scope of recoverable damages/penalties. As to settlement, any settlement will be used to argue entitlement to more fees for the Phase 1 work which Relator will again say represent a benefit from that work.

121640179.6

**Local Rule 5-4.3.4(a)(2)(i) Compliance: Filer attests that all other signatories listed concur in the filing's content and have authorized this filing**

Respectfully submitted,

DATED: 03/11/2025  By: /s/ Elizabeth J. Sher
ELIZABETH J. SHER (Admitted Pro Hac Vice)
esher@daypitney.com
DAY PITNEY LLP
1 Jefferson Road
Parsippany, New Jersey 07054
Tel: (973) 966-6300
Fax: (973) 966-1015

ERIC R. HAVIAN (State Bar No. 102295)
Whistleblower Partners
eric@whistleblower.law
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (415) 707-6855

KIRK DILLMAN (State Bar No. 110486)
kdillman@mckoolsmith.com
McKOOL SMITH P.C.
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Tel: (213) 694-1200
Fax: (213) 694-1234

**Attorneys for Relator, John Hendrix**

DATED: 3/11/2025  By: /s/ David M. Bernick

DAVID M. BERNICK (Admitted Pro Hac Vice)
david.bernick@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle

Chicago, IL 60654
(312) 862-3957

PAUL S. CHAN (State Bar No. 183406)
pchan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

**Attorneys for Defendant J-M Manufacturing Co., Inc.**

**EXHIBIT A – PARTIES REMAINING IN LITIGATION**

| RELATOR AND ENTITIES | COUNSEL |
|---|---|
| John Hendrix (representing himself and real parties) | Relator's Counsel |
| Alameda County Water District | Engaged Relator's Counsel |
| Santa Clarita Water Agency (fka Castaic Lake) | Engaged Relator's Counsel |
| Chino, City of | Engaged Relator's Counsel |
| Dublin San Ramon Services District | Engaged Relator's Counsel |
| Livermore, City of | Engaged Relator's Counsel |
| Moulton Niguel Water District | Engaged Relator's Counsel |
| North Marin Water District | Engaged Relator's Counsel |
| Oxnard, City of | Engaged Relator's Counsel |
| Paradise Irrigation District | Engaged Relator's Counsel |
| Pomona, City of | Engaged Relator's Counsel |
| Ripon, City of | Engaged Relator's Counsel |
| Sacramento, City of | Engaged Relator's Counsel |
| San Buenaventura, City of | Engaged Relator's Counsel |
| San Diego County | Engaged Relator's Counsel |
| Santa Cruz, City of | Engaged Relator's Counsel |
| Santa Maria, City of | Engaged Relator's Counsel |
| Santa Rosa, City of | Engaged Relator's Counsel |
| Soquel Creek Water District | Engaged Relator's Counsel |
| Spring Valley Sanitation District | Engaged Relator's Counsel |
| Vallejo, City of | Engaged Relator's Counsel |
| Virginia, Commonwealth of (and political subdivisions) | Engaged Relator's Counsel as Special Counsel |
| Yountville, Town of | Engaged Relator's Counsel |
| State of Nevada (and political subdivisions) | NV Attorney General (Susan Stewart) |
| New Mexico, State of | NM Attorney General (Daniel Rubin) |
| San Jose, City of | City Attorney (Margo Laskowska) |
| San Diego, City of | City Attorney (Mark Ankcorn) |
| Colton, City of | Best Best & Krieger (James Gilpin) |
| Corona, City of | Best Best & Krieger (James Gilpin) |
| Elsinore Valley MWD | Best Best & Krieger (James Gilpin) |
| Helix Water District | Best Best & Krieger (James Gilpin) |
| Padre Dam MWD | Best Best & Krieger (James Gilpin) |
| Rancho CA Water District | Best Best & Krieger (James Gilpin) |
| Sweetwater Authority | Best Best & Krieger (James Gilpin) |
| Western Municipal WD | Best Best & Krieger (James Gilpin) |
| Irvine Ranch Water District | Hanson Bridgett (Paul Beck, Claire Collins) |