David Bernick *(admitted pro hac vice)*
 david.bernick@kirkland.com
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20005
Tel: (202) 389-3201 / Fax: (202) 389-5200

Elizabeth A. Larsen *(admitted pro hac vice)*
 beth.larsen@kirkland.com
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
Tel: (312) 862-2713 / Fax: (312) 862-2200

Paul S. Chan – State Bar No. 183406
 pchan@birdmarella.com
Shoshana E. Bannett – Bar No. 241977
 sbannett@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Tel: (310) 201-2100 / Fax: (310) 201-2110

Attorneys for Defendant J-M Manufacturing
Company, Inc. dba JM Eagle

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, *et al.*,<br><br>  Plaintiffs,<br><br>  vs.<br><br>J-M MANUFACTURING COMPANY, INC. dba JM EAGLE, *et al.*,<br><br>  Defendants. | CASE NO. 5:06-cv-00055-GW-PJW<br><br>**DEFENDANT J-M MANUFACTURING COMPANY, INC.'S REQUEST FOR CONFERENCE CONCERNING THE MEDIATION PROCESS; [PROPOSED ORDER]**<br><br>Assigned to Hon. George H. Wu, Courtroom 9D |

4033274.1

Defendant J-M Manufacturing, Inc. ("J-M") files this Request, in order to assure the fairness, efficiency and efficacy of the Mediation now scheduled to take place this coming Monday, March 24, 2025, with Judge Margaret Morrow (Ret.) acting as mediator by the agreement of the parties.

The last several days have seen many conferences between the parties, both telephonic and by email. Much has been accomplished, most prominently the selection of Judge Morrow as the mediator and the March 24 mediation date. But, as importantly, the parties have discussed essential parameters for the mediation process. With respect to those, there is no clear, formal agreement, and Relator has declined to have them presented to the Court, both to make the parameters clear and to resolve any remaining issues. Given the tight schedule set by the Court, the complexity and historical length of the litigation, and the resulting complexity of any negotiations to resolve it, it is in the interest of both the parties and the Court to have complete clarity – in advance – on the parameters of the process which is commencing even as this request is being made.[1] While Relator suggests that all of this simply be left to the Mediator, not only is this unrealistic under the circumstances of this case, but it is not agreed to and delegation to the Mediator cannot exceed the scope of what is agreed.

The essential parameters are as follows.[2]

*First,* J-M needs to know which claims are proposed to be settled. This requires advance disclosure of the claimants and the projects which gives rise to the claims. Relator has stated informally that this information will be provided by tomorrow. Better late than never – J-M will have just two days to review it before its

---

[1] Judge Morrow has just this afternoon communicated a request for letter submissions.

[2] As it is for this Request as a whole (and consistent with carefully maintaining the settlement privilege), the following parameters relate only to process and disclose nothing about the Parties' negotiation positions, or even negotiation issues.

initial submission to the Mediator this coming Friday.

*Second*, written submissions to the Mediator should be shared with the other side. This is not an effort to compel disclosure of ultimate negotiation positions or strategies. Rather, it is essential to assure that the predicates for those positions are known up front and can be addressed by each side efficiently at the mediation. Again, there is simply far too much in the history and current status of the litigation that might be relied upon to wait for the back and forth of the mediation for those predicates to surface and be addressed. Further, conversations to date have focused on certain elements of a potential settlement. Sharing submissions will show whether those elements are still in place. Finally, the current record also includes matters that have little or nothing to do with the current status of the litigation, and reference to them may be prejudicial/distracting to the mediation process. Sharing submissions will discourage such references and put them out in the open so they can be addressed.

*Third*, the settlement privilege must be respected and preserved throughout. The content of and all communications in connection with this mediation can only be disclosed to counsel for the Relator/Intervenors involved in the mediation, to counsel to J-M, and to no one else. Counsel can, of course, report on these matters to their parties in the mediation on a strictly confidential basis. Similarly, the content of and all communications in connection with prior mediations with J-M in this litigation cannot be disclosed in the present mediation.

DATED: March 18, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: _____/s/ David Bernick_____
　　　　　David Bernick

BIRD, MARELLA, RHOW, LINCENBERG, DROOKS & NESSIM, LLP

By: _____/s/ Paul S. Chan_____
　　　　　Paul S. Chan

*Attorneys for Defendant J-M Manufacturing Company, Inc. dba JM Eagle*

# PROPOSED ORDER

On J-M's Request for Conference Concerning the Mediation Process, the Court has conducted the requested conference and orders as follows:

1. By 5 pm today, March 19, 2025, Relator shall disclose to J-M all claimants and projects to be included in any settlement to be proposed in the upcoming Mediation.

2. All written submissions to Judge Morrow (Ret.), the Mediator, should be shared with the other side. This does not include the specific terms of proposed settlements.

3. The content of and all communications in connection with this mediation can only be disclosed to counsel to Relator/Intervenors involved in the mediation, to counsel to J-M and to no one else. Counsel can report on these matters to their client parties in the mediation on a strictly confidential basis. Similarly, the content of and all communications in connection with prior mediations with J-M in this litigation cannot be disclosed in the present mediation.

**IT IS SO ORDERED.**

DATED:

_____
Honorable George H. Wu
United States District Judge